**IN THE UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**LOUISVILLE DIVISION**

| | |
|---|---|
| MARSHALL MCCLAIN,                       )<br>                      Plaintiff,      )<br>v.                                                          )  Civil Action No.: 3:25-cv-150-DJH<br>                                   )<br>FIRSTSOURCE SOLUTIONS USA, LLC   )<br>and MANATEE MEMORIAL HOSPITAL, )<br>LIMITED PARTNERSHIP                        )<br>                                   )<br>                    Defendants.                )  | |

**DEFENDANT MANATEE MEMORIAL HOSPITAL'S MOTION TO DISMISS
PLAINTIFF'S COMPLAINT AND PARTIAL JOINDER IN CO-DEFENDANT
<u>FIRSTSOURCE'S MEMORANDUM OF LAW IN SUPPORT</u>**

Defendant, Manatee Memorial Hospital, Limited Partnership ("Manatee"), by counsel, and pursuant to Rule 12(b)(6), Fed. R. Civ. P., hereby respectfully moves the Court to dismiss the Plaintiff Marshall McClain's ("Mr. McClain") Complaint (D.E. 1) with prejudice, for failure to state a claim upon which relief may be granted.

As grounds therefore, and to preserve both litigation and judicial resources, Manatee joins in and adopts certain portions of Defendant Firstsource Solutions USA, LLC's ("Firstsource") Motion to Dismiss and Memorandum of Law in Support (D.E. 14), as Manatee's own Memorandum in Support of its Motion to Dismiss Manatee for failure to state a claim.

Specifically, Manatee joins in the first portion of Firstsource's Motion and Memorandum alleging that Mr. McClain's Complaint fails to state a claim because the Complaint fails to allege who made the calls at issue. Instead, the Complaint imprecisely alleges "Defendant" or "Defendants" made the calls without delineating whether Firstsource or Manatee made the alleged calls. (*See* D.E. 14, PageID #: 44-45, 49-55, 59-62).

Manatee also joins in the second portion of Firstsource's Motion and Memorandum that states Mr. McClain's Complaint fails "to plead sufficient non-conclusory facts supporting an

inference that the subject calls involved use of an 'artificial or prerecorded voice' (as opposed to a live person speaking), which is a critical element for his lone claim." (*See* D.E. 14, PageID #: 46-47, 62-66).

WHEREFORE, for the reasons stated in the portions of Firstsource's Motion to Dismiss and Memorandum of Law that Manatee has adopted, Manatee respectfully requests that the Court dismiss Mr. McClain's Complaint with prejudice, and further requests that the Court grant such other and further relief as the Court deems just and proper.

> Respectfully submitted,
>
> */s/ Joseph N. Tucker*
> Joseph N. Tucker
> Natalie D. Whitt
> DINSMORE & SHOHL LLP
> 101 South Fifth Street, Suite 2500
> Louisville, Kentucky 40202
> (502) 540-2300 (Phone)
> (502) 585-2207 (Fax)
> joseph.tucker@dinsmore.com
> Natalie.whitt@dinsmore.com
> *Counsel for Manatee Memorial Hospital,*
> *Limited Partnership*

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing was served, via CM/ECF, on this 9th day of May, 2025, which will automatically send notification of such filing and service of said document to all parties through their counsel of record.

> */s/ Joseph N. Tucker*
> *Counsel for Manatee Memorial Hospital,*
> *Limited Partnership*