IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

| | |
|---|---|
| MARSHALL MCCLAIN, individually and on behalf of a class of all persons and entities similarly situated,<br><br>       Plaintiff<br><br>vs.<br><br>FIRSTSOURCE SOLUTIONS USA, LLC and MANATEE MEMORIAL HOSPITAL, LIMITED PARTNERSHIP<br><br>       Defendants. | Case No. 3:25-cv-00150 |

**FIRST AMENDED CLASS ACTION COMPLAINT**

**Preliminary Statement**

1. As the Supreme Court has explained, "Americans passionately disagree about many things. But they are largely united in their disdain for robocalls. The Federal Government receives a staggering number of complaints about robocalls—3.7 million complaints in 2019 alone. The States likewise field a constant barrage of complaints. For nearly 30 years, the people's representatives in Congress have been fighting back. As relevant here, the Telephone Consumer Protection Act of 1991, known as the TCPA, generally prohibits robocalls to cell phones and home phones." *Barr v. Am. Ass'n of Political Consultants*, 140 S. Ct. 2335, 2343 (2020).

2. Plaintiff Marshall McClain ("Plaintiff") brings this action under the TCPA alleging that Firstsource Solutions USA, LLC called the Plaintiff with calls using pre-recorded voices. Those calls were made without the call recipient's prior express written consent.

3. Because the calls were transmitted using technology capable of generating thousands of similar calls per day, Plaintiff brings this action on behalf of a proposed nationwide class of other persons who were sent the same illegal calls.

4. A class action is the best means of obtaining redress for the Defendants' illegal calling conduct and is consistent both with the private right of action afforded by the TCPA and the fairness and efficiency goals of Rule 23 of the Federal Rules of Civil Procedure.

## Parties

5. Plaintiff is an individual.

6. Defendant Firstsource Solutions USA, LLC is a company located in this District.

7. Defendant Manatee Memorial Hospital, Limited Partnership is a company that contracted with Firstsource Solutions USA, LLC in this District to make pre-recorded calls on ts behalf.

## Jurisdiction & Venue

8. The Court has subject-matter jurisdiction under 28 U.S.C. § 1331 because the Plaintiff's claims arise under federal law.

9. This Court has general personal jurisdiction over Defendant FirstSource because it is a company located in this District. This Court has specific personal jurisdiction over Defendant Manatee because it contracted with FirstSource to send the calls on its behalf and it is located in this District.

10. Venue is proper under 28 U.S.C. § 1391(b)(2) because a substantial portion of the events giving rise to this suit, namely, the illegal pre-recorded calls complained of, were sent by Defendant FirstSource, acting at the direction of Defendant Manatee, from this District.

**The Telephone Consumer Protection Act**

11.     In 1991, Congress enacted the TCPA to regulate the explosive growth of the telemarketing industry. In so doing, Congress recognized that "[u]nrestricted telemarketing . . . can be an intrusive invasion of privacy [.]" Telephone Consumer Protection Act of 1991, Pub. L. No. 102-243, § 2(5) (1991) (codified at 47 U.S.C. § 227).

12.     The TCPA makes it unlawful to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using an automatic telephone dialing system or an artificial or prerecorded voice to any telephone number assigned to a cellular telephone service or that is charged per the call. *See* 47 U.S.C. § 227(b)(1)(A)(iii).

13.     The TCPA provides a private cause of action to persons who receive calls in violation of 47 U.S.C. § 227(b)(1)(A) or 47 U.S.C. § 227(b)(1)(B). *See* 47 U.S.C. § 227(b)(3).

14.     According to findings by the Federal Communication Commission ("FCC"), the agency Congress vested with authority to issue regulations implementing the TCPA, such calls are prohibited because, as Congress found, automated or prerecorded telephone calls are a greater nuisance and invasion of privacy than live solicitation calls, and such calls can be costly and inconvenient.

