UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

MARSHALL MCCLAIN,                                                              Plaintiff,

v.                                                          Civil Action No. 3:25-cv-150-DJH

FIRSTSOURCE SOLUTIONS USA, LLC
and MANATEE MEMORIAL HOSPITAL,
LIMITED PARTNERSHIP,                                                        Defendants.

* * * * *

**MEMORANDUM AND ORDER**

Plaintiff Marshall McClain filed this purported class action against Defendants Firstsource

Solutions USA, LLC and Manatee Memorial Hospital, Limited Partnership (MMH), alleging that

Firstsource placed an automated call to him without his consent at the direction of MMH, in

violation of the Telephone Consumer Protection Act of 1991 (TCPA).  (Docket No. 1)  Both

defendants moved to dismiss for failure to state a claim (D.N. 14, D.N. 20), and McClain filed an

amended complaint as a matter of course, again asserting violations of the TCPA and seeking

statutory damages and injunctive relief (D.N. 22).  *See* Fed. R. Civ. P. 15(a)(1)(B).  Both

Defendants now move to dismiss the amended complaint for failure to state a claim and lack of

standing to seek injunctive relief.[1]  (D.N. 29; D.N. 31)  McClain opposes their motions (D.N. 34)

and asserts that "[s]hould this Court find any of [his] allegations lacking, it should provide leave

to amend."  (*Id.*, PageID.173 (citation omitted))  After careful consideration, the Court will grant

the motions in part, dismissing McClain's vicarious-liability claim against Firstsource and direct-

---

[1] MMH adopts the arguments made in Firstsource's motion to dismiss and reply.  (*See* D.N. 31; D.N. 40)  Thus, the Court cites Firstsource's briefing for the arguments of both defendants.

1

liability claim against MMH, the claims for treble damages, and the claims for injunctive relief for the reasons explained below.

**I.**

"[A]n 'amended complaint supersedes the original complaint, thus making the motion[s] to dismiss the original complaint moot.'" *Klein v. Caterpillar Inc.*, 581 F. Supp. 3d 912, 919 (E.D. Mich. 2022) (quoting *Ky. Press Ass'n v. Kentucky*, 355 F. Supp. 2d 853, 857 (E.D. Ky. 2005) (internal citation omitted)). Accordingly, the Court will deny as moot the defendants' motions to dismiss the initial complaint. *See id.* The following facts are set out in the amended complaint and accepted as true for purposes of the present motion. *See Keys v. Humana, Inc.*, 684 F.3d 605, 608 (6th Cir. 2012).

MMH hired Firstsource to make pre-recorded calls to a provided set of telephone numbers. (D.N. 22, PageID.91 ¶¶ 17–18) McClain "has never been a customer or patient of either Defendant, nor provided his phone number to either Defendant, nor consented to contact from either Defendant." (*Id.* ¶ 22) Nevertheless, McClain received pre-recorded phone calls claiming to be from Firstsource on March 26 and April 4, 2024. (*Id.* ¶ 23) The messages were identical in content and tone and stated:

> Hello, this is FirstSource calling on behalf of Manatee Memorial Hospital calling with an important message for Jose . . . Fez Hernandez. We're calling to determine if you qualify for financial assistance programs. This is a compl[i]mentary service provided free of charge to you by the hospital. Please go to screen.firstsource.com, or call at your earliest convenience at . . . 866-758-1358 to expedite the prequalification process and better serve you. Please reference number . . . 112686464 when inquiring about this free service.

(*Id.*, PageID.91–92 ¶¶ 24–25) Parts of the call were voiced by a voice actor, including the portion identifying Firstsource and MMH, but "the portion[s] of the call that stated 'Fez Hernandez,' '866-758-1358,' and '112686464' were all voiced by a different, primitive computer voice." (*Id.*,

2

PageID.92, 94 ¶¶ 27, 34)   The website provided in the calls "bears Defendant FirstSource's copyright information, as well as terms and conditions." (*Id.*, PageID.92–93 ¶ 28)   The terms and conditions on the website purport to bind both Firstsource and the visitor's "healthcare provider." (*Id.*, PageID.93, 95 ¶¶ 28, 40)   Callers to the number the recordings originated from "are greeted by a robot that says, 'Hello, and thank you for calling the FirstSource Eligibility PreQualification Services Line.'" (*Id.*, PageID.94 ¶ 30)

