**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION**

| | | |
|---|---|---|
| MARSHALL MCCLAIN, *on behalf of himself and others similarly situated,* | ) ) ) | Civil Action No.: |
| | ) | |
| Plaintiff, | ) ) | 3:25-cv-00150-DJH |
| | ) | |
| v. | ) ) | |
| FIRSTSOURCE SOLUTIONS USA, LLC and MANATEE MEMORIAL HOSPITAL, LIMITED PARTNERSHIP | ) ) ) | |
| Defendants. | ) ) | |

## JOINT RULE 26(F) REPORT AND PROPOSED DISCOVERY PLAN

Pursuant to Federal Rule of Civil Procedure 26(f) and the Court's Order for Meeting and Report (Dkt. 42), Plaintiff Marshall McClain ("Plaintiff") and Defendants Firstsource Solutions USA, LLC ("Firstsource") and Manatee Memorial Hospital Limited Partnership ("MMH") (collectively, "Defendants" and together with Plaintiff, the "Parties") respectfully submit the following joint report and proposed discovery plan. As set forth below, the Parties do not agree on a discovery schedule.

**(a) the names of the attorneys participating in the Rule 26(f) conference and the date of the conference**

Counsel for the parties conducted a Rule 26(f) conference on April 9, 2026. Counsel for Plaintiff Andrew Perrong and counsel for Defendants A. Paul Heeringa participated in the conference.

**(b) a brief description of the facts and issues in the case**

**Plaintiff's Position**:  This is a putative class action brought under the Telephone

Consumer Protection Act ("TCPA"), 47 U.S.C. § 227. Plaintiff alleges that Defendant Firstsource placed prerecorded calls to Plaintiff's cellular telephone without prior express consent and that those calls were made on behalf of Defendant MMH. Plaintiff alleges that he received multiple prerecorded calls in March and April 2024, that he did not consent to such calls, and that he was not a customer or patient of either Defendant. Plaintiff seeks statutory damages and class-wide relief.

The principal factual issues in this case include whether Firstsource initiated the calls at issue, whether the calls were made using an artificial or prerecorded voice, whether Plaintiff provided prior express consent, and the nature of the relationship between Firstsource and Manatee.

The principal legal issues include whether Firstsource qualifies as the initiator of the calls under the TCPA, whether Manatee may be held vicariously liable under applicable agency principles, and whether the requirements for class certification under Rule 23 are satisfied.

**Defendants' Position**:  Defendants dispute all of Plaintiff's allegations, contend that Plaintiff's claims are wholly without merit (both legally and factually), contend that Plaintiff's First Amended Complaint (Dkt. 22, "FAC") is facially-deficient, and deny that they individually or collectively violated the TCPA or any other laws.  Defendants further contend that the subject calls are not subject to the TCPA. Defendants also dispute that Plaintiff's position statement above is in any way an accurate recitation of the facts in this case generally or of applicable law, or that this case is capable of or appropriate for class treatment.  Further, Defendant contends that Plaintiff lacks Article III and/or prudential standing. Defendants are participating in this joint report without waiver of their respective rights to seek an interlocutory appeal with respect to the Court's order on Defendants' motions to dismiss Plaintiff's FAC.

2

**(c) the discovery plan stating the parties' views and proposals on each of the items set forth in Federal Rule of Civil Procedure 26(f)(3) and in paragraph (2) of this Order and a Proposed Discovery Plan;**

The Parties do not agree on a discovery plan, and state their positions as follows:

**Plaintiff's Position**:  Plaintiff anticipates that discovery will be needed on issues including, but not limited to, the identity and ownership of the telephone numbers at issue, the content and delivery of the calls received by Plaintiff, the technology used to place the calls, and whether such calls utilized an artificial or prerecorded voice. Discovery will also be required regarding Plaintiff's alleged lack of consent, Defendants' policies and procedures relating to TCPA compliance, and the relationship between Firstsource and MMH, including any contractual or agency relationship.

Plaintiff further anticipate discovery concerning class certification issues, including the existence and scope of any putative class, the identification of class members through Defendants' records, and the uniformity of Defendants' alleged conduct.

