**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**LOUISVILLE DIVISION**

| | |
|---|---|
| MARSHALL MCCLAIN, individually and on behalf of a class of all persons and entities similarly situated, | |
| Plaintiff, | Case No. 3:25-cv-00150-DJH |
| v. | |
| FIRSTSOURCE SOLUTIONS USA, LLC and MANATEE MEMORIAL HOSPITAL, LIMITED PARTNERSHIP, | |
| Defendants. | |

**DEFENDANTS' JOINT ANSWER AND AFFIRMATIVE DEFENSES**
**TO PLAINTIFF'S FIRST AMENDED CLASS ACTION COMPLAINT**

Defendants Firstsource Solutions USA, LLC ("Firstsource") and Manatee Memorial Hospital, L.P. ("MMH") (collectively, "Defendants"), in accordance with Fed. R. Civ. P. 12, hereby respectfully submit their Joint Answer and Affirmative Defenses to the First Amended Class Action Complaint (Dkt. 22, "FAC")[1] filed by Plaintiff Marshall McClain ("Plaintiff") in the above-captioned matter, and answer and respond as follows:

**Preliminary Statement**

1.      Paragraph 1 of the FAC reflects a citation to or purported summary of applicable legal authority, which speaks for itself, and therefore no response is required. To the extent a response is deemed required, Defendants deny that they individually or collectively violated the

---

[1] Defendants submit this Answer and Affirmative Defenses so as to comply with their obligations to file a responsive pleading under Fed. R. Civ. P. 12(a)(4)(A). It is submitted without prejudice to Defendants' right, pursuant to applicable rules and law, to file a motion seeking interlocutory appeal of the Court's Order of March 18, 2026 (*see* Dkt. 41) regarding Defendants' Motions to Dismiss the FAC (*see* Dkt. 29 and 32) pursuant to 28 U.S.C. § 1292(b), which Defendants intend to file forthwith.

Telephone Consumer Protection Act ("TCPA") or other applicable law. All other allegations in Paragraph 1 of the FAC are denied.

2. As to the allegations in Paragraph 2 of the FAC, Defendants admit only that Plaintiff purports to bring a TCPA claim but deny that they are liable for said claim, that the subject calls were made without consent (or that consent was even required), or that Plaintiff has stated a plausible claim for relief or has standing to bring a claim under the TCPA. Any remaining allegations in Paragraph 2 of the FAC are denied.

3. As to the allegations in Paragraph 3 of the FAC, Defendants admit only that Plaintiff purports to seek nationwide class treatment but deny that this case is worthy or capable of class treatment. Any remaining allegations in Paragraph 3 of the FAC are denied.

4. Defendants deny the allegations in Paragraph 4 of the FAC.

### Parties

5. Defendants admit the allegations in Paragraph 5 of the FAC.

6. The allegations in Paragraph 6 of the FAC do not appear to pertain to MMH. To the extent any allegations contained in this paragraph are deemed applicable to MMH, they are denied. By way of further response, Firstsource admits the allegations in Paragraph 6 of the FAC.

7. The allegations in Paragraph 7 of the FAC in part call for legal conclusions, for which no response is required. To the extent a response is deemed required, Defendants deny the allegations in Paragraph 7 of the FAC.

### Jurisdiction & Venue

8. The allegations in Paragraph 8 of the FAC reflect legal conclusions, for which no response is required. To the extent a response is deemed required, Defendants admit only that Plaintiff purports to invoke this Court's federal subject matter jurisdiction, to the extent the TCPA

is a federal statute and thus presents a federal question, but deny that this Court has federal subject matter jurisdiction in this action to the extent that Plaintiff lacks Article III standing, and further deny any implication of liability that may be inferred from these allegations. Any remaining allegations in Paragraph 8 of the FAC are denied.

9.      The allegations in Paragraph 9 of the FAC reflect legal conclusions, for which no response is required. To the extent a response is deemed required, Defendants admit only Plaintiff is alleging that the Court has personal jurisdiction over Firstsource to the extent Firstsource is located in this District. Defendant MMH specifically denies the allegation that it is subject to general or specific jurisdiction in Kentucky. Subject to and without waiving MMH's defenses regarding lack of personal jurisdiction, Defendants deny that they individually or collectively violated the TCPA or any other applicable law, and further deny any implication of liability that may be inferred from these allegations. All other allegations in Paragraph 9 of the FAC are denied.

