**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**LOUISVILLE DIVISION**

| | |
|---|---|
| MARSHALL MCCLAIN, individually and on behalf of a class of all persons and entities similarly situated, <br><br> **Plaintiff,** <br><br> v. <br><br> FIRSTSOURCE SOLUTIONS USA, LLC and MANATEE MEMORIAL HOSPITAL, LIMITED PARTNERSHIP, <br><br> **Defendants.** | **Case No. 3:25-cv-00150-DJH-RSE** |

**[PROPOSED] ORDER GRANTING**
**DEFENDANTS' JOINT MOTION TO STAY AND/OR BIFURCATE DISCOVERY**

Defendants Firstsource Solutions USA, LLC and Manatee Memorial Hospital, L.P. (collectively, "Defendants") have filed a motion (hereafter "Motion"), pursuant to Fed. R. Civ. P. 26(c), seeking to (a) stay all discovery until resolution of the Defendants' pending § 1292(b) motion seeking certification for an interlocutory appeal (*see* Dkt. 52) or (2) alternatively, bifurcating discovery between Plaintiff's individual claims and the claims of the putative class members. The Court being sufficiently advised in the premises, and finding sufficient good cause, it is hereby ORDERED that the Motion is GRANTED for all the reasons stated therein, as follows:

1. All deadlines (including discovery) in this matter are temporarily STAYED pending resolution of Defendants' pending § 1292(b) motion (Dkt. 52).

2. If discovery proceeds, the Court sets a bifurcated discovery schedule, as follows:

   a. Discovery as to the merits of Plaintiff's individual Telephone Consumer Protection Act ("TCPA") claim against Defendants, as alleged in his operative

complaint (*see* Dkt. 22), shall commence and proceed for one hundred and twenty (120) days after entry of this order;

   b.  Opening summary judgment motions as to the merits of Plaintiff's individual TCPA claim shall be due thirty (30) days after the close of the initial phase of individual discovery;

   c.  Oppositions to summary judgment shall be due thirty (30) days after service of opening motions; and

   d.  Reply briefs in support of summary judgment shall be due fifteen (15) days after service of oppositions.

3.  All discovery during this initial bifurcated period shall be limited to issues relevant to determining the merits of Plaintiff's individual TCPA claim as alleged, including, for example, (i) Defendants' respective direct or vicarious liability for the subject calls to Plaintiff, (ii) whether Plaintiff consented to receive the calls or if his consent was required, (iii) whether the subject healthcare calls are exempt from the TCPA, (iv) whether Plaintiff has Article III standing to bring a TCPA claim, and (v) whether Plaintiff would be a typical or adequate class representative.

4.  The Parties can issue reasonable third-party discovery during this initial discovery period as needed, but class related discovery shall not be allowed. To the extent Plaintiff has already issued any class-related discovery requests, Defendants or other parties need not respond to same.

5.  After the initial discovery period [*and the Court's ruling on the Parties' summary judgment briefing as to Plaintiff's individual TCPA claim*], the Court shall set a further case management and scheduling conference to occur, at the Court's convenience, in

order to set, if necessary, a schedule for class discovery and all other case management deadlines.

6.  The parties may petition to extend the bifurcated period, as needed, for good cause.

Tendered by:

/s/A. Paul Heeringa

A. Paul Heeringa (admitted *pro hac vice*)
MANATT, PHELPS & PHILLIPS, LLP
151 N. Franklin Street, Suite 2600
Chicago, IL 60606
Telephone: (312) 529-6300
Email: pheeringa@manatt.com

Casey L. Hinkle
KAPLAN JOHNSON ABATE & BIRD LLP
710 W. Main St., 4th Fl.
Louisville, KY 40202
Telephone: (502) 416-1630
Email:  chinkle@kaplanjohnsonlaw.com

*Counsel for Defendants*