**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF KENTUCKY**
**LOUISVILLE DIVISION**

MARSHALL MCCLAIN, *on behalf of* )
*himself and others similarly situated*, )                    Civil Action No.:
 )
 )
          Plaintiff,      )               3:25-cv-00150
 )
v.      )
 )
FIRSTSOURCE SOLUTIONS USA, LLC     )
and MANATEE MEMORIAL HOSPITAL,     )
LIMITED PARTNERSHIP      )
 )
          Defendants.      )
_____ )

**PLAINTIFF'S RESPONSE IN OPPOSITION TO**
**DEFENDANTS' MOTION TO STAY AND/OR BIFURCATE DISCOVERY**

**INTRODUCTION**

Defendants' motion is not about efficiency. It is about delay.

They ask this Court to halt discovery based on a speculative interlocutory appeal that does not present a proper § 1292(b) issue and that the Sixth Circuit is unlikely to accept. Failing that, they ask the Court to artificially divide discovery into phases that would slow this case, increase motion practice, and postpone class-wide issues that are integral to liability.

Neither request is justified.

A stay is inappropriate because Defendants' underlying § 1292(b) motion fails as a matter of law. As Plaintiff has already shown, the Court's Order involves the application of settled TCPA and Rule 12 principles to pleaded facts—not a controlling question of law. There is no substantial ground for difference of opinion, and an appeal would not materially advance the litigation. Because the certification motion fails, the request to stay necessarily fails with it.

1

Bifurcation fares no better. Courts do not bifurcate discovery simply because a defendant prefers to litigate in stages. They require a concrete showing of efficiency and non-overlap. Defendants cannot make that showing here. The issues they identify—who made the calls, whether they were made on behalf of another, consent, and the nature of the calling campaign—are the same issues that will drive both individual liability and class certification. Artificially separating them would duplicate effort, not reduce it.

What remains is Defendants' real objective: postponing class discovery while forcing Plaintiff to litigate piecemeal, but this case is approaching a year old without any discovery, which should proceed in the ordinary course.

**ARGUMENT**

## I.    A Stay is Not Warranted.

Defendants' request to stay discovery rises and falls with their § 1292(b) motion. Because that motion fails, there is no basis to halt this case.

As set forth in Plaintiff's opposition to Defendants' interlocutory appeal motion (ECF No. 55), the Court's Order does not present a controlling question of law, does not implicate any substantial ground for difference of opinion, and would not materially advance the litigation. Instead, it reflects a straightforward application of settled TCPA and Rule 12(b)(6) principles to the facts alleged in the First Amended Complaint. Courts routinely deny certification in precisely these circumstances, including recently in cases where materially identical arguments by the same defense counsel were rejected. For those reasons, summarized in ECF No. 55, Defendants are unlikely to obtain certification, let alone appellate review or reversal.

Because the predicate for a stay is deficient, the stay request necessarily fails as well. Section 1292(b) expressly provides that interlocutory appeals do not automatically stay

proceedings, and courts in this Circuit consistently decline to stay discovery where the underlying certification motion lacks merit or presents only routine pleading issues. Granting a stay here would effectively permit any defendant who loses a motion to dismiss to pause litigation simply by filing a § 1292(b) motion—an outcome directly contrary to the final judgment rule.

By contrast, Defendants identify no legally cognizable prejudice beyond the ordinary costs of litigation. The burden of responding to discovery is not "good cause" for a stay. If it were, stays would be routine rather than exceptional. Courts have repeatedly rejected attempts to halt discovery based solely on the expense of class litigation, recognizing that such arguments would allow defendants to delay proceedings in virtually every case. For all of these reasons, Defendants have not shown good cause to stay discovery.

