**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION**

| | | |
|---|---|---|
| MARSHALL MCCLAIN, *on behalf of himself and others similarly situated,* | ) ) ) ) | Civil Action No.: |
| Plaintiff, | ) ) | 3:25-cv-00150 |
| v. | ) ) ) | |
| FIRSTSOURCE SOLUTIONS USA, LLC and MANATEE MEMORIAL HOSPITAL, LIMITED PARTNERSHIP | ) ) ) ) | |
| Defendants. | ) ) ) | |

**<u>PROPOSED ORDER</u>**

This matter is before the Court on Defendants' Joint Motion to Stay and/or Bifurcate

Discovery (DN 53). Plaintiff has filed a response in opposition, and the matter is ripe for review.

Having considered the parties' arguments and the applicable law, the Court finds that Defendants

have not demonstrated good cause under Federal Rule of Civil Procedure 26(c) to warrant either

a stay of discovery or bifurcation.

First, a stay is not justified. Defendants' request is premised on their motion for

interlocutory appeal under 28 U.S.C. § 1292(b). However, the Court's prior Order reflects the

application of settled law to the facts alleged and does not present a controlling question of law

warranting interlocutory review. Because the underlying motion for certification does not

support the extraordinary remedy of interlocutory appeal, it likewise does not support staying

discovery. Additionally, Defendants have not shown that proceeding with discovery would cause

1

them undue prejudice beyond the ordinary burdens of litigation, while a stay would risk delay and potential loss of relevant evidence.

Second, bifurcation of discovery is not appropriate. Defendants have not shown that the issues relating to Plaintiff's individual claims can be cleanly separated from class-related issues. To the contrary, the Court finds that there is substantial overlap between discovery relevant to the merits and discovery relevant to class certification, including issues relating to the identity of the caller, the nature of the calling campaign, consent, and Defendants' policies and practices. Bifurcating discovery under these circumstances would likely result in duplication, increased motion practice, and delay, rather than efficiency.

Finally, the Court finds that bifurcation would not serve the interests of judicial economy and could prejudice Plaintiff and the putative class by delaying access to relevant evidence.

Accordingly, and being otherwise sufficiently advised, IT IS HEREBY ORDERED that Defendants' Joint Motion to Stay and/or Bifurcate Discovery (DN 53) is DENIED.

IT IS SO ORDERED.

Date: _____

_____
UNITED STATES DISTRICT JUDGE