**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**LOUISVILLE DIVISION**

| | |
|---|---|
| **MARSHALL MCCLAIN, individually and on behalf of a class of all persons and entities similarly situated,** <br><br> **Plaintiff,** <br><br> **v.** <br><br> **FIRSTSOURCE SOLUTIONS USA, LLC and MANATEE MEMORIAL HOSPITAL, LIMITED PARTNERSHIP,** <br><br> **Defendants.** | **Case No. 3:25-cv-00150-DJH-RSE** |

**DEFENDANTS' REPLY IN SUPPORT OF MOTION FOR CERTIFICATION**
**OF THIS COURT'S MARCH 18, 2026 ORDER FOR INTERLOCUTORY APPEAL**
**AND FOR A STAY OF PROCEEDINGS**

## TABLE OF AUTHORITIES

**Page(s)**

### CASES

*Ashcroft v. Iqbal*,
556 U.S. 662 (2009) ............................................................................................................ 2, 11

*Babare v. Sigue Corp.*,
2020 WL 8617424 (W.D. Wash. Sept. 30, 2020) ...................................................................... 10

*Bank v. City of Menasha*,
627 F.3d 261 (7th Cir. 2010) ..................................................................................................... 10

*Bennett v. Celtic Ins. Co.*,
2022 WL 865837 (N.D. Ill. Mar. 23, 2022) .................................................................................. 5

*Cerjanec v. FCA US, LLC*,
2018 WL 7152556 (E.D. Mich. Sept. 4, 2018) ................................................................... 3, 4, 10

*Delgado v. eMortgage Funding LLC*,
2022 WL 229884 (E.D. Mich. Jan. 25, 2022) ..................................................................... passim

*Dobronski v. CHW Grp. Inc.*,
2025 WL 3068732 (E.D. Mich. Nov. 3, 2025) .................................................................... passim

*Dunigan v. Thomas*,
2023 WL 2215954 (E.D. Mich. Feb. 24, 2023), *reconsideration denied in part*, 2023
WL 3562987 (E.D. Mich. May 19, 2023), *and motion to certify appeal denied*, 2024
WL 889032 (E.D. Mich. Mar. 1, 2024) ........................................................................................ 11

*Elite Int'l Enter., Inc. v. Norwall Grp., Inc.*,
628 F. App'x 370 (6th Cir. 2015) .................................................................................................. 7

*Emerson v. Novartis Pharms. Corp.*,
446 F. App'x 733 (6th Cir. 2011) .................................................................................................. 7

*Flint v. Ky. Dept. of Corr.*,
270 F.3d 340 (6th Cir. 2001) ......................................................................................................... 5

*Harrison v. Humana, Inc.*,
2024 WL 4828737 (W.D. Ky. Nov. 19, 2024) ............................................................................. 8

*Hossfeld v. Am. Fin. Sec. Life Ins. Co.*,
544 F. Supp. 3d 1323 (S.D. Fla. 2021) ......................................................................................... 5

*Hurley v. Messer*,
2018 WL 4854082 (S.D.W.Va. Oct. 4, 2018) ......................................................................... 2, 11

*In re Baker & Getty Fin. Servs., Inc.*,
954 F.2d 1169 (6th Cir. 1992) ....................................................................................................... 5

*In re Trump*,
874 F.3d 948 (6th Cir. 2017) ................................................................................................ 2, 5, 6

*Newsome v. Young Supply Co.*,
873 F. Supp. 2d 872 (E.D. Mich. 2012)................................................................3, 4

*Rogers v. Interstate Nat'l Dealer Servs. Inc.*,
2020 WL 4582689 (N.D. Ohio Aug. 10, 2020)...........................................................5

*Sims v. First Horizon Nat. Corp.*,
2010 WL 1050976 (W.D. Tenn. Mar. 22, 2010)......................................................4, 11

*Williams v. Mehra*,
186 F.3d 685 (6th Cir. 1999) ......................................................................................5

