EXHIBIT B

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF KENTUCKY**
**LOUISVILLE DIVISION**

| | | |
|---|---|---|
| MARSHALL MCCLAIN, *on behalf of himself and others similarly situated*, | ) ) ) ) | Civil Action No.: |
| Plaintiff, | ) ) | 3:25-cv-00150 |
| v. | ) ) ) | |
| FIRSTSOURCE SOLUTIONS USA, LLC and MANATEE MEMORIAL HOSPITAL, LIMITED PARTNERSHIP | ) ) ) ) | |
| Defendants. | ) ) ) | |

**PLAINTIFF'S INITIAL WRITTEN DISCOVERY**
**REQUESTS TO MANATEE MEMORIAL HOSPITAL, LIMITED PARTNERSHIP**

Pursuant to Fed. R. Civ. P. 33, 34 and 36, Marshall McClain ("Plaintiff") requests that Manatee Memorial Hospital, Limited Partnership ("Defendant") answer and respond to the following interrogatories, requests for production, and requests for admission, under oath, and within thirty days.

**Definitions**

1. **"Communication"** includes all forms of correspondence, including, but not limited to, letters, emails, voicemails, text messages, instant messages, call recordings, or any other transmission of information relating to the collection of a debt.

2. **"Defendant"** means the defendant named in this lawsuit who is being served with these requests and includes, without limitation, any of its past or present offices, locations, divisions, affiliates, subsidiaries, successors, predecessors, parents, partners, joint venturers, officers, directors, employees, agents, attorneys, debt collectors, or representatives.

3. **"Describe"** means to identify and explain fully the characteristics, nature, and substance of a given thing, action, communication, or event, including all relevant dates, locations, persons involved, purposes, and results.

4. **"Document"** means any writing as defined in Rule 34(a)(1)(A), however produced, reproduced, archived, or stored, within your possession, custody, or control, including all electronically stored information ("ESI"), call recordings, account notes, and database entries.

5. **"Identify" (documents)** means to state the date, author, sender, recipient, type of document, subject matter, and present location and custodian. If no longer in your possession, describe its disposition.

1

6. **"Identify" (natural persons)** means to state the person's full name, title, employer, business address, telephone number, and email address.

7. **"Identify" (entities)** means to state the entity's full name, address, telephone number, state of incorporation or organization, and relationship to Defendant.

8. **"Person"** means any natural person or legal entity, including any business, governmental entity, or association.

9. **"Plaintiff"** means the Plaintiff in this lawsuit.

10. **"Account" or "Debt"** means any alleged financial obligation of Plaintiff that you contend is owed, whether reduced to judgment or not, including all associated account numbers, balances, and transaction histories.

11. **"Debt Collection"** means any act, practice, or communication undertaken for the purpose of collecting or attempting to collect a Debt, including outbound or inbound calls, letters, texts, or other communications, regardless of whether made directly by you or through a third party.

12. **"Debt Collector"** means any person or entity that regularly collects or attempts to collect debts owed or due another, including any third-party collection agencies, law firms, or call centers acting on your behalf.

13. **"Vendor"** means any third party under contract with, hired by, retained by, or acting on behalf of you, directly or indirectly, in connection with Debt Collection activities, including but not limited to collection agencies, call centers, skip tracing companies, data providers, or compliance vendors.

14. **"Call" or "Telephone Call"** means any attempt to reach a person by telephone, including outbound or inbound calls, regardless of whether the call was answered, connected, or resulted in a conversation.

15. **"Dialing System"** means any equipment, software, or platform used to place calls, including predictive dialers, auto-dialers, manual dialing systems, or any other telephony platform.

16. **"Policies"** means any instruction, practice, procedure, directive, guideline, rule, training material, or course of conduct, whether written or unwritten, relating to Debt Collection activities or compliance with applicable law.

17. **"Third Party"** means any person or entity not owned or controlled by you, including any Debt Collector or Vendor.

18. **"You"** means the entity to which these requests are directed, including all parents, subsidiaries, affiliates, officers, directors, employees, agents, contractors, Debt Collectors, Vendors, and representatives.