15.     In 2013, the FCC required prior express written consent for all autodialed or prerecorded calls ("robocalls") to wireless numbers and residential lines. Specifically, it ordered that:

> [A] consumer's written consent to receive telemarketing robocalls must be signed and be sufficient to show that the consumer: (1) received "clear and conspicuous disclosure" of the consequences of providing the requested consent, i.e., that the consumer will receive future calls that deliver prerecorded messages by or on behalf of a specific seller; and (2) having received this information, agrees unambiguously to receive such calls at a telephone number the consumer designates.[] In addition, the written agreement must be

obtained "without requiring, directly or indirectly, that the agreement be executed as a condition of purchasing any good or service.[]"

*In the Matter of Rules & Regulations Implementing the Tel. Consumer Prot. Act of 1991*, 27 F.C.C. Rcd. 1830, 1844 (2012) (footnotes omitted).

## Factual Allegations

16. Defendant FirstSource sends pre-recorded message calls to cell phones on behalf of its hospital clients, like Manatee.

17. This includes Manatee Memorial Hospital, who hired FirstSource to make those pre-recorded calls.

18. Manatee Memorial Hospital provided the telephone numbers it wanted FirstSource to call, and FirstSource then called those numbers with prerecorded messages.

19. Plaintiff's telephone number, (443) XXX-XXX, is a non-commercial telephone number.

20. The Plaintiff acquired that telephone number on February 26, 2024.

21. The telephone number is assigned to a cellular telephone service.

22. Plaintiff has never been a customer or patient of either Defendant, nor provided his phone number to either Defendant, nor consented to contact from either Defendant.

23. Despite that, the Plaintiff received multiple pre-recorded calls from Defendant FirstSource, acting at the direction of Defendant Manatee on at least March 26 and April 4, 2024 from 443-842-7655.

24. The pre-recorded message stated:

> Hello, this is FirstSource calling on behalf of Manatee Memorial Hospital calling with an important message for Jose [different computer voice] Fez Hernandez. We're calling to determine if you qualify for financial assistance programs…

25. The other pre-recorded message stated, in an *identical voice*, containing the *exact same content and timing*, and *exactly identical* in content:

> Hello, this is FirstSource calling on behalf of Manatee Memorial Hospital calling with an important message for Jose [different computer voice] Fez Hernandez. We're calling to determine if you qualify for financial assistance programs. This is a complementary service provided free of charge to you by the hospital. Please go to screen.firstsource.com, or call at your earliest convenience at [different computer voice] 866-758-1358 to expedite the prequalification process and better serve you. Please reference number [different computer voice] 112686464 when inquiring about this free service.
>
> Once again. . . . [message repeats identically].

26. The Plaintiff possesses recordings of the calls which very clearly demonstrate that they were pre-recorded calls with the personalized portions played be a computer voice.

27. The two calls were clearly pre-recorded messages because (a) the calls were voiced by a professional voice actor, (b) the portion of the call that stated "Fez Hernandez," "866-758-1358," and "112686464" were all voiced by a different, primitive computer voice, (c) the same message was repeated three times on two different calls identically, with an identical script and timing, (d) the professional voice actor recording was identical on both calls, generic and not personalized, and the same within each call, (e) the robot had a generic, monotone voice that stated "Fez Hernandez," "866-758-1358," and "112686464," distinct from the prerecorded voice message script voiced by the same professional voice actor at the outset of the calls.

28. The "screen.firstsource.com" website provided on the second call makes clear that "All services provided by Firstsource Solutions, USA LLC free of charge to patient." The website bears Defendant FirstSource's copyright information, as well as terms and condicitons purportedly among, " Firstsource Solutions USA, LLC Firstsource, its affiliates, your healthcare provider, and their successors, assigns, directors, officers, managers, employees, agents, service providers and/or authorized representatives." These are all reflected in the screenshots below:

5



29.     To be clear, the Plaintiff pleads that, by Defendant FirstSource's *own admissions* on the call that "this is FirstSource," as well as directing recipients to its *very own website*, that the Defendant FirstSource placed the calls at issue. FirstSource is therefore directly liable as it is obvious, through its admissions, that *it placed the calls*.

30.     Indeed, the 443-842-7655 telephone number from which Plaintiff received the calls is a telephone number owned, operated, and used by FirstSource. When one calls this number back, they are greeted by a robot that says, "Hello, and thank you for calling the FirstSource Eligibility PreQualification Services Line. . . ."

31.     This telephone number (illegally) transmitted a geographic location as the Caller ID, instead of the caller's name. 47 C.F.R. § 64.1601(e)(1).