McClain alleges that Firstsource's actions violated 47 U.S.C. § 227(b) and that MMH is also "directly and/or vicariously liable" under that provision for Firstsource's calls. (D.N. 22, PageID.98 ¶¶ 66–68)   Firstsource moves to dismiss under Federal Rule of Civil Procedure 12(b)(6), arguing that McClain "has not plausibly alleged a direct or vicarious liability theory as to either Defendant"; that McClain has not "plead[ed] any facts suggesting that any violation here was 'willful' or 'knowing'" to support an award of treble damages; and that the portion of the complaint seeking injunctive relief should be dismissed for lack of Article III standing. (D.N. 29, PageID.119 (emphasis omitted))   McClain disagrees on each point (D.N. 34, PageID.156–72) and contends that "[s]hould [the] Court find any of [his] allegations lacking, it should provide leave to amend." (*Id.*, PageID.173 (citation omitted))

## II.

Defendants may seek dismissal under Rule 12(b)(6) for "failure to state a claim upon which relief can be granted."   When ruling on a 12(b)(6) motion, the Court must "accept[] the complaint's facts as true and draw[] all reasonable inferences in the plaintiff['s] favor," *Siefert v. Hamilton Cnty.*, 951 F.3d 753, 763 (6th Cir. 2020), but the Court should not accept legal conclusions as true. *See Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) ("[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." (citing *Bell Atl.*

*Corp. v. Twombly*, 550 U.S. 544, 555 (2007))). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* at 678 (quoting *Twombly*, 550 U.S. at 570). Those allegations must allow the Court "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). The complaint need not contain "detailed factual allegations," *Twombly*, 550 U.S. at 555 (citations omitted), but it must have "more than an un-adorned, the defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555). Mere "'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id*. (quoting *Twombly*, 550 U.S. at 555).

## II.

### A.    TCPA Claims

#### 1.    Claims Against Firstsource

Defendants argue that McClain's allegations are contradictory as to whether Firstsource placed the call and should therefore be disregarded. (D.N. 29, PageID.128 (citing D.N. 22, PageID.95 ¶¶ 38–39)) They contend that even if accepted as true, McClain's allegations are "conclusory" and that "the content of the alleged messages" is not sufficient to show entitlement to relief. (*Id.*, PageID.127) They also argue that McClain has not adequately pleaded vicarious liability against Firstsource. (*Id.*, PageID.135)

McClain contends that his pleading consistently asserts that "FirstSource physically placed the call and that MMH instructed it to do so on MMH's behalf." (D.N. 34, PageID.165) He argues that his claim of direct liability is adequately supported by the caller identifying himself as from Firstsource and directing McClain to Firstsource's website and the fact that the call originated from

4

a number belonging to Firstsource.  (*Id.*, PageID.157)  McClain disclaims any reliance on a theory of vicarious liability against Firstsource.  (*See id.*, PageID.156–67)

### a.    Inconsistency

A court is not required to accept contradictory factual allegations in pleadings. *Blankenship v. Louisville-Jefferson Cnty. Metro Gov't*, 3:23-cv-235-RGJ, 2024 WL 1221180, at *6 n.3 (W.D. Ky. Mar. 21, 2024) (citations omitted); *Aaron v. Medtronic, Inc.*, 209 F. Supp. 3d 994, 1016 (S.D. Ohio 2016) ("These contradictory factual allegations made in support of the same fraud-based claims defeat those claims.").  But "[a] plaintiff at the pleading stage may plead alternative legal theories even if they are inconsistent." *Action Cap. Corp. v. Electro-Motive Diesel, Inc.*, No. 3:10-CV-00434, 2011 WL 30766, at *5 (W.D. Ky. Jan. 5, 2011) (citing Fed. R. Civ. P. 8(d)(3)).  Any inconsistency in theories of liability is therefore not a reason to dismiss an otherwise valid claim.  *See id.*