Plaintiff does not agree that discovery should be stayed do to the eventual filing of a motion for interlocutory appeal. Defendants' suggestion that discovery should be stayed based on their anticipated motion for leave to pursue an interlocutory appeal is contrary to well-established law in this Circuit. An order certifying an interlocutory appeal under 28 U.S.C. § 1292(b) does not automatically stay proceedings in the district court; rather, any stay is discretionary and must be expressly granted by the Court. The decision "rests within the sound discretion of the District Court." *Eberline v. Douglas J. Holdings, Inc.*, 2019 WL 989284, at *4 (E.D. Mich. Mar. 1, 2019) (quoting *FTC v. E.M.A. Nationwide, Inc.*, 767 F.3d 611, 626–27 (6th Cir. 2014)).

Courts in this Circuit emphasize that stays of discovery are disfavored absent a strong

showing of necessity. A party seeking a stay bears the burden of demonstrating a "pressing need for delay" and that neither the opposing party nor the public will be harmed. *Ohio Envtl. Council v. U.S. Dist. Court*, 565 F.2d 393, 396 (6th Cir. 1977). Routine assertions of efficiency or judicial economy are insufficient to meet that burden. See *Parker v. Tenneco Inc.*, 2024 U.S. Dist. LEXIS 221575, at *10–12 (E.D. Mich. Dec. 6, 2024) (rejecting stay where defendants relied on generalized efficiency arguments and failed to show a pressing need). Indeed, courts have repeatedly held that even potentially dispositive motions do not justify halting discovery absent exceptional circumstances.

Defendants have not identified any such exceptional circumstances here. Their anticipated motion does not involve immunity or another right that would be irreparably lost absent a stay, nor have they shown that Plaintiff's claims are patently meritless. Instead, Defendants rely on generalized claims of efficiency, which courts in this Circuit have consistently rejected as insufficient. At the same time, staying discovery would delay this action, risk loss of evidence, and impede Plaintiff's ability to prosecute his claims.

Plaintiff also does not agree that discovery should be stayed or conducted in phases. First, Defendant's proposal would ensure duplication. Plaintiff would be forced to conduct one round of "individual" discovery—requesting documents, deposing corporate representatives and vendors, and reviewing expert materials—only to repeat those same steps once the case proceeds to "class" discovery. Outbound call records, vendor contracts, dialer settings, and compliance scripts all bear on both Plaintiff's claim and the class claims. To split them into phases would require duplicative discovery. Indeed, "bifurcation of discovery in this case will increase litigation expenses by protracting the discovery period and by duplicating the discovery process, including the depositions." *Hartley-Culp v. Credit Mgmt. Co*, 2014 U.S. Dist. LEXIS 130308,

4

*10 (W.D. Pa. September 15, 2014).

There is significant overlap between discovery relevant to the merits of Plaintiff's individual claims and issues of class certification. Indeed, "[class certification] analysis will frequently entail overlap with the merits of the plaintiff's underlying claim . . . because the class determination generally involves considerations that are enmeshed in the factual and legal issues comprising the plaintiff's cause of action." *Comcast Corp. v. Behrend*, 569 U.S. 27, 33-34 (2013) (internal citations and quotations omitted); *Charvat v. Plymouth Rock Energy, LLC*, No. 15-CV-4106, 2016 U.S. Dist. LEXIS 6778, at *6 (E.D.N.Y. Jan. 12, 2016) (denying motion to bifurcate merits and class discovery in TCPA action…"In fact, bifurcation would have the opposite effect."); Notes of Advisory Committee on 2003 Amendments to Fed. R. Civ. Pro. 23(c)(1)(A) ("Active judicial supervision may be required" to avoid "an artificial and ultimately wasteful decision between 'certification discovery' and 'merits discovery.'"). As another Court ruled when denying a motion to bifurcate in a TCPA case:

> The Court has reviewed the parties' joint status report [10]. The Court does not see a need to bifurcate discovery in this case. There will be some overlap in discovery here. Discovery as to commonality and typicality under Rule 23 will also apply to the merits of the claim. Moreover, the Supreme Court in Walmart v Dukes has said the district court must conduct a rigorous analysis in determining class certification and that will often require some evaluation about facts that go to the merits of a plaintiff's underlying claims. Thus, bifurcating discovery often does not make sense as the lines between "class discovery" and "merits discovery" are significantly blurred.