10.     The allegations in Paragraph 10 of the FAC reflect legal conclusions, for which no response is required. To the extent a response is deemed required, Defendants deny the allegations in Paragraph 10 of the FAC.

### The Telephone Consumer Protection Act

11.     Paragraph 11 of the FAC reflects legal conclusions and/or a citation to or purported summary of applicable legal authority, which speaks for itself, and therefore no response is required. To the extent a response is deemed required, Defendants deny that they individually or collectively violated the TCPA or any other applicable law. All other allegations in Paragraph 11 of the FAC are denied.

12.     Paragraph 12 of the FAC reflects legal conclusions and/or a citation to or purported summary of applicable legal authority, which speaks for itself, and therefore no response is

required. To the extent a response is deemed required, Defendants deny that they individually or collectively violated the TCPA or any other applicable law. All other allegations in Paragraph 12 of the FAC are denied.

13. Paragraph 13 of the FAC reflects legal conclusions and/or a citation to or purported summary of applicable legal authority, which speaks for itself, and therefore no response is required. To the extent a response is deemed required, Defendants deny that they individually or collectively violated the TCPA or any other applicable law. All other allegations in Paragraph 13 of the FAC are denied.

14. Paragraph 14 of the FAC reflects legal conclusions and/or a citation to or purported summary of applicable legal authority, which speaks for itself, and therefore no response is required. To the extent a response is deemed required, Defendants deny that they individually or collectively violated the TCPA or any other applicable law. All other allegations in Paragraph 14 of the FAC are denied.

15. Paragraph 15 of the FAC reflects legal conclusions and/or a citation to or purported summary of applicable legal authority, which speaks for itself, and therefore no response is required. To the extent a response is deemed required, Defendants deny that they individually or collectively violated the TCPA or any other applicable law. All other allegations in Paragraph 15 of the FAC are denied.

### Factual Allegations

16. The allegations in Paragraph 16 of the FAC do not appear to pertain to MMH. To the extent any allegations contained in this paragraph are deemed applicable to MMH, they are denied. By way of further response, Firstsource admits only that Firstsource has been previously hired by clients to make calls. Defendants deny any implication of liability that may be inferred

4

from these allegations. Any remaining allegations in Paragraph 16 are denied.

17.     The allegations in Paragraph 17 of the FAC do not appear to pertain to MMH. To the extent any allegations contained in this paragraph are deemed applicable to MMH, they are denied. By way of further response, Firstsource admits only that Firstsource has been previously hired by clients to make calls. Defendants deny any implication of liability that may be inferred from these allegations. Any remaining allegations in Paragraph 17 are denied.

18.     As to the allegations in Paragraph 18 of the FAC, Defendants admit only that any calls made to MMH patients are made to phone numbers provided by patients and called with consent but deny any implication of liability that may be inferred from these allegations. Any remaining allegations in Paragraph 18 are denied.

19.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 19 of the FAC and, on this basis, denies them.

20.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 20 of the FAC and, on this basis, denies them.

21.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 21 of the FAC and, on this basis, denies them.

22.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 22 of the FAC and, on this basis, denies them.

23.     The allegations in Paragraph 23 of the FAC reflect legal conclusions, for which no response is required. To the extent a response is deemed required, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 23 of the FAC and, on this basis, denies them.

24.     Defendants lack knowledge or information sufficient to form a belief as to the truth

of the allegations in Paragraph 24 of the FAC and, on this basis, deny them.

25.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 25 of the FAC and, on this basis, deny them.

26.    The allegations in Paragraph 26 of the FAC reflect legal conclusions, for which no response is required. To the extent a response is deemed required, Defendants deny the legal conclusions in Paragraph 26 of the FAC. To the extent the allegations are factual in nature, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 26 of the FAC and, on this basis, deny them.

27.    The allegations in Paragraph 27 of the FAC reflect legal conclusions, for which no response is required. To the extent a response is deemed required, Defendants deny the allegations in Paragraph 27 of the FAC. To the extent the allegations are factual in nature, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 27 of the FAC and, on this basis, deny them.