**II.    Bifurcation is Not Appropriate.**

    **a.    There is Substantial Overlap Between Class Certification and Merits Issues in this Case.**

Bifurcation is not warranted for several reasons. First, merits and class issues are inseparable in this matter. Outbound call logs identify class members while simultaneously proving liability. Consent records are Defendants' central defense, but they are also the central class question: whether consent (or lack thereof) can be established with common proof rather than individualized inquiries. Scripts and prerecorded message workflows demonstrate both that Defendants used prohibited technology and that it did so in a standardized way across thousands of calls. Forcing Plaintiff to wait until a later phase to obtain these materials would not only deprive him of the evidence needed to move for certification but would also guarantee duplicative discovery. Corporate witnesses would need to testify twice about the same dialing systems, consent capture, and internal compliance. Document production would need to be

3

repeated, with disputes over whether certain records are "class" or "merits" arising at every turn. This is the same problem that led other courts in TCPA cases to deny bifurcation in similar circumstances and why bifurcation of discovery is often "counterproductive." Manual For Complex Litigation (Fourth) ("MCL 4th") § 21.15 (2015).  That is readily apparent here, as discussed above. "There is not always a bright line" between pre-certification discovery into facts bearing on issues like commonality, typicality, and adequacy of representation under Rule 23(a) (and/or the satisfaction of Rule 23(b)'s maintainability requirements) and so-called "merits" discovery into whether the claims or defenses in the case will succeed. *Annotated Manual for Complex Litigation, Fourth* ("*Manual*") § 21.14 at 294 (Thomson Reuters/Federal Judicial Center 2021). "Arbitrary insistence on the merits/class discovery distinction sometimes thwarts the informed judicial assessment that current class certification practice emphasizes." *Id., see also* Jerold S. Solovy, et al., *Class Action Controversies* 203 (Jenner & Block 1994) ("class certification often involves issues that require some merits discovery, such as typicality of claims and commonality of issues," and "[w]hen the defendant contests facts tending to establish the existence of a class, the plaintiff may seek discovery of these facts"); 1 McLaughlin on Class Actions § 3:10 (11th ed. 2014) (describing factors for judicial consideration of bifurcation motions in class cases as (1) the overlap between individual and class discovery, (2) whether bifurcation will promote Federal Rule of Civil Procedure 23's requirement that certification be decided at "an early practicable time," (3) judicial economy, and (4) any prejudice reasonably likely to flow from the grant or denial of a stay of individual or class discovery.

Indeed, "bifurcation of discovery in this case will increase litigation expenses by protracting the discovery period and by duplicating the discovery process, including the

4

depositions." *Hartley-Culp v. Credit Mgmt. Co*, 2014 U.S. Dist. LEXIS 130308, *10 (W.D. Pa. September 15, 2014). The Court could deny the motion to bifurcate for this reason alone. *See ibid* (denying similar motion to bifurcate merits and class discovery in a TCPA case); *EQT Prod. Co. v. Terra Servs., LLC*, 2014 U.S. Dist. LEXIS 203680, *4 (W.D. Pa. October 21, 2014) ("Terra's proposal would likely result in deposing the same witnesses twice—once in the liability phase, and again in the damages phase. This is the definition of inconvenience, and the additional cost of duplicative depositions and document review combine to counsel against bifurcation in this case."); *Hastings Mut. Ins. Co. v. Mengel Dairy Farms, LLC*, 2020 U.S. Dist. LEXIS 9007, *5 (N.D. Oh.) ("bifurcating the claims at this stage might result in a second, redundant round of discovery and another round of dispositive motions, which is certainly not efficient nor expeditious.").

Defendants' proposal is bound to lead to additional discovery disputes and proceedings that would be completely unnecessary without bifurcation. There is significant overlap between discovery relevant to the merits of the claims and issues of class certification. Indeed, "[class certification] analysis will frequently entail overlap with the merits of the Plaintiff' underlying claim . . . because the class determination generally involves considerations that are enmeshed in the factual and legal issues comprising the Plaintiff' cause of action." *Comcast Corp. v. Behrend*, 569 U.S. 27, 33-34 (2013) (internal citations and quotations omitted). *Lakeland Reg'l Med. Ctr. v. Astellas US*, LLC, 2011 U.S. Dist. LEXIS 16684, *4 (M.D. Fla. 2011) ("the line between 'class issues' and 'merits issues' is practically difficult, if not impossible, to determine.") Notes of Advisory Committee on 2003 Amendments to Fed. R. Civ. Pro. 23(c)(1)(A) ("Active judicial supervision may be required" to avoid "an artificial and ultimately wasteful decision between 'certification discovery' and 'merits discovery.'"); *see also Munoz v. PHH Corp.*, No. 1:08-cv-

5

0759-DAD-BAM, 2016 U.S. Dist. LEXIS 17254, 2016 WL 10077139, *4 (E.D. Cal. 2016) ("Courts have repeatedly acknowledged that there is no clear-cut division between discovery that relates to class certification and discovery that relates to the merits."); *In re Riddell Concussion Reduction Litig.*, No. 13-7585 (JBS/JS), 2016 U.S. Dist. LEXIS 89120, 2016 WL 4119807, *2 (D.N.J. 2016) (explaining that the court had previously declined to bifurcate discovery because "more often than not there is no 'bright line' between class certification and merits issues").