*Yuhasz v. Brush Wellman, Inc.*,
341 F.3d 559 (6th Cir. 2003) ........................................................................ 2, 11, 12

*Zizzo v. Commissioner of Social Security*,
2013 WL 5291663 (E.D. Mich., Sept. 19, 2013) .......................................................7

## STATUTES

28 U.S.C. § 1292(b)........................................................................................ passim

## OTHER AUTHORITIES

Case No. 2:24-cv-11649-LVP-KGA, E.D. Mich., Dkt. 21 .............................................8

## RULES

Fed. R. Civ. P. 8.....................................................................................................5, 9, 11

Fed. R. Civ. P. 12 ......................................................................................................4, 7

Fed. R. Civ. P. 12(b)(6).............................................................................................2, 6

## I.    **<u>INTRODUCTION</u>**

In his Opposition to Defendants' Motion for Certification for Interlocutory Appeal (*see* Dkt. 52, the "Motion"), Plaintiff incorrectly asserts that the "law governing direct and vicarious TCPA liability is settled" and the Court's Order merely reflected "a textbook application of settled law to pleaded facts." Dkt. 55 at 1. To the contrary, the pleading standards governing direct and vicarious TCPA liability are far from settled in this Circuit. Rather, there is **<u>only one</u>** applicable Sixth Circuit opinion even addressing these pleading standards in any fashion, and it was later vacated in part on vicarious liability grounds. *See* Dkt. 52 at 10-11 (discussing *Lucas*). Thus, even that one opinion does not articulate the minimum factual allegations required to plausibly plead TCPA liability theories. That inquiry is legal in nature even if evaluated against Plaintiff's pleaded allegations. As the Motion shows, other courts have certified these very questions for interlocutory appeal to the Sixth Circuit for this reason. *See id.* at 3-4, 10 (discussing *Delgado v. eMortgage Funding LLC*, 2022 WL 229884 (E.D. Mich. Jan. 25, 2022) (granting § 1292(b) motion brought by the undersigned counsel in TCPA case involving pleading standards for direct and vicarious liability, based on the lack of binding Sixth Circuit authority on these key issues)). The same result is warranted here.

Plaintiff's Opposition relies heavily on the poorly-reasoned district court decision in *Dobronski v. CHW Group, Inc.*—where the court did not even acknowledge its sister court's decision in *Delgado* or the lack of binding authority on the standards for pleading TCPA liability theories, let alone apply Sixth Circuit precedent for its ruling—to support his argument that an interlocutory appeal is not appropriate here. However, one court's denial of a motion to certify does not resolve whether certification is appropriate in this case. To the contrary, the materially different outcomes in *Dobronski* and *Delgado* only underscores the need for guidance from the Sixth Circuit.

In fact, while the *Dobronski* court erroneously characterized differing TCPA outcomes as

1

merely reflecting differing facts, the reality is that, given the lack of Sixth Circuit guidance, district courts have applied materially different pleading thresholds in similar cases when evaluating what factual content is necessary to move direct and vicarious TCPA allegations beyond speculation under *Twombly* and *Iqbal*, as the Motion shows. *See* Dkt. 52 at 11-18. The disagreement among courts is therefore not purely factual; it reflects differing legal approaches to TCPA pleading sufficiency.

At bottom, whether Plaintiff's First Amended Complaint (Dkt. 22, "FAC") plausibly alleges a TCPA liability theory in accordance with applicable pleading standards—a critical threshold issue in any TCPA case—will undoubtedly have a substantial impact on the scope of discovery in this case, at a minimum. This alone makes this case "exceptional" and worthy of interlocutory review. *See In re Trump*, 874 F.3d 948, 952 (6th Cir. 2017) (noting that prior to certification, the parties "sought expansive discovery" which may have "practical" consequences in the case).[1]

Indeed, it is black letter law that Plaintiff is ***not*** entitled to ***any*** discovery at the pleadings stage to adequately allege any theory of TCPA liability against Defendants, as he suggests in his Opposition. *See* Dkt. 55 at 13-14 (noting that discovery "will be coextensive with what is needed for a TCPA call campaign" and discovery will "reveal[] [whether] some other concealed third party actually placed the calls at issue"). Rather, the "very purpose of Fed. R. Civ. P. 12(b)(6) is to enable defendants to challenge the legal sufficiency of complaints without subjecting themselves to discovery." *Yuhasz v. Brush Wellman, Inc.*, 341 F.3d 559, 566 (6th Cir. 2003). *See also* Dkt. 52 at 16-17 (citing *Hurley*, *Hyatt*, *Cholakyan*). This Court should not ignore these key principles.