19. **"Consumer Complaint"** means any complaint, dispute, inquiry, or allegation made by any person regarding Debt Collection activities, including but not limited to complaints about calls, harassment, wrong number, or identity.

20. **"Account Notes"** means any internal or external notes, logs, or entries reflecting activity on an Account, including call logs, disposition codes, and collector comments.

21. **"Call Detail Records"** means any data reflecting telephone activity, including date, time, duration, number dialed, caller ID, agent identification, and call outcome.

22.     All other words shall have their ordinary definition as defined by Merriam-Webster's online dictionary.

## Relevant Time Period

The relevant time period for Plaintiff's discovery requests, unless otherwise indicated, begins on March 15, 2021 and continues through the present.

## Interrogatories

1.     Identify each person who provided information used to answer these interrogatories and specify which interrogatories each person contributed to.

2.     Identify all Debt Collectors, Vendors, or third parties involved in attempting to collect any debt through calls placed to (443) 409-4263, including the entity that placed calls, any sub-vendors or downstream collectors, any dialing system or platform used, and the source of the telephone number.

3.     For each entity identified, describe in detail the nature of the relationship, including the scope of work, compensation structure, duration of the relationship, whether accounts were placed or sold, and the level of control you exercised over collection activities.

4.     If you contend that the calls to (443) 409-4263 were intended for a person other than Plaintiff, identify that person and state all facts supporting how that person's information became associated with Plaintiff's telephone number.

5.     Describe all steps taken to verify the identity of the person associated with the telephone number (443) 409-4263 prior to and during the calls at issue.

6.     Describe all policies, procedures, or controls you maintained to ensure that Debt Collectors complied with applicable law, including the TCPA and any state laws.

7.     Describe all monitoring, auditing, or oversight activities you performed regarding any Debt Collector or Vendor that placed calls to (443) 409-4263.

8.     Identify all communications you have had with any Debt Collector or Vendor relating to the calls placed to (443) 409-4263.

9.     Identify all complaints, disputes, or grievances received concerning calls placed to wrong numbers, including (443) 409-4263, and describe how such complaints were handled.

3

10. Identify any person or entity who was disciplined, investigated, or reviewed in connection with improper or unlawful debt collection activity relating to calls placed to (443) 409-4263.

11. Describe all steps taken to ensure that telephone numbers used in collection efforts were accurate and belonged to the intended debtor.

12. Identify all persons responsible for supervising or managing any Debt Collector or Vendor involved in placing calls to (443) 409-4263.

13. Describe in detail the nature of your relationship with Firstsource, including whether Firstsource acted as your agent and the extent of your control over its activities.

14. Identify all persons at your company who were responsible for managing, supervising, or communicating with Firstsource.

15. Describe all instructions, directives, or guidance you provided to Firstsource regarding debt collection activities, including those that resulted in calls to (443) 409-4263.

16. Identify all communications between you and Firstsource relating to the calls placed to (443) 409-4263.

17. Describe all monitoring, auditing, or oversight you performed regarding Firstsource's debt collection activities.

18. Identify all complaints, disputes, or legal claims you received concerning Firstsource's conduct.

19. Describe all steps you took in response to any complaints or issues involving Firstsource.

20. Describe all indemnification agreements or provisions between you and Firstsource.

21. Identify all data or information you provided to Firstsource relating to the account that resulted in calls to (443) 409-4263.

22. Identify all communications you've had with any third party, other than your counsel, regarding this lawsuit.

### Requests for Production

1. Documents and electronically stored information referred to, or consulted, in the preparation of Defendant's answers and responses to Plaintiff's discovery requests.

2.  Produce all documents relating to calls placed to (443) 409-4263, including call logs, call recordings, call detail records, and account notes.

3.  Produce all documents relating to the creation, ownership, or transfer of the alleged debt associated with the calls at issue.

4.  Produce all contracts, agreements, or statements of work between you and any Debt Collector or Vendor involved in placing calls to (443) 409-4263.

5.  Produce all communications between you and any Debt Collector or Vendor concerning calls placed to (443) 409-4263 related to the process of collecting any debt.

6.  Produce all documents sufficient to show how the telephone number (443) 409-4263 was obtained, including skip tracing, databases, or third-party sources.