32.     No facts indicate that some third party, other than Defendant FirstSource, placed the calls at issue.

33.     Nor is FirstSource merely a passive platform provider, particularly insofar as it knowingly and willfully directed call recipients to itself, FirstSource, not Manatee.

34.     Indeed, FirstSource knew that it was sending out prerecorded calls because it hired a voice actor to record a prerecorded call saying "this is FirstSource," and then sent out such message from its telephone number that itself has another prerecorded message indicating that the caller has reached FirstSource.

35.     Moreover, FirstSource is a user of a telecommunications services, not a provider of communications services, as carrier records indicate that the carrier for the 443-842-7655 number is NUSO, LLC, not FirstSource.

36.     FirstSource is not registered as a common carrier with the FCC and is not a common carrier FCC Form 499 filer. It is therefore not a platform provider.

7

37. By contrast, FirstSource's telephone company provider, Nuso, is an FCC Form 499 filer.

38. Indeed, all the indicia of the call indicate that FirstSource took the steps necessary to physically place the call and thus physically placed the call.

39. Alternatively, FirstSource was so involved in placing the call so as to be deemed to have initiated it because it directed the recipients of its calls to its website and toll free phone number, where FirstSource employees would speak to people.

40. Defendant Manatee is vicariously liable for FirstSource's conduct because FirstSource admitted on the call that it was calling "on behalf of" Defendant Manatee, and further that the terms and conditions on its very own website purport to bind the call recipient, FirstSource, and "your healthcare provider," that is, Manatee.

41. As such, FirstSource possessed the ability to bind Manatee in contract, a key principle of agency.

42. The aforementioned calls to the Plaintiff were unwanted.

43. The calls were nonconsensual encounters.

44. Plaintiff's privacy has been violated by the above-described calls.

45. Plaintiff never provided his consent or requested the calls.

46. Plaintiff and the other call recipients were harmed by these calls. They were temporarily deprived of legitimate use of their phones because the phone line was tied up, they were charged for the calls and their privacy was improperly invaded.

47. Moreover, the call injured Plaintiff because they were frustrating, obnoxious, annoying, were a nuisance and disturbed the solitude of Plaintiff and the class.

## Class Action Statement

48. Plaintiff incorporates by reference all other paragraphs of this Complaint as if fully stated herein.

49. Plaintiff brings this action on behalf of himself and the following class (the "Class") pursuant to Federal Rule of Civil Procedure 23(b)(2) and/or (b)(3).

50. Plaintiff proposes the following Class definitions, subject to amendment as appropriate:

> **Robocall Class:** Plaintiff and persons throughout the United States (1) to whom FirstSource placed a call, (2) directed to a number assigned to a cellular telephone service, but not assigned to a FirstSource customer or accountholder, (3) in connection with which FirstSource used an artificial or prerecorded voice, (4) from four years prior to the filing of this case through the date of class certification.
>
>> **Manatee Robocall Sub-Class:** Plaintiff and all persons throughout the United States (1) to whom FirstSource placed a call using an artificial or prerecorded voice, (2) directed to a number assigned to a cellular telephone service, but not assigned to a Manatee patient or accountholder, (3) that were placed as part of Manatee's relationship with FirstSource, (4) from four years prior to the filing of this case through the date of class certification.

51. Plaintiff is a member of and will fairly and adequately represent and protect the interests of the Class as he has no interests that conflict with any of the Class members.

52. Excluded from the Class are counsel, Defendants, and any entities in which Defendants have a controlling interest, the Defendants' agents and employees, any judge to whom this action is assigned, and any member of such judge's staff and immediate family.

53. Plaintiff and all members of the Class have been harmed by the acts of Defendants, including, but not limited to, the invasion of their privacy, annoyance, waste of time, the use of their telephone power and network bandwidth, and the intrusion on their telephone that occupied it from receiving legitimate communications.

54. This Class Action Complaint seeks injunctive relief and money damages.

55. The Class as defined above, is identifiable through Defendant FistSource's dialer records, Manatee's customer records, other phone records, and phone number databases.

56. Plaintiff does not know the exact number of members in the Class, but Plaintiff reasonably believes Class members number, at minimum, in the hundreds.

57. The joinder of all Class members is impracticable due to the size and relatively modest value of each individual claim.