Defendants challenge as inconsistent McClain's allegations that "all the indicia of the call indicate that Firstsource took the steps necessary to physically place the call and thus physically placed that call . . . [and] [a]lternatively FirstSource was so involved in placing the call so as to be deemed to have initiated it."  (D.N. 22, PageID.95 ¶¶ 38–39)  The FCC has noted that "one can imagine a circumstance in which a seller is so involved in the placing of a specific telephone call as to be directly liable for initiating it." *In re Dish Network*, 28 F.C.C.R. 6574, 6583 (2013).  When viewed in light of the FCC's statement, McClain's allegation is best understood as pleading alternative legal theories—that the facts McClain asserts allow the Court to plausibly infer either that Firstsource physically placed the call or that Firstsource was so involved as to be liable in the

5

manner envisioned in *In re Dish Network*.[2]  *See id.*  This is a permissible manner of pleading and not a reason to dismiss McClain's claim.  *See Action Cap. Corp.*, 2011 WL 30766, at *5 (citing Fed. R. Civ. P. 8(d)(3)).

> **b.        Sufficiency of Allegations**

The TCPA prohibits "initiat[ing] any telephone call to any residential telephone line using an artificial or prerecorded voice to deliver a message without the prior express consent of the called party."  47 U.S.C. § 227(b)(1)(B).  McClain alleges that he did not consent to be called (D.N. 22, PageID.91 ¶ 22), that the caller identified Firstsource as the source of the call (*id.*, PageID.91–92 ¶¶ 24–25), and that the caller directed McClain to Firstsource's website (*id.*).  These allegations are sufficient to state a claim under the TCPA.  *See Barry v. Firstsource Sols. USA, LLC*, No. 3:24-CV-00648-GNS, 2025 WL 1762289, at *1, *3 (W.D. Ky. June 25, 2025).  Moreover, McClain adds that the number he received calls from is "owned, operated, and used by Firstsource" and that callers to that number "are greeted by a robot that says, 'Hello, and thank you for calling the FirstSource Eligibility PreQualification Services Line.'"  (D.N. 22, PageID.94 ¶ 30)  Thus, he has adequately alleged violations of the TCPA.[3]  *See Barry*, 2025 WL 1762289, at *3.

---

[2] Defendants also point to McClain's allegation that "Defendant Firstsource violated the TCPA by sending or causing to be sent calls to the cellular telephones and other protected telephones of Plaintiff." (D.N. 22, PageID.98 ¶ 67)  This allegation likewise sets out alternative ways of defining direct liability, *see In re Dish Network*, 28 F.C.C.R. at 6583, and thus does not defeat McClain's claim.  *See Action Cap. Corp.*, 2011 WL 30766, at *5.

[3] Defendants contend that *Barry* is distinguishable because unlike *Barry,* this case involves multiple defendants, and the complaint in this case contains inconsistencies not present in *Barry*. (D.N. 39, PageID.193)  Defendants provide no explanation for why the presence of multiple defendants is relevant outside of their argument regarding inconsistency (*see id.* & n.3), and the Court rejects the inconsistency argument for the reasons explained below.  Therefore, the Court does not find these attempts to distinguish *Barry* persuasive.