*See Katz v. Allied First Bank, SB*, Civil Action No. 22-cv-5277, ECF No. 14 (January 3, 2023).

Defendant argues that Plaintiff can pursue "individual" discovery first, with class discovery to follow. However, the Defendants are not trying to bifurcate on a single issue, they want to litigate the entire case, but just for the Plaintiff's claim. The issues overlap. As another federal court held earlier this year while rejecting bifurcated discovery in a TCPA class action:

5

Because individual and class discovery overlaps, the difficulty of drawing the line between the two is likely to cause further discovery disputes and place greater demands on the Court's time. This result also implicates the third factor, judicial economy, and weighs against bifurcation.

*Nock v. PalmCo Admin., LLC*, No. 24-CV-00662-RDB, 2025 WL 100894, at *3 (D. Md. Jan. 15, 2025). Likewise, while rejecting a substantially similar bifurcation request from a TCPA class action another court wrote:

> As to class certification under Rule 23, the Supreme Court has instructed that "certification is proper only if the trial court is satisfied, after a rigorous analysis, that the prerequisites of Rule 23(a) have been satisfied." *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 350-351, 131 S. Ct. 2541, 180 L. Ed. 2d 374 (2011) (quoting *Gen. Tel. Co. of Sw. v. Falcon*, 457 U.S. 147, 161, 102 S. Ct. 2364, 72 L. Ed. 2d 740 (1982)).

> And "[f]requently that 'rigorous analysis' will entail some overlap with the merits of the plaintiff's underlying claim" because "the class determination generally involves considerations that are enmeshed in the factual and legal issues comprising the plaintiff's cause of action." *Id.* at 351 (cleaned up).

> Considering *Dukes* and the "rigorous analysis" requirement for class certification, district courts have been reluctant to bifurcate class-related discovery from discovery on the merits. *See Ahmed v. HSBC Bank USA, Nat'l Ass'n*, No. EDCV152057FMOSPX, 2018 U.S. Dist. LEXIS 2286, 2018 WL 501413 (C.D. Cal. Jan. 5, 2018) (declining to bifurcate discovery in TCPA case and stating that "the distinction between class certification and merits discovery is murky at best and impossible to determine at worst"); *Chen-Oster v. Goldman, Sachs & Co.*, 285 F.R.D. 294, 300 (S.D.N.Y. 2012) (collecting cases).

> In another TCPA case, *Cardenas v. Resort Sales by Spinnaker, Inc.*, No. 9:20-cv-00376-RMG, 2021 U.S. Dist. LEXIS 34923, 2021 WL 733393 (D.S.C. Feb. 24, 2021), the Court found that bifurcation would not serve the interests of judicial economy given the plaintiff's "persuasive argument that the evidence needed to determine whether [they] have a claim substantially overlaps with [their] ability to represent a class under [Rule] 23." *Cardenas*, 2021 U.S. Dist. LEXIS 34923, 2021 WL 733393, at *3.

> Similarly, here, the undersigned already found that Folsom "may not avoid appropriate classwide discovery that is — as Bond persuasively argues — necessary for a future class certification motion." Dkt. No. 28. And, so, the Court agrees with Bond that bifurcation would not promote efficiency because there is considerable overlap between discovery relevant to the merits of his individual

6

claims and issues of class certification. *Accord True Health Chiropractic, Inc. v. McKesson Corp.*, 2015 WL 273188, *2-3 (N.D. Cal. 2015) (declining to bifurcate a TCPA class action and noting that individual and class discovery claims typically overlap).

And, in light of the bulk of authority discussing the lack of a "bright line" distinction between merits and class discovery, bifurcation could lead to avoidable, future disputes over whether a particular discovery request relates to the merits or to class certification. *See Quinn v. Specialized Loan Servs., LLC*, 321 F.R.D. 324, 327-28 (N.D. Ill. 2017); *see also City of Pontiac General Employees' Retirement System v. Wal-Mart Stores, Inc.*, 2015 U.S. Dist. LEXIS 79392, 2015 WL 11120408, *1-2 (W.D. Ark. 2015) (bifurcation may force the court to resolve "endless discovery disputes"); *True* Health, 2015 U.S. Dist. LEXIS 7015, 2015 WL 273188, at *3 (finding that bifurcation "raise[s] a slew of issues as to what discovery relates to the class, as opposed to the named plaintiffs, thereby causing additional litigation regarding the distinction between the two.").