28.    The allegations in Paragraph 28 of the FAC do not appear to pertain to MMH. To the extent any allegations contained in this paragraph are deemed applicable to MMH, they are denied. By way of further response, the allegations of Paragraph 28 of the FAC, in part, state the contents of a website, which speaks for itself, and therefore no response is required. To the extent a response is deemed required, Firstsource admits the allegations relating to the content of the website (including the provided screenshot) appear to be accurately reflected, but Firstsource denies any implication of liability that may be inferred from these allegations, and otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations relating to the purported "second call." Defendants deny any remaining allegations in Paragraph 28 of the FAC.

29.     The allegations in Paragraph 29 of the FAC do not appear to pertain to MMH. To the extent any allegations contained in this paragraph are deemed applicable to MMH, they are denied. By way of further response, the allegations in Paragraph 29 of the FAC reflect legal conclusions, for which no response is required. To the extent a response is deemed required, Firstsource denies the allegations in Paragraph 29 of the FAC.

30.     The allegations in Paragraph 30 of the FAC do not appear to pertain to MMH. To the extent any allegations contained in this paragraph are deemed applicable to MMH, they are denied. Firstsource lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 30 of the FAC and, on this basis, denies them..

31.     The allegations in Paragraph 31 of the FAC do not appear to pertain to MMH. To the extent any allegations contained in this paragraph are deemed applicable to MMH, they are denied. Firstsource denies the allegations in Paragraph 31 of the FAC.

32.     The allegations in Paragraph 32 of the FAC do not appear to pertain to MMH. To the extent any allegations contained in this paragraph are deemed applicable to MMH, they are denied. By way of further response, the allegations in Paragraph 32 of the FAC reflect legal conclusions, for which no response is required. To the extent a response is deemed required, Firstsource denies the allegations in Paragraph 32 of the FAC.

33.     The allegations in Paragraph 33 of the FAC do not appear to pertain to MMH. To the extent any allegations contained in this paragraph are deemed applicable to MMH, they are denied as conclusions of law to which no response is required. Firstsource denies the allegations in Paragraph 33 of the FAC.

34.     The allegations in Paragraph 34 of the FAC do not appear to pertain to MMH. To the extent any allegations contained in this paragraph are deemed applicable to MMH, they are

denied. Firstsource denies the allegations in Paragraph 34 of the FAC.

35. The allegations in Paragraph 35 of the FAC do not appear to pertain to MMH. To the extent any allegations contained in this paragraph are deemed applicable to MMH, they are denied. By way of further response, the allegations in Paragraph 35 of the FAC reflect legal conclusions, for which no response is required. To the extent a response is deemed required, Firstsource denies the allegations in Paragraph 35 of the FAC.

36. The allegations in Paragraph 36 of the FAC do not appear to pertain to MMH. To the extent any allegations contained in this paragraph are deemed applicable to MMH, they are denied. By way of further response, the allegations in Paragraph 36 of the FAC reflect legal conclusions, for which no response is required. To the extent a response is deemed required, Firstsource denies the allegations in Paragraph 36 of the FAC.

37. The allegations in Paragraph 37 of the FAC do not appear to pertain to MMH. To the extent any allegations contained in this paragraph are deemed applicable to MMH, they are denied. By way of further response, the allegations in Paragraph 37 of the FAC reflect legal conclusions, for which no response is required. To the extent a response is deemed required, Firstsource lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 37 of the FAC and, on this basis, denies them.

38. The allegations in Paragraph 38 of the FAC do not appear to pertain to MMH. To the extent any allegations contained in this paragraph are deemed applicable to MMH, they are denied. By way of further response, the allegations in Paragraph 38 of the FAC reflect legal conclusions, for which no response is required. To the extent a response is deemed required, Firstsource denies the allegations in Paragraph 38 of the FAC.

39. The allegations in Paragraph 39 of the FAC do not appear to pertain to MMH. To

the extent any allegations contained in this paragraph are deemed applicable to MMH, they are denied. By way of further response, the allegations in Paragraph 39 of the FAC reflect legal conclusions, for which no response is required. To the extent a response is deemed required, Firstsource denies the allegations in Paragraph 39 of the FAC.

40. The allegations in Paragraph 40 of the FAC reflect legal conclusions, for which no response is required. To the extent a response is deemed required, Defendants deny the allegations in Paragraph 40 of the FAC.