Other courts have agreed. *See, e.g.*, *Grippo v. Sugared + Bronzed, LLC*, No. SA CV 24-01792-AB (DFMX), 2025 WL 596095, at *2 (C.D. Cal. Feb. 24, 2025) (relying on several TCPA cases in rejecting a bifurcation of discovery holding, "the distinction between merits discovery and class discovery is not always clear, and many courts are, for this reason, reluctant to bifurcate class and merits discovery."); *Blair v. Assurance IQ LLC*, No. 23-16, 2023 WL 6622415, at *6 (W.D. Wash. Oct. 11, 2023); *Ahmed v. HSBC Bank USA, Nat'l Ass'n*, No. 15-2057, 2018 WL 501413, at *3 (C.D. Cal. Jan. 5, 2018) ("[T]he distinction between class certification and merits discovery is murky at best and impossible to determine at worst.").

As another federal court held earlier this year while rejecting bifurcated discovery in a TCPA class action:

> Because individual and class discovery overlaps, the difficulty of drawing the line between the two is likely to cause further discovery disputes and place greater demands on the Court's time. This result also implicates the third factor, judicial economy, and weighs against bifurcation.

*Nock v. PalmCo Admin., LLC*, No. 24-CV-00662-RDB, 2025 WL 100894, at *3 (D. Md. Jan. 15, 2025).

Likewise, while rejecting a substantially similar bifurcation request from a TCPA class action another court wrote:

> As to class certification under Rule 23, the Supreme Court has instructed that

"certification is proper only if the trial court is satisfied, after a rigorous analysis, that the prerequisites of Rule 23(a) have been satisfied." *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 350-351, 131 S. Ct. 2541, 180 L. Ed. 2d 374 (2011) (quoting *Gen. Tel. Co. of Sw. v. Falcon*, 457 U.S. 147, 161, 102 S. Ct. 2364, 72 L. Ed. 2d 740 (1982)).

And "[f]requently that 'rigorous analysis' will entail some overlap with the merits of the plaintiff's underlying claim" because "the class determination generally involves considerations that are enmeshed in the factual and legal issues comprising the plaintiff's cause of action." *Id.* at 351 (cleaned up).

Considering *Dukes* and the "rigorous analysis" requirement for class certification, district courts have been reluctant to bifurcate class-related discovery from discovery on the merits. *See Ahmed v. HSBC Bank USA, Nat'l Ass'n*, No. EDCV152057FMOSPX, 2018 U.S. Dist. LEXIS 2286, 2018 WL 501413 (C.D. Cal. Jan. 5, 2018) (declining to bifurcate discovery in TCPA case and stating that "the distinction between class certification and merits discovery is murky at best and impossible to determine at worst"); *Chen-Oster v. Goldman, Sachs & Co.*, 285 F.R.D. 294, 300 (S.D.N.Y. 2012) (collecting cases).

In another TCPA case, *Cardenas v. Resort Sales by Spinnaker, Inc.*, No. 9:20-cv-00376-RMG, 2021 U.S. Dist. LEXIS 34923, 2021 WL 733393 (D.S.C. Feb. 24, 2021), the Court found that bifurcation would not serve the interests of judicial economy given the plaintiff's "persuasive argument that the evidence needed to determine whether [they] have a claim substantially overlaps with [their] ability to represent a class under [Rule] 23." *Cardenas*, 2021 U.S. Dist. LEXIS 34923, 2021 WL 733393, at *3.

Similarly, here, the undersigned already found that Folsom "may not avoid appropriate classwide discovery that is — as Bond persuasively argues — necessary for a future class certification motion." Dkt. No. 28. And, so, the Court agrees with Bond that bifurcation would not promote efficiency because there is considerable overlap between discovery relevant to the merits of his individual claims and issues of class certification. *Accord True Health Chiropractic, Inc. v. McKesson Corp.*, 2015 WL 273188, *2-3 (N.D. Cal. 2015) (declining to bifurcate a TCPA class action and noting that individual and class discovery claims typically overlap).