Here, Plaintiff seeks a wide array of discovery from Firstsource and MMH, including but not limited to direct and vicarious liability issues as to both Defendants. *See* Dkt. 55 at 13-14; *see also*

---

[1] Plaintiff's attempt to distinguish *Trump* and reframe this matter as an "ordinary, run-of-the-mill TCPA action" (Dkt. 55 at 8-9) fails, as the Sixth Circuit in *Trump* plainly recognized the potential impact of interlocutory review on the scope of permissible discovery.

Exhibits 1 and 2 attached (Plaintiff's discovery requests). However, this discovery, and the inevitable resulting discovery disputes that this Court will need to resolve, would be unnecessary and wasteful if the Sixth Circuit grants review and reverses on the grounds that Plaintiff did not sufficiently allege any TCPA liability theory in his FAC or that this Court did not apply the proper legal standards. This just further demonstrates why the Motion should be granted, as "'[i]t would be a waste of resources for the parties [and Court] to engage in extensive, costly, and time-consuming class action discovery on a claim or claims that may ultimately be dismissed.'" *Delgado*, 2022 WL 229884, at *3 (quoting *Cerjanec v. FCA US, LLC,* 2018 WL 7152556, at *3 (E.D. Mich. Sept. 4, 2018)).

In sum, the Court should resolve the appropriate pleading standards for direct and vicarious TCPA liability (which *Delgado* held are uncertain in this Circuit) before permitting Plaintiff to obtain discovery on these issues. The sufficiency of Plaintiff's allegations pled in support of his TCPA liability theories represents a controlling question of law for which there is little guidance from the Sixth Circuit and on which reasonable jurists might disagree (and indeed have disagreed), as the Motion demonstrates and as the *Delgado* court correctly held. *See* Dkt. 52 at 7-16. Resolving these key questions now will materially advance the ultimate resolution of this case, even if the case is not outright dismissed. *Id*. at 18-19. Nothing in the Opposition demonstrates otherwise, and Plaintiff's arguments to the contrary fall flat. Therefore, the Motion should be granted for all the reasons stated.

## II.    ARGUMENT

### A. The Court's Order Involves Controlling Issues of Law under Section 1292(b), and Therefore the First Factor for Certification Is Satisfied.

As the *Delgado* court noted, "[t]he Sixth Circuit has ... set a ***low bar*** for a determination that a question of law is controlling in the context of a motion for certification under § 1292(b)." 2022 WL 229884, at *3 n.2 (citing *Newsome v. Young Supply Co.,* 873 F. Supp. 2d 872, 875 (E.D. Mich. 2012)) (emphasis added). In this regard, Plaintiff contends that Defendants' Motion does not present

3

a controlling issue of law, meeting the first requirement for certification under Section 1292(b), because "the dispute is not about the law. It is about whether a particular complaint on a particular set of facts gets through the Rule 12 doorway." Dkt. 55 at 10. Plaintiff is wrong.

While Plaintiff seemingly contends that Defendants must assert a "pure" question of law to satisfy the first 1292(b) factor for interlocutory review, he relies heavily on the non-binding opinion in *Dobronski* to support this contention—where the court applied the wrong legal standards, relied almost entirely on out-of-circuit authority, and ignored *Lucas* and its sister court's well-reasoned decision in *Delgado* entirely. *See Dobronski v. CHW Grp. Inc.*, 2025 WL 3068732, at *2 (E.D. Mich. Nov. 3, 2025) (citing Eleventh, Fourth and Second Circuit authorities). This reliance is misplaced.