7.  Produce all policies, procedures, scripts, and training materials relating to debt collection activities.

8.  Produce all compliance policies relating to the TCPA, state debt collection laws, consumer complaints, and call practices.

9.  Produce all audits, monitoring reports, scorecards, or evaluations of any Debt Collector or Vendor involved in placing calls to (443) 409-4263.

10. Produce all consumer complaints, disputes, or regulatory inquiries relating to wrong-number calls, including calls to (443) 409-4263.

11. Produce all call detail records for calls placed to (443) 409-4263, including date and time, caller ID, agent identification, call disposition, and recordings.

12. Produce all documents relating to any employee investigation into calls placed to (443) 409-4263.

13. Produce all documents relating to any failure by a Debt Collector or Vendor to comply with your policies or applicable law.

14. Produce all contracts, agreements, or statements of work between you and Firstsource.

15. Produce all communications between you and Firstsource concerning calls placed to (443) 409-4263.

16. Produce all documents reflecting instructions, directives, or guidance provided to Firstsource.

17. Produce all policies, procedures, scripts, or training materials provided to Firstsource.

18. Produce all audits, monitoring reports, evaluations, or compliance reviews relating to Firstsource.

19. Produce all documents reflecting compensation, payments, invoices, or commission structures between you and Firstsource.

20. Produce all indemnification agreements or provisions between you and Firstsource.

21. Produce all documents reflecting complaints, disputes, or legal claims relating to Firstsource's conduct.

22. Produce all documents reflecting any investigation into Firstsource's conduct.

23. Produce all documents sufficient to show the data or information provided to Firstsource relating to the account at issue.

24. Produce all documents reflecting the placement or assignment of the account to Firstsource.

25. Produce all internal communications concerning Firstsource's performance, compliance, or conduct.

26. Produce all documents reflecting any disciplinary action or corrective action taken with respect to Firstsource.

## Requests for Admission

1. Admit that Plaintiff did not have an account with you.

2. Admit that Plaintiff did not owe you any debt.

3. Admit that you have never had a contractual relationship with Plaintiff.

4. Admit that you placed or caused to be placed one or more telephone calls to (443) 409-4263.

5. Admit that one or more telephone calls were placed to (443) 409-4263 in an attempt to collect a debt.

6. Admit that the calls placed to (443) 409-4263 were intended for a person other than Plaintiff.

7. Admit that you obtained the telephone number (443) 409-4263 from a third party.

6

8.      Admit that you provided the telephone number (443) 409-4263 to a third-party Debt Collector or Vendor.

9.      Admit that Firstsource placed one or more calls to (443) 409-4263.

10.     Admit that Firstsource was acting on your behalf when placing calls to (443) 409-4263.

11.     Admit that you had the right to control the manner and means by which Firstsource collected debts on your behalf.

12.     Admit that you provided instructions, guidance, or direction to Firstsource regarding debt collection activities.

13.     Admit that you compensated Firstsource for debt collection services.

14.     Admit that you entered into a contract with Firstsource relating to debt collection activities.

15.     Admit that you had the ability to stop or limit calls made by Firstsource.

16.     Admit that you monitored or had the ability to monitor Firstsource's debt collection activities.

17.     Admit that you did not audit or review Firstsource's conduct regarding calls to (443) 409-4263.

18.     Admit that you did not discipline or take corrective action against Firstsource in connection with calls to (443) 409-4263.

19.     Admit that you are responsible for the acts of Firstsource taken on your behalf.

20.     Admit that Firstsource acted within the scope of its authority when placing calls to (443) 409-4263.

21.     Admit that any violation of law by Firstsource in connection with calls to (443) 409-4263 occurred while it was acting on your behalf.

22.     Admit Defendant does not use the Federal Communications Commission's Reassigned Numbers Database.

23.     Admit Defendant did not use the Federal Communications Commission's Reassigned Numbers Database with respect to telephone number (443) 409-4263.

Date: April 10, 2026                      /s/ Anthony I. Paronich
                                          Anthony I. Paronich

7

PARONICH LAW, P.C.
350 Lincoln Street, Suite 2400
Hingham, MA 02043
Tel: (617) 485-0018
Fax: (508) 318-8100
anthony@paronichlaw.com

8