58. Additionally, the disposition of the claims in a class action will provide substantial benefit to the parties and the Court in avoiding a multiplicity of identical suits.

59. There are well defined, nearly identical, questions of law and fact affecting all parties. The questions of law and fact, referred to above, involving the class claims predominate over questions that may affect individual Class members.

60. There are numerous questions of law and fact common to Plaintiff and to the proposed Class, including, but not limited to, the following:

   a. Whether Defendant FirstSource made calls using artificial or prerecorded voices to Plaintiff and members of the Robocall Class;

   b. Whether Defendant Manatee is directly or vicariously liable for such conduct;

   c. Whether Defendants' conduct constitutes a violation of the TCPA; and

   d. Whether members of the Class are entitled to treble damages based on the willfulness of Defendants' conduct.

61. Further, Plaintiff will fairly and adequately represent and protect the interests of the Class. Plaintiff has no interests which are antagonistic to any member of the Class.

62.     Plaintiff has retained counsel with substantial experience in prosecuting complex litigation and class actions, and especially TCPA class actions. Plaintiff and his counsel are committed to vigorously prosecuting this action on behalf of the other members of the Class, and have the financial resources to do so.

63.     Common questions of law and fact predominate over questions affecting only individual Class members, and a class action is the superior method for fair and efficient adjudication of the controversy. The only individual question concerns identification of Class members, which will be ascertainable from records maintained by Defendants and/or third parties, such as telephone companies.

64.     The likelihood that individual members of the Class will prosecute separate actions is remote due to the time and expense necessary to prosecute an individual case.

65.     Plaintiff is not aware of any litigation concerning this controversy already commenced by others who meet the criteria for class membership described above.

## FIRST CAUSE OF ACTION

**Statutory Violations of the Telephone Consumer Protection Act**
**(47 U.S.C. § 227(b)) on behalf of the Robocall Class**

66.     Plaintiff incorporates by reference the foregoing allegations as if fully set forth herein.

67.     Defendant FirstSource violated the TCPA by sending or causing to be sent calls to the cellular telephones and other protected telephones of Plaintiff and members of the Robocall Class using a pre-recorded messages without their prior express written consent.

68.     Defendant Manatee is directly and/or vicariously liable for the calls Defendant FirstSource placed.

69. As a result of Defendants' violations of 47 U.S.C. § 227 *et seq.*, Plaintiff and Robocall Class members are entitled to an award of $500 in statutory damages for each and every violation of the statute, pursuant to 47 U.S.C. § 227(b)(3)(B).

70. The Plaintiff and Robocall Class members are entitled to an award of treble damages if the Defendants' actions are found to have been knowing or willful.

71. Plaintiff and Robocall Class members are also entitled to and do seek injunctive relief prohibiting Defendant from using a pre-recorded voice in the future, except for emergency purposes.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, individually and on behalf of the Class, prays for the following relief:

A. Injunctive relief prohibiting Defendants from calling telephone numbers advertising their goods or services, except for emergency purposes, to any residential number on the National Do Not Call Registry in the future;

B. Injunctive relief prohibiting Defendants from using artificial or pre-recorded voices to contact cell phones and other protected lines, except for emergency purposes, in the future;

C. That the Court enter a judgment awarding Plaintiff and all Class members statutory damages of $500 for each violation of the TCPA and $1,500 for each knowing or willful violation; and

D. An order certifying this action to be a proper class action pursuant to Federal Rule of Civil Procedure 23, establishing Class the Court deems appropriate, finding that Plaintiff is a

proper representative of the Class, and appointing the lawyers and law firms representing Plaintiff as counsel for the Class;

  E.  Such other relief as the Court deems just and proper.

## **JURY DEMAND**

Plaintiff requests a jury trial as to all claims of the complaint so triable.

          Plaintiff,
          By Counsel

Dated: May 23, 2025

          */s/ Andrew Roman Perrong*
          Andrew Roman Perrong, Esq.
          (Subject to *Pro Hac Vice*)
          Perrong Law LLC
          2657 Mount Carmel Avenue
          Glenside, Pennsylvania 19038
          Phone: 215-225-5529 (CALL-LAW)
          Facsimile: 888-329-0305
          a@perronglaw.com

          *Attorney for Plaintiff and Proposed Class*