6

The Court will not individually address every decision cited by the defendants to argue this point, but will note, as it did in *Barry*, that many of those cases "involve different sets of facts." *Id.* For example, in many of the cases cited by the defendants the plaintiffs failed to adequately allege that the defendant placed the call. *See, e.g.*, *Matthews v. Senior Life Ins. Co.*, No. 1:24-cv-1550-MSN-LRV, 2025 WL 1181789, at *3 (E.D. Va. Apr. 22, 2025) ("Although Plaintiff identifies the phone number the calls were placed from, he does not link that phone number to [defendant]."); *Woodard v. Health Ins. All.*, No. 23 C 2630, 2024 WL 942629, at *3 (N.D. Ill. Mar. 5, 2024) ("Woodard never claims that she interacted with [or] received a call from HIA at all. In other words, Woodard articulates no circumstances to establish her belief that HIA was the party responsible for the calls that she received aside from the fact that their services were promoted."); *Aaronson v. CHW Grp., Inc.*, No. 1:18-cv-1533, 2019 WL 8953349, at *2 (E.D. Va. Apr. 15, 2019) ("The Complaint is devoid of facts such as how the caller identified itself, the substance of the calls, or any other details from the telephone calls that would tend to identify defendant as the party that actually, physically took the steps to place the calls to plaintiff's phone."). Another case cited by Defendants found that the complaint failed to give notice of the claims against the thirteen defendants in the case, and thus did not consider the sufficiency of the complaint's factual allegations. *See Dobronski v. Anothony J. Russo, Jr., PA*, No. 2:23-cv-12288, 2024 WL 4363118, at *4–5 (E.D. Mich. Sep. 30, 2024). In this case, McClain pleaded, with sufficient clarity, that Firstsource placed the calls at issue. (D.N. 22, PageID.91 ¶ 23) He supported that assertion by alleging that the number and website given in the recording are Firstsource's and that the recording said "this is Firstsource." (*Id.*, PageID.91–92 ¶¶ 24–25) Therefore, the Court is unpersuaded by the cases Defendants cite.

## 2.    Claims against MMH

Defendants argue that McClain has not stated a plausible direct-liability claim against MMH because "there are no facts pled indicating that MMH itself physically placed any calls." (D.N. 29, PageID.129)  They also contend that the alleged content of the call is not sufficient to support McClain's claim that MMH hired Firstsource to place it (*id.*, PageID.130) and that McClain has not provided allegations plausibly suggesting that Firstsource was MMH's agent such that MMH could be vicariously liable for Firstsource's actions (*id.*, PageID.133–37).

McClain argues that the caller's statement that they were calling on behalf of MMH and the presence of terms and conditions on Firstsource's website purporting to bind "your healthcare provider" allows the Court to infer an agency relationship at this stage.  (D.N. 34, PageID.164; D.N. 22, PageID.95 ¶ 40)  McClain does not argue that MMH can be held directly liable (*see* D.N. 34) and thus abandons that theory.[4]  *See Induction Therapies, LLC v. Ingenes, LLC*, 3:20-cv-382-DJH, 2021 WL 1535374, at *2 (W.D. Ky. Mar. 9, 2021) ("A party waives opposition to an argument by failing to address it in [a] responsive brief." (alteration in original) (citation omitted)).

Under the TCPA, a defendant "may be [vicariously] liable for violations by its representatives under a broad range of agency principles, including not only formal agency, but also principles of apparent authority and ratification."  *Harrison v. Humana, Inc.*, No. 3:24-CV-00262-GNS, 2024 WL 4828737, at *2 (W.D. Ky. Nov. 19, 2024) (quoting *In re Dish Network*, 28 F.C.C.R. at 6584).  At the pleading stage, an allegation that a party held itself out as the defendant's

---

[4] McClain does at one point note that his factual allegations "plausibly support a theory of vicarious liability (if not direct liability) against MMH" and elsewhere suggests that he has pleaded "at the very least, vicarious liability as to MMH."  (D.N. 34, PageID.164–65)  Such off-hand references without argument are not sufficient to constitute a response. *See Jackson v. Cuyahoga Cnty.*, No. 1:20-cv-2649, 2024 WL 4349369, at *7 (N.D. Ohio Sep. 30, 2024) ("For the Court to address an argument, 'a litigant must provide minimal argumentation in favor of it.'" (quoting *Bennett v. Hurley Med. Ctr.*, 86 F.4th 314, 324 (6th Cir. 2023))).

agent is enough to plausibly suggest an agency relationship.[5] *See Barry*, 2025 WL 1762289, at *3

(characterizing a prior decision allowing a vicarious-liability claim to proceed as "based on the

plaintiff's allegations that the defendant had made the unsolicited calls when the caller identified

himself as a representative of the defendant and called with the 'purpose of promoting property,

goods, or services'" (quoting *Jewell v. Magnolia Bank, Inc.*, No. 3:24-CV-78-RGJ, 2024 WL

203972, at *3 (W.D. Ky. Jan. 18, 2024))); *Katz v. CHW Grp., Inc.*, No. 5:22-cv-5198, 2023 WL

6445798, at *4 (W.D. Ark. Sep. 29, 2023) (direct and vicarious liability sufficiently pleaded where

callers allegedly identified themselves as calling on behalf of the defendant); *Hartley-Culp v.*

*Green Tree Servicing*, 52 F. Supp. 3d 700, 703–04 (M.D. Pa. 2014) (finding vicarious liability

sufficiently pleaded where caller stated that calls were "on behalf of Fannie Mae").