And, so, considering the binding law from *Dukes* and persuasive authority from other district courts, the Court declines to bifurcate discovery in this case.

*Bond v. Folsom Ins. Agency LLC*, No. 3:24-CV-2551-L-BN, 2025 WL 863469, at *2-3 (N.D. Tex. Mar. 19, 2025). Other courts have agreed. *See, e.g.*, *Grippo v. Sugared + Bronzed, LLC*, No. SA CV 24-01792-AB (DFMX), 2025 WL 596095, at *2 (C.D. Cal. Feb. 24, 2025) (relying on several TCPA cases in rejecting a bifurcation of discovery holding, "the distinction between merits discovery and class discovery is not always clear, and many courts are, for this reason, reluctant to bifurcate class and merits discovery."); *Blair v. Assurance IQ LLC*, No. 23-16, 2023 WL 6622415, at *6 (W.D. Wash. Oct. 11, 2023); *Ahmed v. HSBC Bank USA, Nat'l Ass'n*, No. 15-2057, 2018 WL 501413, at *3 (C.D. Cal. Jan. 5, 2018) ("[T]he distinction between class certification and merits discovery is murky at best and impossible to determine at worst.").

**Defendants' Position**: Defendants respectfully disagree with Plaintiff as to the scope and timing of discovery in this case, including on the issues of whether to stay or bifurcate discovery. Specifically as to the scope discovery, Defendants submit that, if discovery in this matter proceeds (and for the reasons below, Defendants submit that no schedule should be

entered at this time), evidence in this matter may include (but may not be limited to) relevant documents and witness testimony relating to, supporting, and with respect to jurisdictional issues, Defendants' alleged liability, the merits of Plaintiff's underlying TCPA claim and Defendant's affirmative defenses thereto, Plaintiff's constitutional or prudential standing to bring the asserted claims, causation, class certification, class membership, and damages. Third party discovery may also be required. Evidence may also include the devices assigned to the subject phone number(s) in the operative complaint and relevant evidence in the possession of third parties, if any.

Specifically as to the timing of discovery, Defendants believe that discovery should be stayed during the pendency of their anticipated forthcoming motion to certify the Court's order on Defendants' motions to dismiss the FAC (*see* Dkt. 41) for interlocutory appeal under 28 U.S.C. § 1292(b) for the sake of judicial and party economy. Further, Defendant contend in the alternative that, if discovery proceeds at all, a bifurcated discovery schedule—where discovery would be initially focused on issues unique to the merits of Plaintiff's individual claim before moving to broader discovery—would be more appropriate and efficient.

As Defendants believe that the Court and Parties may benefit from full briefing on these complex issues, Defendants intend to file a formal motion for a protective order (to stay or bifurcate discovery) forthwith, and further respectfully request the Court refrain from entering a discovery schedule at this time, until said motion is decided.

To the extent the Court would not prefer formal briefing on the stay/bifurcating issues, Defendants submit the following authorities for the Court's consideration:

- ***Staying Discovery***: *See, e.g., Delgado v. eMortgage Funding LLC*, 2022 WL 229884, at *4 (E.D. Mich. Jan. 25, 2022) (entering stay in TCPA class action in light of motion to

certify for interlocutory appeal, and noting the potential "waste of resources for the parties to engage in extensive, costly, and time-consuming class action discovery" if the plaintiff had not plausibly alleged a theory of TCPA liability); *Eberline v. Douglas J. Holdings, Inc.*, 2019 WL 989284, at *3-4 (E.D. Mich. Mar. 1, 2019) (non-TCPA case, holding: "It is appropriate to grant the stay because if the Court is reversed, the Court's and the parties' time and resources spent continuing the litigation will have been wasted."); *Cerjanec v. FCA US, LLC,* 2018 WL 7152556, at *3 (E.D. Mich. Sept. 4, 2018) (ruling similarly).