41. The allegations in Paragraph 41 of the FAC reflect legal conclusions, for which no response is required. To the extent a response is deemed required, Defendants deny the allegations in Paragraph 41 of the FAC.

42. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 42 of the FAC and, on this basis, denies them.

43. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 43 of the FAC and, on this basis, denies them.

44. Defendants deny the allegations in Paragraph 44 of the FAC.

45. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 45 of the FAC and, on this basis, denies them.

46. Defendants deny the allegations in Paragraph 46 of the FAC.

47. Defendants deny the allegations in Paragraph 47 of the FAC.

## Class Action Statement

48. As to the allegations in Paragraph 48 of the FAC, Defendants incorporate by reference their responses to the preceding paragraphs above, as if fully stated herein.

49. The allegations in Paragraph 49 of the FAC reflect legal conclusions, for which no

response is required. To the extent a response is deemed required, Defendants admit only that Plaintiff purports to bring this action on behalf of himself and a putative class but deny that this case is worthy or capable of class treatment or that the proposed class definitions are sufficient or appropriate. Any remaining allegations in Paragraph 49 of the FAC are denied.

50.    The allegations in Paragraph 50 of the FAC reflect legal conclusions, for which no response is required. To the extent a response is deemed required, Defendants admit only that Plaintiff purports to bring this action on behalf of himself and a putative class and subclass but deny that this case is worthy or capable of class treatment or that the proposed class definitions are sufficient or appropriate. Any remaining allegations in Paragraph 50 of the FAC are denied.

51.    Defendants deny the allegations in Paragraph 51 of the FAC.

52.    The allegations of Paragraph 52 of the FAC do not reflect allegations of fact against Defendants and therefore no response is deemed required. To the extent a response is deemed required, Defendants admit only that Plaintiff purports to bring this action on behalf of himself and a putative class but deny that this case is worthy or capable of class treatment or that the proposed class definitions are sufficient or appropriate. Any remaining allegations in Paragraph 52 of the FAC are denied.

53.    Defendants deny the allegations in Paragraph 53 of the FAC.

54.    The allegations of Paragraph 54 of the FAC do not reflect allegations of fact against Defendants and therefore no response is deemed required. To the extent a response is deemed required, Defendants admit only that Plaintiff purports to seek injunctive relief and monetary damages but deny that Plaintiff or any putative class member is entitled to such relief. Any remaining allegations in Paragraph 54 of the FAC are denied.

55.    The allegations of Paragraph 55 of the FAC do not reflect allegations of fact against

Defendants and therefore no response is deemed required. To the extent a response is deemed required, Defendants admit only that Plaintiff purports to bring this action on behalf of himself and a putative class but deny that this case is worthy or capable of class treatment or that the proposed class definitions are sufficient or appropriate. Any remaining allegations in Paragraph 55 of the FAC are denied.

56.    The allegations in Paragraph 56 of the FAC reflect legal conclusions, for which no response is required. To the extent a response is deemed required, Defendants deny the allegations in Paragraph 56 of the FAC.

57.    Defendants deny the allegations in Paragraph 57 of the FAC.

58.    Defendants deny the allegations in Paragraph 58 of the FAC.

59.    Defendants deny the allegations in Paragraph 59 of the FAC.

60.    Defendants deny the allegations in Paragraph 60 of the FAC, including all subparts.

61.    Defendants deny the allegations in Paragraph 61 of the FAC.

62.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 62 of the FAC and, on this basis, denies them.

63.    Defendants deny the allegations in Paragraph 63 of the FAC.

64.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 64 of the FAC and, on this basis, denies them.

65.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 65 of the FAC and, on this basis, denies them.

**FIRST CAUSE OF ACTION**

**Statutory Violations of the Telephone Consumer Protection Act**

**(47 U.S.C. § 227(b)) on behalf of the Robocall Class**

11

66.     As to the allegations in Paragraph 66 of the FAC, Defendants incorporate by reference their responses to the preceding paragraphs above, as if fully stated herein.

67.     The allegations in Paragraph 67 of the FAC do not appear to pertain to MMH. To the extent any allegations contained in this paragraph are deemed applicable to MMH, they are denied. By way of further response, Firstsource denies the allegations in Paragraph 67 of the FAC.