And, in light of the bulk of authority discussing the lack of a "bright line" distinction between merits and class discovery, bifurcation could lead to avoidable, future disputes over whether a particular discovery request relates to the merits or to class certification. *See Quinn v. Specialized Loan Servs., LLC*, 321 F.R.D. 324, 327-28 (N.D. Ill. 2017); *see also City of Pontiac General Employees' Retirement System v. Wal-Mart Stores, Inc.*, 2015 U.S. Dist. LEXIS 79392, 2015 WL 11120408, *1-2 (W.D. Ark. 2015) (bifurcation may force the court to resolve "endless discovery disputes"); *True* Health, 2015 U.S. Dist. LEXIS 7015, 2015 WL

> 273188, at *3 (finding that bifurcation "raise[s] a slew of issues as to what discovery relates to the class, as opposed to the named plaintiffs, thereby causing additional litigation regarding the distinction between the two.").
>
> And, so, considering the binding law from *Dukes* and persuasive authority from other district courts, the Court declines to bifurcate discovery in this case.

*Bond v. Folsom Ins. Agency LLC*, No. 3:24-CV-2551-L-BN, 2025 WL 863469, at *2-3 (N.D. Tex. Mar. 19, 2025).

Given this overlap, bifurcation would "belie principles of judicial economy, as the Court may be forced to spend time and resources resolving discovery disputes over what is 'merit' discovery as compared to 'class' discovery." *In re Plastics Additives Antitrust Litig.*, No. CIV.A. 03-2038, 2004 WL 2743591, at *3 (E.D. Pa. Nov. 29, 2004). Indeed this is also why Defendant's speculative argument about efficiency and costs fails as "bifurcation can actually increase the costs of litigation because of disputes over what constitutes merits and what constitutes class discovery." *In re Groupon, Inc. Sec. Litig.*, 2014 WL 12746902, at *4 (N.D. Ill. 2014). Similarly, if Defendant thinks it can prevail on issues in this matter, it can file a motion for summary judgment at any time.

### b. Bifurcation would Prejudice Plaintiff and Absent Class Members

Delay also risks spoliation. Vendors and dialer platforms routinely purge records. Every month of delay increases the chance that call logs, consent files, and scripts will be lost. Courts recognize that staged discovery in class actions can irreparably prejudice plaintiffs. *Saleh v. Crunch, LLC*, 2018 WL 11264884, at *2 (S.D. Fla. 2018). The risk is even more acute here because one Defendant has identified that most of its personnel and records involve an overseas call-center. Overseas call centers often operate outside the scope of U.S. discovery norms, with weaker data-retention practices and less incentive to preserve evidence. If production from this entity is postponed until a later "class phase," there is a heightened risk that critical records will

be deleted, overwritten, or rendered inaccessible by jurisdictional barriers. Witness availability is also more precarious—overseas contractors may be beyond the subpoena power of the Court, and turnover at such operations is frequent.

The delay from segmented discovery periods would in fact prejudice Plaintiff and other class members by amplifying the risk that evidence will be lost or destroyed. *See, e.g.*, *Saleh v. Crunch, Ltd. Liab. Co.*, No. 17-62416-Civ-COOKE/HUNT, 2018 U.S. Dist. LEXIS 36764, at *4-5 (S.D. Fla. Feb. 28, 2018) ("a stay would prolong this matter on the Court's docket and could conceivably prejudice Plaintiff by the fading memory of any witnesses"); *Lathrop v. Uber Techs., Inc.*, No. 14-CV-05678-JST, 2016 WL 97511, at *4 (N.D. Cal. Jan. 8, 2016) (plaintiffs in putative class action may "suffer prejudice from a stay because the case would extend for an indeterminate length of time, increase the difficulty of reaching class members, and increase the risk that evidence will dissipate"). The risk to the putative class members' interests is not merely hypothetical.  Multiple decisions in TCPA class action cases have turned on the destruction of records necessary to identify class members. *See, e.g.*, *Levitt v. Fax.com*, No. 05-949, 2007 WL 3169078, at *2 (D. Md. May 25, 2007) (denying class certification in a TCPA case because "critical information regarding the identity of those who received the facsimile transmissions" was not available); *Pasco v. Protus IP Solutions, Inc.,* 826 F. Supp. 2d 825, 831 (D. Md. 2011) (granting the defendant summary judgment for the substantially the same reason). As such, courts regularly permit plaintiffs to commence discovery prior to a Fed. R. Civ. P. 26(f) conference related to these issues implicating non-parties in TCPA cases. *See, e.g.*, *Cooley v. Freedom Forever LLC et. al.*, No. 2:19-cv-562, ECF No. 37 (D. Nev. July 19, 2019); *Cooley v. First Data Merchant Services, LLC et. al.*, No. 19-cv-1185, ECF No. 32 (N.D. Ga. July 8, 2019); *Abante Rooter and Plumbing, Inc. v. Birch Commc'ns, Inc.* No. 15-cv-03562, Dkt. No. 32 (N.D.