Indeed, the *Dobronski* court erroneously held that its "ruling for which [the d]efendant [sought] an interlocutory appeal does not raise pure questions of law. Instead, the controlling issues are questions of fact applied to settled law. Contrary to Defendant's assertion, there is no lack of authority on what is required to establish direct or vicarious liability in a TCPA case. Common law principles of agency apply." *Id*. The *Dobronski* court's ruling is incorrect on multiple levels.

First, it is the marked lack of relevant **binding** authority from the Sixth Circuit on these critical threshold dispositive issues alone that warrants certification under Section 1292(b). *See Delgado*, 2022 WL 229884, at *3 (discussing *Lucas*). *See also* Dkt. 52 at 9-10 (citing *Wang*, *Cerjanec*, and *Newsome* (each holding that certification is appropriate where there is little binding precedent on a controlling issue)). Absent such binding authority, district courts have reached differing conclusions when analyzing direct and vicarious TCPA liability to analogous factual allegations. *See id*. at 11-17. In short, this area of law is certainly not "settled" in the Sixth Circuit.

Second, as a matter of law, common law agency principles do not apply to determine direct TCPA liability (a different standard applies to determine the facial sufficiency of direct TCPA

liability allegations). *See* Dkt. 52 at 5, 10. *See also* Dkt. 29 at 8-18 (Defendants' motion to dismiss, discussing the accepted legal standards for pleading direct TCPA liability, requiring plausible allegations that the defendant itself physically made each of the subject calls directly to the plaintiff).[2]

Third, Defendants do not dispute that common-law agency principles *generally* govern vicarious TCPA liability. The unsettled question is what factual allegations suffice to plausibly plead those principles (and well as direct TCPA liability, which is a materially different standard) under Rule 8 and *Twombly/Iqbal* in the TCPA context. And unlike in the out-of-circuit cases the *Dobronski* court cited, the Sixth Circuit has held that such "[m]ixed questions of law and fact are [to be] treated as questions of law for purposes of an interlocutory appeal." *Flint v. Ky. Dept. of Corr.,* 270 F.3d 340, 346 (6th Cir. 2001) (citing *Williams v. Mehra*, 186 F.3d 685, 690 (6th Cir. 1999)). Further, the Sixth Circuit has held that "'[t]he sufficiency of a complaint is a question of law'" sufficient to satisfy the first factor for interlocutory review. *See In re Trump*, 874 F.3d at 951; *see also Delgado*, 2022 WL 229884, at *3 n.2 (finding resolution of whether plaintiff adequately pled her TCPA claims satisfies the first prong of the test for certification for interlocutory appeal under 1292(b)). All this shows that *Dobronski* was wrongly decided and therefore, that it should not be applied here.

Moreover, to meet the first § 1292(b) prong, "[a]ll that must be shown in order for a question to be controlling is that resolution of the issue on appeal could materially affect the outcome of the

---

[2] Contrary to Plaintiff's assertion, direct TCPA liability does not turn "on whether the defendant made or initiated the call, ***including through another***." Dkt. 55 at 1 (emphasis added). It is widely recognized that calls made by third parties do not support a direct TCPA liability theory. *See, e.g., Rogers v. Interstate Nat'l Dealer Servs. Inc.*, 2020 WL 4582689, at *3 (N.D. Ohio Aug. 10, 2020) ("Plaintiff argues that because he received a call 'on behalf of' [defendant], [defendant] is directly liable under the TCPA. Plaintiff is mistaken."). *See also Hossfeld v. Am. Fin. Sec. Life Ins. Co.,* 544 F. Supp. 3d 1323, 1331–32 (S.D. Fla. 2021) (holding that TCPA defendants "cannot be directly liable for calls made by third parties"); *Bennett v. Celtic Ins. Co.,* 2022 WL 865837, at *3 (N.D. Ill. Mar. 23, 2022) (dismissing on direct liability grounds, holding "a [TCPA] defendant 'generally does not initiate calls placed by third-party telemarketers,' even if the third party had acted on its behalf").

litigation in the district court." *In re Baker & Getty Fin. Servs., Inc.*, 954 F.2d 1169, 1172 n.8 (6th Cir. 1992) (emphasis added). Thus, the question need <u>not</u> be novel, involve a circuit split, or raise a constitutional issue to be "controlling" under § 1292(b), as Plaintiff suggests. *See* Dkt. 55 at 1, 9.