**B.      Treble Damages**

Defendants argue that McClain "pleads zero facts" to support "his naked conclusion[]" that

they acted willfully or knowingly such that treble damages would be appropriate (D.N. 29,

PageID.137) and that "more than an alleged intentional act is needed" to show that they acted

willfully or knowingly.  (D.N. 39, PageID.201 (citations omitted))  McClain contends that the

"willful" or "knowing" standard "require[s] only that a party's" placement of the call "[was]

intentional" (D.N. 34, PageID.168) and that "[i]t defies logic and common sense to argue that

sophisticated entities like FirstSource would 'unknowingly' hire a professional voice actor to

create scripted calls . . . or that MMH did not approve such script before it was used."  (*Id.*,

PageID.170)

---

[5] Because the Court concludes that McClain has plausibly alleged an agency relationship, it need not determine at this stage whether he has plausibly supported an apparent-authority or ratification theory of vicarious liability. *See Jewell v. Magnolia Bank, Inc.*, No. 3:24-CV-00648-GNS, 2024 WL 203972, at *4 (W.D. Ky. Jan. 18, 2024) (applying this approach).

A defendant acts knowingly or willfully for purposes of § 227(b)(1) when it intends to call the plaintiff's number and is aware that the plaintiff did not consent to the phone calls. *See Duchene v. Onstar,* LLC, No. 15-13337, 2016 WL 3997031, at \*7 (E.D. Mich. July 26, 2016) ("[A] willful or knowing violation of TCPA requires that Plaintiff . . . plead that Defendant was made aware of/notified that Plaintiff did not consent to calls from Defendant."); *cf. Harris v. World Fin. Network Nat'l Bank*, 867 F. Supp. 2d 888, 895 (E.D. Mich. 2012) ("If the Court were to adopt Plaintiff's definition of willful then every violation of § 227(b)(1)(A) could be considered willful because every call would have been voluntarily made.").

Here, the alleged message did not identify McClain as the recipient, instead claiming to be for "Jose . . . Fez Hernandez." (D.N. 22, PageID.91–92 ¶¶ 24–25)  The Court thus cannot infer that McClain was the intended recipient.  And McClain does not allege that the Defendants knew that he did not consent to receive calls or facts supporting such an inference. His allegations are therefore not sufficient to plead a claim for treble damages, and the Court will dismiss that claim. *See Duchene*, 2016 WL 3997031, at \*7.

McClain cites three California district-court cases for the proposition that his allegations are sufficient.  (*See* D.N. 34, PageID.170 (citing cases))  Two of those cases appear to accept as true the legal conclusion that the defendants acted knowingly or willfully, *see Keifer v. HOSOPO Corp.*, No. 18-cv-1353-CAB-(KSC), 2018 WL 5295011, at \*5 (S.D. Cal. Oct. 25, 2018) ("The [amended complaint] alleges[] that 'the foregoing acts and omissions of Defendant constitute numerous and multiple knowing and/or willful violations of the TCPA . . . ,' and the Court takes this allegation as true for purposes of the present motion." (citation omitted)); *Pacleb v. Cops Monitoring*, No. 2:14-CV-01366-CAS (JCx), 2014 WL 3101426, at \*4 (C.D. Cal. July 7, 2014) ("[T]he [amended complaint] alleges that defendant's conduct constituted 'multiple knowing

10

and/or willful violations of the TCPA,' and the Court takes this allegation as true for the purposes of the present motion." (citation omitted)), which the Court may not do when analyzing a motion to dismiss. *See Iqbal*, 556 U.S. at 679 (citing *Twombly*, 550 U.S. at 555). The third case is factually distinguishable because the plaintiff there received text messages from a store soon after visiting it, *Meyer v. Bebe Stores, Inc.*, No. 14-cv-00267-YGR, 2015 WL 431148, at *1 (N.D. Cal. Feb. 2, 2015), and the court relied on the fact that the defendants failed to cite a single TCPA case decided at the motion-to-dismiss stage in support of support their argument. *Id.* at *4. Therefore, the Court is not persuaded by any of these authorities.