- ***Bifurcating Discovery***: Defendants believe that focusing discovery initially on the merits of Plaintiff's individual TCPA claim (including whether the subject healthcare-related calls are even subject to the TCPA, whether Plaintiff consented to receiving them or his consent was required, and/or whether Plaintiff would be an adequate class representative) for a short period, before moving to broader discovery if at all, will be beneficial to all concerned, will not prejudice Plaintiff or delay these proceedings at all, and best promotes the ideals of Federal Rule 1. Myriad courts have agreed. *See, e.g., Fania v. Kin Ins., Inc.*, 2024 WL 2607303, at *2 (E.D. Mich. May 24, 2024) (holding in similar prerecorded call case: "In cases asserting both individual liability and potential class action claims under the TCPA, courts have [often] bifurcated discovery 'where narrow, potentially dispositive, issues can be decided at the outset of a case prior to costly class discovery.'" (quoting *Pavelka v. Paul Moss Ins. Agency, LLC*, 2023 WL 3728199, at *2 (N.D. Ohio May 30, 2023)); *Kemen v. Cincinnati Bell Tel. Co. LLC*, 2024 WL 3633333, at *3 (S.D. Ohio Aug. 2, 2024) (bifurcating discovery in TCPA class action, noting that (i) the threshold issues as to the plaintiff's TCPA individual claim "require little discovery and

9

could be dispositive of [plaintiff's] individual claim" and that "bifurcating discovery has

the potential to promote the 'speedy' and 'efficient' resolution" of the entire case"; (ii)

"[o]n the other side of the scale, bifurcation will require [plaintiff] to produce only a

comparatively modest amount of discovery, much of which … is likely already in her

possession or easily obtainable and … she would need to produce in any event even absent

bifurcation" and (iii) "a 90-day discovery period will not substantially delay this case" and

would "not unduly prejudice" the plaintiff); *Ragsdale v. Harmony Leads, Inc.*, 2025 WL

1617233, at *2 (D. Colo. May 9, 2025) (bifurcating discovery in TCPA class action,

holding that "[d]oing so will save the resources of the parties and the court in the event that

Plaintiffs' individual claims are dismissed" and that "setting an aggressive schedule on the

individual claims will serve to promote Rule 23's goal that class certification be decided at

'an early practicable time' and minimize the prejudice caused by delaying class

discovery"); *Cameron v. CHW Group, Inc.,* 2025 WL 2336513, at *3 (D. Utah Aug. 13,

2025) (recognizing that TCPA class actions "present a unique opportunity that warrants

bifurcated discovery due to th[e] cost savings" that can be realized and the prejudice that

can be avoided by wasting time early on costly class discovery); *Sapan v. Fin. of Am.

Reverse LLC*, 2025 WL 1932935, *1-3 (C.D. Cal. July 14, 2025) (granting bifurcated

discovery in putative TCPA class action, holding that "establishing whether Plaintiff is a

typical and adequate class representative as early as possible could help this case move

more expeditiously" and the case at bar was not like those where courts "declined

bifurcation where the purported threshold questions overlap with class discovery."); *Moore

v. Demand Science Grp, LLC*, 2024 WL 175743, at *1 (N.D. Ill. Jan. 4, 2024) (same,

finding "it is more efficient to proceed with the limited and targeted discovery as proposed

10

by Defendant given that the overlap between the proposed initial discovery and merits discovery is minimal" and expressing "concern" about possible prejudice to the defendant and the inefficiency in conducting "wholly unnecessary discovery" (*i.e.,* class discovery), should targeted individual discovery show plaintiff had no viable claim, lacked standing, or would be an inappropriate class representative); *Harris v. Shore Funding Sols. Inc.*, 2023 WL 3440077, at *5 (E.D.N.Y. Apr. 21, 2023) (finding "good cause" in a TCPA class action case for "limited [bifurcated] discovery related to Plaintiff's individual claim" because "such discovery would not result in duplication of efforts or substantially overlap with class discovery" and would better serve the purposes of Fed. R. Civ. P. 1); *Osidi v. Assurance IQ, LLC*, 2022 WL 623733, at *2 (D. Mass. Mar. 3, 2022) (bifurcating discovery in TCPA case, noting that broad class discovery is not "necessary to address certain issues that may be dispositive of Plaintiff's individual claims or [his] ability to bring the asserted class claims" and "the need for class discovery may be eliminated if [d]efendant is able to demonstrate that the [n]amed [p]laintiff lacks viable individual claims"). *See also Chenault v. Beiersdorf, Inc.*, 2020 WL 5016795, at *3 (S.D. Ohio, Aug. 24, 2020) (bifurcating discovery in non-TCPA class action, holding that "[t]he fact that class and merits-based discovery will … inevitably be intertwined to some extent does not necessitate denying a motion to bifurcate").  These courts, and many others, correctly rejected all of the arguments against bifurcation that Plaintiff makes above.