68.     Defendants deny the allegations in Paragraph 68 of the FAC.

69.     Defendants deny the allegations in Paragraph 69 of the FAC.

70.     Defendants deny the allegations in Paragraph 70 of the FAC.

71.     Defendants deny the allegations in Paragraph 71 of the FAC.

## PRAYER FOR RELIEF

Defendants deny each allegation set forth in the "Prayer for Relief" section of Plaintiff's FAC and specifically deny that Plaintiff or any putative class member is entitled to any of the damages or other relief requested in the FAC, including but not limited to the relief requested on pages 12 and 13 of the FAC, or to any relief whatsoever. Defendants further deny they violated the TCPA or any other law in relation to this action and thus deny that Plaintiff or any putative class member is entitled to relief under such laws. Defendants further deny Plaintiff or any putative class member is entitled to treble damages or "[s]uch other relief" that Plaintiff requests in the FAC.

## GENERAL DENIALS

All allegations in the FAC, including those presented in all attached exhibits (if any) or in any and all subparts or subparagraphs, that are not specifically admitted above are hereby expressly and fully denied, and Defendants deny any and all allegations implied or that may be inferred from any captions or headings in or footnotes to the FAC or that purport to relate to conduct by other parties. For the avoidance of doubt, as to the responses above, Defendants deny any liability as to

having violated the TCPA, or any applicable state or federal law, or that Plaintiff is entitled to any damages or other relief under the TCPA or otherwise, including but not limited to the specific statutory provisions identified in the FAC or others. Defendants further deny Plaintiff or any putative class member is entitled to any relief or damages whatsoever and demands strict proof thereof. Defendants further deny that this Court has proper federal subject matter jurisdiction or that Plaintiff is entitled to class treatment. Any scrivener's errors herein should not be construed against Defendants and should be construed as a denial rather than an admission of liability or of fact.

## DEFENDANTS' AFFIRMATIVE DEFENSES TO THE COMPLAINT

By alleging the affirmative and other defenses herein and below, Defendants intend no alteration of any burden of proof that otherwise exists with regard to the claims in the FAC. All defenses are pled in the alternative and do not constitute an admission either of liability, of subject matter jurisdiction, or as to whether Plaintiff is entitled to relief.

## FIRST AFFIRMATIVE DEFENSE

### (Failure to State a Claim)

Notwithstanding this Court's ruling to the contrary (*see* Dkt. 41), with which Defendants respectfully disagree, Plaintiff's claims are barred in whole or in part because the FAC fails to state a claim for relief or to plead facts supporting such a claim or facially-certifiable class allegations. In particular, Plaintiff's FAC fails to, among other things, (1) set forth facts sufficient under federal pleadings standards to state or constitute a claim against Defendants under the TCPA, or (2) state facts sufficient to entitle Plaintiff to the relief sought, or any relief whatsoever, from Defendants. Further, Defendants contend that Plaintiff will be unable to establish such facts as necessary to satisfy Plaintiff's burden of proof as to the claim asserted.

13

## SECOND AFFIRMATIVE DEFENSE

### (Not Willful and/or Knowing)

Plaintiff has not carried and cannot carry any burden of showing that any action or omission by Defendants was "willful" or "knowing" and, therefore Plaintiff is not entitled to treble damages under the TCPA or any other law that provides for treble damages.

## THIRD AFFIRMATIVE DEFENSE

### (Consent Provided or Not Required)

Plaintiff's claims are barred because Plaintiff and/or a third-party consented to receiving said calls and/or consent was not required on account of the nature of the calls and the fact that such calls were not unwanted and, in fact, that such calls were requested and/or consented to by Plaintiff, an authorized third-party, and/or the user and/or subscriber of the phone number, the calls were not telemarketing in nature, and/or the caller did not employ a prohibited "artificial or prerecorded voice" message to call Plaintiff.

## FOURTH AFFIRMATIVE DEFENSE

### (Healthcare Exemption under the TCPA)

Defendants are also not liable for Plaintiff's claims to the extent that the subject communications qualify for a healthcare exemption under the TCPA, in that the TCPA expressly exempts alleged "prerecorded" calls to purported "residential" lines that "deliver a 'health care' message made by, or on behalf of, a 'covered entity' or its 'business associate,' as those terms are defined in the HIPAA Privacy Rule" from the TCPA's consent requirements. *See* 47 C.F.R. § 64.1200(a)(3)(v). *See also Silver v. City of Albuquerque*, 134 F.4th 1130, 1134 (10th Cir. 2025); *Edwards v. Signify Health, Inc.*, 2023 WL 3467558, at *3 (D. Nev. May 12, 2023); *Guglielmo v. CVS Pharmacy, Inc,* 2021 WL 3291532, at *2 (D. Conn. Aug. 2, 2021); *Latner v. Mount Sinai Health*

14

*Sys., Inc.*, 2016 WL 10571897, at \*1-3 (S.D.N.Y. Dec. 14, 2016).