9

Ga. 2016); *Mey v. Interstate National Dealer Services, Inc., et al.*, No. 14-cv-01846, Dkt. No. 23 (N.D. Ga. Aug. 19, 2014).  Plaintiff will also be prejudiced by a stay because, "with the passage of time, the memories of the parties and other witnesses may fade, witnesses may relocate or become unavailable, or documents may become lost or inadvertently destroyed." *Sanaah v. Howell*, 2009 No. 08-cv-02117-REB-KLM, U.S. Dist. LEXIS 35260, *2 (D. Colo. Apr. 9, 2009).

Defendants' privacy concerns do not justify bifurcation. If Defendants seek protections for nonparty information, the appropriate tools is a protective order (which the Plaintiff would agree to). Bifurcation is not necessary to address privacy, and it is not proportional to use bifurcation to block production of the key datasets needed to evaluate liability and class certification.

Similarly, Defendants' burden argument is conclusory. Defendants must support proportionality objections with specific facts about what data exists, where it is maintained, what effort extraction requires, and why narrower alternatives would not work. Defendants' proposal instead asks the Court to accept a general assertion of burden while delaying production of the very records that will determine the scope and merits of the claims. By contrast, Defendant will not be prejudiced if Plaintiff is permitted to proceed with discovery in the ordinary course. As another federal court explained in denying a motion to stay discovery in a TCPA case:

> In addition, [defendant] has not demonstrated irreparable injury; it notes only that it is potentially on the hook for substantial damages, given the putative nationwide class. Monetary damages, of course, do not by themselves constitute irreparable injury. [plaintiff], on the other hand, persuasively argues that she would be injured by a stay, particularly because discovery has yet to commence, and evidence is at risk of being lost. This injury, which is both likely and irreparable, far outweighs the injury posed by a potential future judgment for money damages.

*     *     *

> In the meantime, it is clear that critical evidence, including records from any third parties that [defendant] may have contracted with for its telephone marketing, may be lost or destroyed.

*Simon v. Ultimate Fitness Grp., LLC*, No. 19-cv-890, 2019 U.S. Dist. LEXIS 147676, at *18, 21-22 (S.D.N.Y. Aug. 19, 2019).

## CONCLUSION

Defendants ask this Court to halt or fragment discovery based on speculation—speculation that their interlocutory appeal will be certified, that the Sixth Circuit will accept review, and that it will reverse a routine Rule 12 ruling applying settled law to pleaded facts. As explained in Plaintiff's opposition to that motion (ECF No. 55), none of those assumptions is well-founded. That alone forecloses any basis for a stay.

Defendants' alternative request for bifurcation fails for the same reason. It rests on the incorrect premise that individual and class discovery can be cleanly separated. In reality, the central issues in this case—who made the calls, on whose behalf, using what systems, and with what consent practices—are common to both liability and class certification. Dividing discovery would not streamline the case; it would duplicate effort, increase disputes, and delay resolution.

Defendants' motion to stay and/or bifurcate discovery should be denied in its entirety.

Dated: April 29, 2026

PLAINTIFF, on behalf of himself
and others similarly situated,

*/s/ Anthony I. Paronich*
Anthony I. Paronich
Paronich Law, P.C.
350 Lincoln Street, Suite 2400
Hingham, MA 02043
(508) 221-1510
anthony@paronichlaw.com

*Attorneys for Plaintiff and the putative class*

11