In sum, the Motion presents controlling questions of law. The Opposition does not show otherwise. Therefore, the first "low bar" for certification under Section 1292(b) is satisfied here.

### B.  The Lack of Binding Precedent Meets the Second Section 1292(b) Requirement.

Plaintiff next argues that "Defendants do not identify any unsettled rule of TCPA law" because "[d]irect liability is governed by the statutory text, to 'make' a call" and "[v]icarious liability is governed by federal common law agency principles." Dkt. 55 at 10. This argument fails because the second factor for certification can be met simply where, as here, there is a lack of (or minimal) binding authority on a controlling legal question. *See, e.g., Delgado*, 2022 WL 229884, at *3 & n.2. And again, Defendants need <u>not</u> show that courts have already disagreed on the resolution of an issue to satisfy the second 1292(b) requirement, and need only show that reasonable jurists *might* disagree. *See* Dkt. 52 at 9 (citing *In re Trump* and *Reese*). The Motion certainly does this. *See id*. at 11-14.

As discussed in the Motion and above, *Lucas* is the <u>only</u> applicable binding decision from the Sixth Circuit to date on the necessity of and the standards for adequately pleading direct or vicarious TCPA liability for alleged unlawful calls or texts under Rule 12(b)(6). However, *Lucas* was ultimately vacated in part on vicarious liability grounds. *See* 2019 WL 13545379, at *5 (6th Cir. Nov. 1, 2019). Thus, even that one decision is of little value in guiding lower courts when ruling on these key issues. Again, this lack of guidance from the Sixth Circuit on these critical threshold liability issues alone warrants interlocutory review of this Court's Order on Defendants' motion to dismiss, as the *Delgado* court correctly held and the *Dobronski* court failed to recognize. *See, e.g., Delgado*, 2022 WL 229884, at *3 n.2 (granting motion to certify order denying Rule 12(b)(6) motion

6

on direct and vicarious liability grounds for interlocutory appeal, citing to *Lucas* and the scarcity of binding Sixth Circuit authority on these critical controlling legal issues as the basis for certification). Clear Sixth Circuit guidance on these issues promotes uniformity across district courts, ensures consistent application of Rule 12 standards, and provides litigants with predictability regarding what factual allegations are sufficient to plausibly allege liability—particularly in cases involving layered calling relationships, third-party vendors, and agency-based theories of vicarious liability.

Further, like the plaintiff in *Delgado*, Plaintiff in the present case "has failed to cite additional binding precedent on the particular issue before the Court." *Delgado*, 2022 WL 229884, at *3. Instead, Plaintiff primarily cites again to *Dobronski*, which was wrongly decided, as discussed above, and that erroneous decision only underscores why interlocutory review is appropriate on these issues in this case. *See* Dkt. 55 at 10-11. Plaintiff also fails to meaningfully engage with (let alone distinguish) the numerous on-point authorities cited in Defendants' Motion, dismissing them in conclusory fashion with the generalized assertion that "[d]ifferent facts produced different outcomes." *Id*. The Court should reject this undeveloped argument on its face. *See, e.g., Zizzo v. Commissioner of Social Security*, 2013 WL 5291663 at *8 (E.D. Mich., Sept. 19, 2013) (holding that courts need not engage in a self-directed inquiry into the facts and the parties' intended arguments because "judges are not like pigs, hunting for truffles buried in" the record); *Emerson v. Novartis Pharms. Corp.,* 446 F. App'x 733, 736 (6th Cir. 2011) (ruling similarly); *Elite Int'l Enter., Inc. v. Norwall Grp., Inc*., 628 F. App'x 370, 374 (6th Cir. 2015) (holding that because a party offered "only conclusory assertions," it "waived its arguments on this front by failing to develop them in its brief").