**C.      Standing to Seek Injunctive Relief**

Defendants argue that McClain did not sufficiently plead standing for injunctive relief because "there is nothing suggesting [that] he is at risk of future injury, much less an imminent one." (D.N. 29, PageID.138) McClain argues that "as a telephone user, [he] is at risk of future telemarketing calls from Defendants" and that the Court may take judicial notice of the fact that Firstsource has been named in numerous other suits involving similar conduct to further support the likelihood of future injury. (D.N. 34, PageID.171 & n.2) McClain also contends that he "is not required to allege future harm" because the TCPA creates "statutory injunctive relief." (*Id.*, PageID.172)

A plaintiff must have standing to pursue injunctive relief. *Campbell v. Univ. of Louisville*, 862 F. Supp. 2d 578, 584 (W.D. Ky. 2012) (citing *City of Los Angeles v. Lyons*, 461 U.S. 95, 101–02 (1983)). In particular, "to have standing to seek an injunction against purportedly illegal future conduct . . . , a plaintiff must show a 'real and immediate threat' of injury; past exposure to illegal conduct, by itself, is insufficient." *Id.* (citing *Lyons*, 461 U.S. at 102–03). A statute cannot confer standing to sue when this test is not met. *See Loren v. Blue Cross & Blue Shield of Mich.*, 505

11

F.3d 598, 606–07 (6th Cir. 2007) ("[A] plaintiff must possess both constitutional and statutory standing in order for a federal court to have jurisdiction.  Thus, even where statutory standing . . . is satisfied, the elements of Article III must be met." (citations omitted)); *see also Johnston v. Geise*, 88 F. Supp. 3d 833, 847 (M.D. Tenn. 2015) ("To the extent that any statutes appear to confer standing, the Court still cannot ignore the constitutional minimum requirements of standing."). McClain "need[] only . . . plausibly allege standing's elements at the pleading stage." *Davis v. Colerain Twp.*, 51 F.4th 164, 171 (6th Cir. 2022).

McClain's allegation of two calls, just over a week apart and over a year before he filed his amended complaint (*see* D.N. 22, PageID.91 ¶ 23), combined with the existence of similar lawsuits by other plaintiffs is not sufficient to suggest that he suffers a risk of receiving future calls. *See Clark v. Freedom Forever, LLC*, No. 5:24-cv-01903-SSS-DTBx, 2025 WL 2373268, at *2 (C.D. Cal. Jan. 27, 2025) (dismissing a claim for injunctive relief because "[w]hile [the plaintiff] received a few robocalls from Defendant several months before the initiation of th[e] action, there [wa]s no indication that he ha[d], or w[ould], receive further calls from Defendant" and noting that "[t]he risk of future harm to [plaintiffs in other lawsuits] ha[d] no bearing on" whether the plaintiff possessed standing to seek an injunction in his particular case (citation omitted)).  Because McClain has not plausibly alleged a "real and immediate threat" of future injury, and he lacks standing to seek injunctive relief.[6]  *See Campbell*, 862 F. Supp. 2d at 584 (quoting *Lyons*, 461 U.S. at 102–03).