The Parties' Joint Statement on ESI: The Parties acknowledge that discovery in this matter may involve electronically stored information ("ESI"), including call detail records, dialer logs, databases, and electronically maintained consent records. The Parties agree to take reasonable steps to preserve relevant ESI.

The Parties further agree that ESI will be produced in reasonably usable form. Unless otherwise agreed, documents will be produced in electronic format with associated metadata fields where reasonably available. Structured data, such as call records or dialer logs, may be produced in native or spreadsheet format. The Parties will confer in good faith regarding the specific formats for production and any search methodologies, including the use of search terms or custodians, if necessary.

The Parties anticipate entering in to a confidentiality agreement with respect to the handling of confidential documents, should discovery proceed..

**(d) the date the parties will complete (or have already completed) the initial disclosures required by Rule 26(a)(1)**

Notwithstanding the foregoing, the Parties have agreed to exchange initial disclosures pursuant to Rule 26(a)(1) on or before **April 23, 2026.**

**(e) a proposed discovery plan that includes:**

The Parties do not agree to a discovery plan, and state as follows:

**(i) a description of the subjects that require discovery;**

The Parties provided that description in section (c) above.

**(ii) dates for commencing and completing both fact and expert discovery;**

Fact discovery commenced on **April 9, 2026** following the 26(f) conference.

Plaintiff: Plaintiff proposes completing fact discovery by **December 9, 2026.**

Defendant: In accordance with the authorities above, and to the extent discovery proceeds, Defendants propose a bifurcated discovery schedule as follows:

- Discovery as to the merits of Plaintiff's individual TCPA claim and Plaintiff's specific class certification issues, to proceed for a period of at least ninety (90) days to no more than one hundred twenty (120) days after entry of the Court's scheduling order on this report (no full class discovery allowed during this period);

12

- Opening summary judgment motions as to the merits of Plaintiff's individual claims be due no later than thirty (30) days thereafter (though summary judgment motions may be filed at any point prior to this deadline);

- Oppositions to summary judgment due thirty (30) days after service of opening motions; and

- Reply briefs in support of summary judgment due fifteen (15) days after service of oppositions.

Defendants further propose the Court set a further case management conference, at the Court's convenience, after the initial discovery period with respect to Plaintiff's individual TCPA claim to order to set (if necessary and should this case proceed) a schedule for class claim discovery and all other case management deadlines.

**(iii) any perceived issues regarding the maximum allowable number of interrogatories, requests for admission, and/or depositions;**

No such issues are anticipated.

**(iv) dates for exchanging reports of expert witnesses;**

Plaintiff proposes that Plaintiff's expert report will be due by **December 16, 2026** and the Defendant's expert report will be due 30 days after the Plaintiff's is received. Any reply report will be due within 21 days.

Defendant has proposed a bifurcated schedule (see section (e) above) and therefore requests that no such dates be set at this time.

**(v) dates for supplementations under Rule 26(e);**

Plaintiff proposes December 30, 2026.

Defendant has proposed a bifurcated schedule (see section (e) above) and therefore requests that no such date be set at this time.

**(f) dates for the plaintiff to amend pleadings or to join parties**

Plaintiff proposes June 23, 2026

13

Defendant has proposed a bifurcated schedule (see section (e) above) and therefore requests that no such date be set at this time.

**(g) dates for the defendant to amend pleadings or to join parties**

Plaintiff proposes June 23, 2026

Defendant has proposed a bifurcated schedule (see section (e) above) and therefore requests that no such date be set at this time.

**(h) dates to file dispositive motions**

Plaintiff has no preference.

Defendant has proposed a bifurcated schedule (see section (e) above) and therefore requests that no such date be set at this time.