## FIFTH AFFIRMATIVE DEFENSE

### (Error)

Plaintiff's claims are barred because, to the extent he received any calls directly from Defendants or on behalf of Defendants, such calls were the result of error; therefore, Defendants did not knowingly or willfully violate the TCPA.

## SIXTH AFFIRMATIVE DEFENSE

### (Good Faith)

At all times relevant to the matters alleged in the FAC, Defendants acted in good faith, reasonably and without any actual or constructive knowledge of any alleged breach of any legal duty owed to Plaintiff, or any other alleged wrong done to Plaintiff; therefore, Defendants did not knowingly or willfully violate the TCPA.

## SEVENTH AFFIRMATIVE DEFENSE

### (Third Party Acts Liability)

Plaintiff's claims are barred because the alleged conduct was caused or contributed to by the acts or omissions of Plaintiff and/or third parties other than Defendants, over which Defendants had no control, and for which Defendants are not liable either directly or vicariously. For the avoidance of doubt, MMH denies that it is vicariously liable under the alleged calls in this case, or for the independent acts of Firstsource, or vice versa, and Defendants deny that they are vicariously liable for the alleged wrongful acts of any other third parties.

## EIGHTH AFFIRMATIVE DEFENSE

### (Failure to Join)

Plaintiff's claims fail due to a failure to join necessary or indispensable parties in this

15

action, including but not limited to the person(s) or entity (or entities) who made or is legally responsible for the alleged calls in purported violation of the TCPA and/or acted on such person's or entity's behalf in doing so and any other user or owner of the subject phone number who provided consent to be contacted by Defendants. This includes, but is not limited to, any person who provided the subject phone number for the purpose of receiving calls.

## NINTH AFFIRMATIVE DEFENSE

### (Fifth Amendment Due Process)

To the extent the TCPA is applied against Defendants to impose upon Defendants liability in circumstances that Defendants could not have reasonably avoided and/or damages that would be grossly disproportional to any actual harm caused by the activity in question, the TCPA violates the Due Process Clause of the Fifth Amendment to the United States Constitution. *See Golan v. Veritas Ent., LLC,* 2017 WL 3923162, at *3 (E.D. Mo. Sept. 7, 2017), *aff'd sub nom. Golan v. FreeEats.com, Inc.*, 930 F.3d 950 (8th Cir. 2019) (citing *Capital Records, Inc. v. Thomas-Rasset*, 692 F.3d 899, 907 (8th Cir. 2012) ("[T]he TCPA's statutory damages clause is constitutional, but a specific damages award may be unconstitutional if it is so severe and oppressive as to be wholly disproportionate to the offense and obviously unreasonable.")).

## TENTH AFFIRMATIVE DEFENSE

### (Due Process – Punitive Damages)

To the extent that the FAC seeks punitive or exemplary damages under the TCPA, it violates the rights of Defendants under the Due Process provisions of the United States Constitution. Specifically, grossly excessive penalties entered on a discretionary basis may amount to an "arbitrary deprivation of property without the due process of law." *See, e.g. TXO Prod Corp. v. Alliance Res. Corp.*, 509 U.S. 443, 453, 454 (1993); *BMW of N. Am., Inc. v. Gore*, 517 U.S. 559,

562 (1996). The TCPA affords discretion to award up to $1,500.00 "per violation."

## ELEVENTH AFFIRMATIVE DEFENSE

### (Eighth Amendment Excessive Fines)

To the extent the TCPA is applied against Defendants to impose liability that would be grossly disproportional to any actual harm allegedly caused by the activity in question, the TCPA violates the Eighth Amendment to the United States Constitution, which prohibits excessive fines. Statutory penalties violate due process rights "where the penalty prescribed is so severe and oppressive as to be wholly disproportionate to the offense and obviously unreasonable." *United States v. Citrin*, 972 F. 2d 1044, 1051 (9th Cir. 1992) (quoting *St. Louis, I.M. & S. Ry. Co. v. Williams*, 251 U.S. 63, 66-67 (1919)).