In any event, none of Plaintiff's few cited cases (even the scant in-circuit decisions) alter the fact that there is little **binding** precedent in **this** Circuit on the proper pleading standards for direct and vicarious TCPA liability, as the Motion shows. In the Sixth Circuit, this *alone* is sufficient to

7

demonstrate a substantial ground for difference of opinion exists on these critical controlling legal questions, meeting the second 1292(b) factor. *See Delgado*, 2022 WL 229884, at *3, n.2. Plaintiff's Opposition does not demonstrate otherwise and gives this Court no valid reason to rule differently.

As to the scant in-Circuit cases that Plaintiff cites, *Harrison v. Humana, Inc.*, 2024 WL 4828737, at *3 (W.D. Ky. Nov. 19, 2024) in particular involved far more factual allegations to support vicarious liability than Plaintiff alleged. Indeed, aside from using various buzzwords which are not entitled to a presumption of truth, Plaintiff does not support vicarious liability here against either of the Defendants with <u>any</u> factual allegations in his FAC. *See also* Dkt. 29 at 18-23 (discussion how Plaintiff failed to plead plausible facts showing "control" over the subject call campaign, which is the touchstone of vicarious TCPA liability). The Motion also addresses why this Court's decision in *Barry* only underscores why certification to the Sixth Circuit on these threshold controlling legal questions is needed in this case. To reiterate, absent Sixth Circuit guidance, myriad courts across the country have taken vastly different approaches and have required more factual enhancement than this Court, which meets the second § 1292(b) factor. *See* Dkt. 52 at 12-17.

Plaintiff's attempt to dismiss the on-point *Delgado* decision fails. As an initial matter, the holding in *Delgado* has not been "called into question" by *Dobronski*, as Plaintiff disingenuously suggests. *See* Dkt. 55 at 12. Rather, the defendant in *Dobronski* cited to *Delgado*, but it is not addressed in the court's decision. *See generally* Case No. 2:24-cv-11649-LVP-KGA, E.D. Mich., Dkt. 21. Nor could *Dobronski* be fairly called a "considered" decision, as the court also ignored *Lucas* and improperly relied on out-of-circuit authority for its perfunctory holding. In short, that the "*Dobronski* court considered the very theory now urged by Defendants" in the Motion at bar and "rejected it on the merits in a single, cogent sentence" is inaccurate. *Dobronski* simply got it wrong.

Furthermore, contrary to Plaintiff's mischaracterization, *Delgado* was not a "fringe case on

8

agency" (the case discusses direct and vicarious liability) and did not merely involve a case-specific factual disagreement. Rather, the *Delgado* court expressly recognized that substantial grounds for difference of opinion existed regarding the sufficiency of allegations necessary to plausibly plead direct and vicarious TCPA liability, as noted in the Motion and above. That other courts have reached differing conclusions when evaluating similar allegations concerning caller identity, agency, and third-party calling relationships only reinforces the existence of uncertainty in this area—not the absence of it. Plaintiff's unsupported suggestion that these cases simply involve "different facts" ignores the broader point: courts have applied materially different pleading thresholds in determining what factual content suffices under Rule 8 and *Twombly/Iqbal* to plausibly establish TCPA liability.

Moreover, Plaintiff's reliance on the fact that the plaintiff in *Delgado* purportedly conceded one of the § 1292(b) factors is beside the point, as the court still independently determined that interlocutory review was appropriate. *See Delgado*, 2022 WL 229884, at *3, n.2. Nor does the subsequent dismissal of the petition by the court of appeals (which was a voluntary dismissal by the appellant, not a merits-based decision in any event) undermine the relevance of *Delgado*, as the district court's decision remains persuasive authority recognizing that the legal sufficiency of TCPA direct and vicarious liability allegations presents an issue on which reasonable jurists may disagree.