---

[6] Numerous district courts have reached the same conclusion when presented with similar allegations. *See, e.g.*, *Barton v. Bright Solar Mktg. LLC*, No. 3:25-cv-05310-DGE, 2025 WL 2880136, at *5 (W.D. Wash. Oct. 9, 2025) ("Given the time that has elapsed since the last call, the possibility that Plaintiff may receive additional phone calls in the future is too speculative to establish a real or immediate threat of injury."); *Brooks v. PSCU, LLC*, No. 8:24-cv-2983-KKM-AAS, 2025 WL 1654697, at * 7 (M.D. Fla. June 11, 2025) ("Brooks does not point to any allegations in the complaint that tend to show that future unsolicited calls from the defendants are

## III.

McClain asserts that "[s]hould this Court find any of [his] allegations lacking, it should provide leave to amend," claiming that "[t]o the extent that [the complaint] is . . . unclear, the Court need only send the order granting leave to amend and the Plaintiff will do so to rectify any deficiency." (D.N. 34, PageID.173 (citation omitted))  The Court may properly dismiss claims with prejudice when a plaintiff "include[s] only a cursory request at the end of their opposition to Defendants' motion to dismiss . . . [and] fail[s] to explain how a second amended complaint would resolve the problems in the first amended complaint," as McClain did here.  *Crosby v. Twitter, Inc.*, 921 F.3d 617, 628 (6th Cir. 2019).  Although he asserts that an amendment could clarify the complaint, he did not explain how (*id.*), nor did he attach a proposed amended complaint.  *See Crosby*, 921 F.3d at 628.  Accordingly, the Court will not dismiss without prejudice or grant leave to amend.  *See id.*

## IV.

For the reasons set forth above, and the Court being otherwise sufficiently advised, it is hereby

**ORDERED** as follows:

---

'certainly impending.'  Nor have I identified any."); *Clark*, 2025 WL 2373268, at *2; *Martin v. Bottom Line Concepts, LLC*, 723 F. Supp. 3d 270, 281 (S.D.N.Y. 2024) ("The [amended complaint] does not plead facts supporting the proposition that Martin will ever receive a second (or third or fourth) robocall from BLC.  It thus does not adequately plead that the threatened injury is certainly impending, or [that] there is a substantial risk that the harm will occur." (internal quotations omitted) (citation omitted)).  The sole case cited by McClain to the contrary involved a higher volume of calls than alleged here, and to the extent it is inconsistent with the previously cited decisions, the Court finds it unpersuasive.  *See Abramson v. AP Gas & Electric (PA), LLC*, No. 22-1299, 2023 WL 1782728, at *4–5 (W.D. Pa. Feb. 6, 2023) (finding standing based on allegations of "ongoing telemarketing by AP Gas using automated calls to send prerecorded messages" and "[Plaintiff's] receipt of at least eleven prerecorded calls from AP Gas between August 9 and 18, 2002, without his consent").

(1)    Firstsource's motion to dismiss the original complaint (D.N. 14) is **DENIED** as moot.

(2)    Manatee Memorial Hospital's motion to dismiss the original complaint (D.N. 20) is **DENIED** as moot.

(3)    The defendants' motions to dismiss (D.N. 29; D.N. 31) are **GRANTED** in part. To the extent that McClain asserts a claim of vicarious liability against Firstsource (D.N. 22, PageID.98 ¶ 67), that claim is **DISMISSED**. McClain's direct-liability claim against Manatee Memorial Hospital (*id.* ¶ 68) is likewise **DISMISSED**. McClain's claim for treble damages (*id.*, PageID.99 ¶ 70) is **DISMISSED**. McClain's claim for injunctive relief (D.N. 22, PageID.99) is **DISMISSED** without prejudice.[7] The motions are **DENIED** as to all other claims.

(4)    Pursuant to 28 U.S.C. § 636(b)(1)(A), this matter is **REFERRED** to U.S. Magistrate Judge Regina S. Edwards for resolution of all litigation planning issues, entry of scheduling orders, consideration of amendments thereto, and resolution of all non-dispositive matters, including discovery issues. Judge Edwards is further authorized to conduct a settlement conference in this matter at any time.

March 18, 2026

**David J. Hale, Chief Judge**
**United States District Court**

---

[7] Dismissals for lack of standing are without prejudice. *See Irvin v. State Farm Mut. Auto. Ins. Co.*, No. 3:19-CV-690-CHB, 2020 WL 4004808, at *8 (W.D. Ky. July 15, 2020) ("[W]hen a court finds that a plaintiff lacks standing, the court dismisses the claim without prejudice." (citation omitted)).