**(i)   the parties' estimate of the time necessary to file pretrial motions and materials, including Rule 26(a)(3) witness lists, designations of witnesses whose testimony will be presented by deposition, and exhibit lists;**

Plaintiff estimates that pretrial motions and materials, including Rule 26(a)(3)

disclosures, witness lists, deposition designations, and exhibit lists, can be completed within

ninety (90) days following a ruling on any summary judgment and/or class certification motion.

Defendant has proposed a bifurcated schedule (see section (e) above) and therefore requests that

no such date be set at this time.

**(j)   final dates to file objections under Rule 26(a)(3);**

Plaintiff proposes that objections under Rule 26(a)(3) be filed within fourteen (14) days

after the exchange of pretrial disclosures.

Defendant has proposed a bifurcated schedule (see section (e) above) and therefore

requests that no such date be set at this time.

**(k) the parties' belief as to whether the matter is suitable for some form of alternative dispute resolution such as mediation or a settlement conference;**

Plaintiff's Position: Plaintiff believes that this matter will eventually be suitable for alternative dispute resolution and is willing to participate in private mediation at an appropriate time. The Plaintiff does not believe this case is suitable for mediation until the Plaintiff is able to obtain data related to the size of the putative class. No mediation will be productive without it, as at this time the Plaintiff is only interested in resolution on a class wide basis.

Defendants' Position: Defendants believe that, as the Parties engaged in productive individual settlement discussions prior to the Court's ruling on Defendants' motions to dismiss (which were abruptly terminated by Plaintiff with the Parties were approaching a resolution), this matter is already suitable for mediation and thus respectfully request that the Court order a mediation, per Local Rule 16.2, before a judicial officer to occur as soon as possible. Alternatively, Defendants request that the Court order private mediation before a mutually acceptable private mediator, to occur as soon as possible.

**(l)  the parties' estimate as to the probable length of trial;**

The Parties estimate that the trial of this matter will require approximately five (5) days

**(m) the dates mutually convenient with counsel to assign this case for trial; and**

The Parties advise that they are presently available for trial beginning in the winter of 2027 and thereafter, subject to the Court's schedule.  As Defendants intend to move to certify the Court's ruling on their dispositive motions under Section 1292(b) and have asked to stay or bifurcate discovery, however, it may be necessary to revisit this issue in the future.

**(n) whether the parties consent to the jurisdiction of a Magistrate Judge in the matter for all purposes including entry of judgment pursuant to 28 U.S.C. §636(c).**

The Parties do not consent to proceed before a magistrate, except to the extent the Court orders a mediation.

Dated: April 13, 2026                              Respectfully submitted,


/s/ Anthony I. Paronich                            /s/ A. Paul Heeringa
Anthony I. Paronich (admitted *pro hac vice*)
Paronich Law, P.C.                                 A. Paul Heeringa (admitted *pro hac vice*)
350 Lincoln Street, Suite 2400                     Manatt, Phelps & Phillips LLP
Hingham, MA 02043                                  151. N. Franklin Street, Suite 2600
[o] (617) 485-0018                                 Chicago, IL 60606
[f] (508) 318-8100                                 Tel: 312-529-6300
anthony@paronichlaw.com                            Email: pheeringa@manatt.com


                                                   Casey L. Hinkle
Andrew Roman Perrong (admitted *pro hac*           Kaplan Johnson Abate & Bird LLP
*vice)*                                            710 W. Main St., 4th Fl.
Perrong Law, LLP                                   Louisville, KY 40202
2657 Mount Carmel Avenue                           Tel:    (502) 416-1630
Glenside, PA 19038                                 Email: chinkle@kaplanjohnsonlaw.com
Phone: 215-225-5529
Fax: 888-329-0305
a@perronglaw.com                                   *Counsel for Defendants Firstsource*
                                                   *Solutions USA, LLC and Manatee Memorial*
                                                   *Hospital, Limited Partnership*

*Counsel for Plaintiff*

17

## **CERTIFICATE OF SERVICE**

I hereby certify that on April 13, 2026, the foregoing was filed via the Court's electronic filing system, which will automatically send notice of such filing to all counsel of record.


*/s/ Anthony I. Paronich*

Anthony I. Paronich (admitted *pro hac vice*)

18