## TWELFTH AFFIRMATIVE DEFENSE

### (De Minimis Harm)

Plaintiff's claims are barred, in whole or in part, by the doctrine of de minimis harm because the actual harm allegedly suffered by Plaintiff (if any) is negligible.

## THIRTEENTH AFFIRMATIVE DEFENSE

### (Equitable Defenses)

Plaintiff's claims are barred, in whole or in part, based upon the doctrines of unclean hands, estoppel, waiver, and/or other doctrines or theories of equity, including but not limited to assumption of risk, particularly (but not limited) to the extent that Plaintiff consented to receiving the calls and/or authorized another person's use of the phone number at issue and/or provision of consent for calls to that number, or requested, sought out, induced or otherwise encouraged phone calls for the sole or intended purpose of bringing TCPA claims. Further, Plaintiff's claims may be or are barred in whole or in part by any applicable statutes of limitation. For the avoidance of doubt,

17

failure to list a specific equitable defense herein should not be construed as a waiver of any equitable defenses. Rather, Defendants invoke, without limitation, any and all equitable defenses available to them under applicable law and interpretive authority. Further, Plaintiff's claims may be or are barred in whole or in part by any applicable statutes of limitation.

For the avoidance of doubt, failure to list a specific equitable defense herein should not be construed as a waiver of any equitable defenses. Rather, Defendants invoke, without limitation, any and all equitable defenses available under applicable law and interpretive authority, and invoke all other affirmative defenses, protections, and limitations available under the TCPA or applicable law.

**FOURTEENTH AFFIRMATIVE DEFENSE**

**(No Injunctive Relief)**

Under applicable binding and other authority, Plaintiff has failed to state facts that would entitle Plaintiff to obtain injunctive relief because, among other reasons, there is no threat of immediate and/or continuing harm, and therefore Plaintiff lacks standing to pursue this relief and/or such relief is not available as a matter of law. *See, e.g.*, *Susan B. Anthony List v. Driehaus*, 573 U.S. 149, 158 (2014); *TransUnion LLC v. Ramirez*, 594 U.S. 413, 435 (2021); *Miller v. Time Warner Cable Inc.*, 2016 WL 7471302, at *2–4 (C.D. Cal. Dec. 27, 2016).

**FIFTEENTH AFFIRMATIVE DEFENSE**

**(Lack of Standing)**

Plaintiff lacks standing to bring claims under Article III of the United States Constitution or otherwise (including "prudential" or "statutory" standing), particularly to the extent that Plaintiff is not the owner and/or user of the phone number, consented to receive the calls at issue in this action, requested to be called, induced the calls and/or authorized another third-party to do so, did not suffer any injury-in-fact, cannot trace any alleged injury to Defendants and/or is not

18

within the "zone of interests" that the TCPA and other laws invoked were designed to protect, among other reasons. Plaintiff further lacks standing to the extent that he did not receive the calls at issue, or the at-issue calls did not involve an artificial or prerecorded voice, or the equipment used to make calls is not covered by or subject to the TCPA, among other reasons. For the avoidance of doubt, Defendants invoke all affirmative defenses, defenses, protections, and limitations of the TCPA and available to them under applicable law and FCC guidelines.

Further, Defendants assert that unnamed class members may lack Article III standing, even if Plaintiff is demonstrated to have standing, and therefore Defendants submit that such putative class members are barred from seeking relief under the TCPA and that class certification should not be permitted. *See, e.g., Huber v. Simon's Agency, Inc.*, 2023 WL 6629836 (3rd Cir. Oct. 12, 2023).

### SIXTEENTH AFFIRMATIVE DEFENSE

#### (Intervening/Superseding Cause)

The FAC is barred, in whole or in part, to the extent that Plaintiff's purported damages, if any, resulted from acts and/or omissions of other parties, third parties, conditions, or by forces and/or things over whom/which Defendants (individually or collectively) had no control, including but not limited to any user or subscriber of the phone number who provided consent to receive the calls at issue or any independent actions or omissions of the Defendants respectively. Thus, the acts of such other parties/third parties/forces/actions/conditions, or the independent actions of the Defendants, constitute intervening or superseding causes of any purported harm.