Because there is little binding authority on the appropriate pleading standards for direct and vicarious TCPA liability, the second 1292(b) factor is met. *See Delgado*, 2022 WL 229884, at *3.

### C. Certification Would Materially Advance the Ultimate Termination of this Case.

As to the third certification prong, Plaintiff argues that certification "will not materially advance the ultimate termination of the litigation" because "[n]one of the discovery work necessary in this case would be avoided by an interlocutory appeal that, even if successful, would only narrow which Defendant remains." Dkt. 55 at 13. This flawed argument ignores the substantial burden and

9

expense associated with TCPA class-action discovery generally and improperly minimizes the significance of the threshold legal issues presented in Defendants' Motion.

Contrary to Plaintiff's suggestion, this appeal would not merely "streamline" the case "on the margins." Dkt. 55 at 14. If the Sixth Circuit agrees that the FAC fails to plausibly plead direct liability against FirstSource and/or vicarious liability against MMH, then one or both Defendants would be *dismissed from the case entirely* before the parties incur the enormous costs associated with merits and class discovery. That is precisely the type of circumstance in which interlocutory review materially advances the termination of litigation. *See* 28 U.S.C. § 1292(b). *See also* Dkt. 52 at 18-19 (citing *Cerjanec* and *Delgado*). Indeed, as one district court aptly noted in a putative TCPA class action, "[i]t is well-recognized that *discovery in class actions is expensive and asymmetric, with defendants bearing most of the burdens*." *Babare v. Sigue Corp.,* 2020 WL 8617424, at \*2 (W.D. Wash. Sept. 30, 2020) (emphasis added). *See also Bank v. City of Menasha,* 627 F.3d 261, 266 (7th Cir. 2010) (class action plaintiffs can "us[e] discovery to impose asymmetric costs on Defendants in order to force a settlement advantageous to the plaintiff regardless of the merits of his suit"). In fact, TCPA discovery is often uniquely burdensome, requiring the collection and review of mountains of call records, dialer information, vendor agreements, consent data, scripts, campaign materials, and potentially class-wide telecommunications records going back at least four years. Resolving the governing pleading standards for direct and vicarious liability now—before the parties and the Court expend substantial resources litigating class certification and merits discovery—would materially promote judicial and party economy. That is enough to meet the third § 1292(b) factor.

Plaintiff's attempt to characterize this case as involving only "ordinary discovery" likewise misses the point. Dkt. 55 at 15. The claims here turn entirely on disputed theories of direct and vicarious liability, and the scope of discovery necessarily depends on whether those theories are

legally viable under the allegations pled. Plaintiff's assertion that discovery may later reveal "some other concealed third party" actually underscores why interlocutory review is warranted: the FAC itself does not plausibly identify who allegedly "made" the calls or establish facts sufficient to plausibly plead an agency relationship under governing law against either Defendant. Therefore, Defendants should not be forced to proceed through expansive nationwide class discovery[3] based on speculative or conclusory allegations that may ultimately fail as a matter of law, if the Sixth Circuit reverses and the FAC is dismissed. Indeed, it is axiomatic that Plaintiff has the sole burden of adequately alleging his claims with sufficient supporting facts. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009) (Rule 8 "does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions"). Thus, unless and until Plaintiff plausibly alleges direct and vicarious liability, he is not entitled to discovery to identify who placed the calls at issue. *Dunigan v. Thomas*, 2023 WL 2215954, at *19 (E.D. Mich. Feb. 24, 2023), *reconsideration denied in part*, 2023 WL 3562987 (E.D. Mich. May 19, 2023), *and motion to certify appeal denied*, 2024 WL 889032 (E.D. Mich. Mar. 1, 2024) ("a plaintiff is not entitled to discovery to find facts necessary to plead a sufficient claim."); *see also Hurley v. Messer*, 2018 WL 4854082, at *4 (S.D.W.Va. Oct. 4, 2018) (dismissing TCPA case on the same bases, holding that "allowing discovery where Plaintiff has failed to allege a plausible claim would be directly contrary to the mandates of *Iqbal* and *Twombly*"); Dkt. 52 at 17 (citing *Hyatt* and *Cholakyan*). Again, that is the very purpose of permitting defendants to challenge the legal sufficiency of complaints prior to discovery. *See Yuhasz*, 341 F.3d at 566.