### SEVENTEENTH AFFIRMATIVE DEFENSE

#### (No Proximate Cause)

If Plaintiff suffered or sustained any damages or injury as a proximate result of the purported conduct of Defendants, which Defendants deny, such damages or injury were

proximately caused by or contributed to by the acts and/or negligence of Plaintiff and/or third parties, or caused by the independent actions of one of the Defendants, which bars or reduces Plaintiff's right to recover any such damages against Defendants, either individually or collectively.

## EIGHTEENTH AFFIRMATIVE DEFENSE

### (Class Not Certifiable)

Plaintiff does not meet the class requirements of Rule 23 of Federal Rules of Civil Procedure. Specifically, Plaintiff cannot meet the requirements of numerosity, commonality, typicality and adequate representation. Additionally, the putative class is not ascertainable by objective measures and common issues of law and fact do not predominate over individualized inquiries, including because the circumstances under which individuals might provide consent and/or revoke consent can naturally vary by individual. Moreover, some or all of the purported claims in the FAC are barred because Plaintiff has not and cannot show that class action treatment is superior to other methods for the fair and efficient adjudication of this controversy.

## NINTEENTH AFFIRMATIVE DEFENSE

### (Reservation of Defenses)

Certain additional affirmative and other defenses to the FAC and to the purported claims for relief stated therein may be available to Defendants. However, these additional defenses may require discovery before they can be properly alleged as certain information is in the hands of Plaintiff and/or third parties. Thus, Defendants reserve the right to assert other separate and additional defenses, if and when they become appropriate in this action and to the extent allowed.

## FURTHER RESERVATIONS OF ALL OTHER RIGHTS AND PRIVILEGES

Defendants expressly reserve the right to amend their responses to the allegations in the FAC

and affirmative defenses above for any reason as permitted by applicable rules, orders, and law. Defendants further reserve the right to move to compel Plaintiff to arbitrate his claims, if and when it is determined there is an applicable arbitration agreement between the parties; thus, this pleading should not be viewed as a waiver of Defendants' arbitral rights. Defendants further reserve and do not waive the right to bring an affirmative action against Plaintiff or any responsible third parties, if and when they determine they have a legal and factual basis to do so, in accordance with applicable rules and law. Defendants further reserve the right and may (and intend) to file a motion seeking interlocutory appeal of the Court's Order of March 18, 2026 (*see* Dkt. 41) regarding Defendants' Motion to Dismiss the FAC (*see* Dkt. 29 and 42) pursuant to 28 U.S.C. § 1292(b), and nothing herein should be a waiver of any arguments with respect thereto. For the avoidance of doubt, Defendants reserve all rights and privileges afforded to them under applicable rules and law, and intend no waiver hereby, whether or not said rights and privilege are expressly identified herein.

## JURY TRIAL DEMAND

Defendants admit that, pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff has demanded a trial by jury of all issues triable of right by jury.

## DEFENDANTS' PRAYER FOR RELIEF

WHEREFORE, Defendants respectfully request that the Court enter judgment in their favor, dismiss Plaintiff's FAC with prejudice, award Defendants all of their costs and attorneys' fees incurred in defending this action to the extent available under applicable law, and grant Defendants all other relief as the Court deems just and appropriate.

21

Dated: April 15, 2026                          Respectfully submitted,

                                               By: /s/A. Paul Heeringa

                                               A. Paul Heeringa (admitted *pro hac vice*)
                                               **Manatt, Phelps & Phillips, LLP**
                                               151 N. Franklin Street, Suite 2600
                                               Chicago, Illinois 60606
                                               Tel: 312.529.6300
                                               Email: pheeringa@manatt.com

                                               Casey L. Hinkle
                                               **Kaplan Johnson Abate & Bird LLP**
                                               710 W. Main St., 4th Fl.
                                               Louisville, KY 40202
                                               Tel:    (502) 416-1630
                                               Email: chinkle@kaplanjohnsonlaw.com


                                               *Counsel for Defendants*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on April 15, 2026, the foregoing was filed via the Court's electronic filing system, which will automatically send notice of such filing to all counsel of record.

/s/ A. Paul Heeringa

*Counsel for Defendants*