The *Sims* case cited in the Motion is instructive on this point. *See* Dkt. 29 at 19 (citing *Sims v. First Horizon Nat. Corp.*, 2010 WL 1050976, at *4 (W.D. Tenn. Mar. 22, 2010)). There, the plaintiff argued that interlocutory appeal would not advance the termination of the litigation because,

---

[3] *See* Exhibits 1 and 2 attached.

11

even if the Sixth Circuit adopted the defendant's position, the plaintiff would simply ask for leave to amend. *Id*. The court rejected this argument, stating "the scope of potential discovery alone" demonstrated that "resolution of the issue could save significant judicial resources and litigant expense." The same is true here. Resolution of these issues now will, therefore, save substantial judicial and party resources. *See Delgado*, 2022 WL 229884, at *3 (recognizing that "[i]t would be a waste of resources for the parties to engage in extensive, costly, and time-consuming class action discovery on a claim or claims that may ultimately be dismissed."). This too meets the third factor.

### D.  The Court Should Stay These Proceedings Pending Appeal.

Lastly, Plaintiff does not meaningfully address the prejudice imposed by denying a stay pending appeal. Plaintiff identifies only generalized and hypothetical concerns regarding potential document preservation issues (without evidentiary support or citation to legal authority); however, Defendants are subject to preservation obligations irrespective of whether a stay is entered.

By contrast, absent a stay, Defendants will be forced to incur significant and potentially unnecessary litigation costs—including broad discovery and class-certification proceedings—while the Sixth Circuit considers whether the surviving claims should have proceeded past the pleading stage at all. Under these circumstances, a temporary stay pending resolution of the interlocutory appeal would conserve party and judicial resources and avoid precisely the type of potentially unnecessary litigation burden that § 1292(b) is designed to address. *See Delgado*, 2022 WL 229884, at *4 (entering stay and noting the potential "waste of resources for the parties to engage in extensive, costly, and time-consuming class action discovery" if the plaintiff had not plausibly alleged a theory of liability). Accordingly, Defendants have demonstrated that a stay pending the Sixth Circuit's decision on whether to permit interlocutory review and, if review is permitted, pending the outcome of appellate proceedings is warranted. *See Delgado*, 2022 WL 229884, at *4 (entering stay).

12

Plaintiff's Opposition again does not show otherwise. Accordingly, the Court should grant the Motion, certify its Order for an immediate appeal, and stay these proceedings accordingly.

## III.  **CONCLUSION**

For all the reasons stated in the Motion and above, the Court should granting the Motion, and should certify its Order for interlocutory appeal under Section 1292(b) and stay this case until the completion of the appellate proceedings (*see* Dkt. 52-1, Defendants' proposed certification order).

Dated: May 13, 2026                                    Respectfully submitted,

By: /s/A. Paul Heeringa

A. Paul Heeringa (*pro hac vice*)
MANATT, PHELPS & PHILLIPS, LLP
151 N. Franklin Street, Suite 2600
Chicago, IL 60606
Telephone: (312) 529-6300
Email: pheeringa@manatt.com

Casey L. Hinkle
KAPLAN JOHNSON ABATE & BIRD LLP
710 W. Main St., 4th Fl.
Louisville, KY 40202
Telephone: (502) 416-1630
Email: chinkle@kaplanjohnsonlaw.com

*Counsel for Defendants*

13

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that, on May 13, 2026, the foregoing was filed electronically. Notice of this filing will be sent to all parties, via their counsel of record, by operation of the Court's electronic filing and docketing system.

<u>/s/ A. Paul Heeringa</u>

*Counsel for Defendants*

14