**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**LOUISVILLE DIVISION**

| | |
|---|---|
| **MARSHALL MCCLAIN, individually and on behalf of a class of all persons and entities similarly situated,** | |
| **Plaintiff,** | **Case No. 3:25-cv-00150-DJH-RSE** |
| **v.** | |
| **FIRSTSOURCE SOLUTIONS USA, LLC and MANATEE MEMORIAL HOSPITAL, LIMITED PARTNERSHIP,** | |
| **Defendants.** | |

**DEFENDANTS' REPLY IN SUPPORT OF MOTION**
**STAY AND/OR BIFURCATE DISCOVERY**

**TABLE OF CONTENTS**

**Page**

INTRODUCTION ...............................................................................................................1

ARGUMENT ....................................................................................................................2

    I.     The Motion for Interlocutory Appeal Clearly Has Merit and Warrants a Stay. .......2

    II.    Plaintiff Fails to Refute That Bifurcation is Warranted as an Alternative. ...............5

        A.     Bifurcated Discovery Will Result in Efficiencies, Not Protracted "Line Drawing" Exercises. .............................................................................................5

        B.     Bifurcation Will Not Prejudice Plaintiff. .......................................................7

        C.     Plaintiff Fails to Refute That Defendants Will Suffer Prejudice Absent Bifurcation. .......................................................................................................9

CONCLUSION ................................................................................................................10

**TABLE OF AUTHORITIES**

**Page**

**CASES**

*Akselrod v. MarketPro Homebuyers LLC*,
2021 WL 100666 (D. Md. Jan. 12, 2021) ........................................................................ 6

*Cameron v. CHW Grp., Inc.*,
2025 WL 2336513 (D. Utah Aug. 13, 2025) .................................................................... 5

*Chenault v. Beiersdorf, Inc.*,
2020 WL 5016795 (S.D. Ohio, Aug. 24, 2020) ............................................................... 6

*Delgado v. eMortgage Funding LLC*,
2022 WL 229884 (E.D. Mich. Jan. 25, 2022) ............................................................... 1, 3

*Kemen v. Cincinnati Bell Tel. Co. LLC*,
2024 WL 3633333 (S.D. Ohio Aug. 2, 2024) .................................................................. 1

*Lathrop v. Uber Techs., Inc.*,
2016 WL 97511 (N.D. Cal. Jan. 8, 2016) ....................................................................... 7, 8

*Levitt v. Fax.com*,
2007 WL 3169078 (D. Md. May 25, 2007) ...................................................................... 8

*Pasco v. Protus IP Sols., Inc.*,
826 F. Supp. 2d 825 (D. Md. 2011) ................................................................................. 8

*Pavelka v. Paul Moss Ins. Agency, LLC*,
2023 WL 3728199 (N.D. Ohio May 30, 2023) ................................................................ 1

*Saleh v. Crunch, LLC*,
2018 WL 11264884 (S.D. Fla. Feb. 28, 2018) ................................................................ 7

**STATUTES**

28 U.S.C. § 1292(b) .......................................................................................................... 2, 3

**RULES**

Fed. R. Civ. P. 1 ................................................................................................................ 10

Fed. R. Civ. P. 23 ............................................................................................................ 6, 10

Fed. R. Civ. P. 26(c) ......................................................................................................... 1, 9

ii

**INTRODUCTION**

Defendants' pending Motion for Interlocutory Appeal (*see* Dkt. 52) identifies substantial legal issues on which there is potential for differences of opinion between reasonable jurists, meeting all the necessary requirements for certification for an interlocutory appeal. If the Motion for Interlocutory Appeal is granted, the Sixth Circuit grants review, and the Order is reversed on appeal, the entire First Amended Complaint ("FAC") is subject to re-review by this Court and possibly dismissal with prejudice; thus, the Court's and the parties' time and resources spent continuing the litigation and conducting costly and burdensome discovery in the interim will have been wasted.

Accordingly, through its Motion to Stay or Bifurcate Discovery (*see* Dkt. 53), Defendants primarily seek a routine stay pending resolution of that potentially dispositive, controlling, and undoubtedly important legal question for the sake of judicial and party economy. Given that resolution of this one question could resolve this case entirely, the Court's broad discretion under Rule 26(c) is best exercised by granting a temporary stay until the resolution of the appellate proceedings or, alternatively bifurcation. *See, e.g.*, *Delgado v. eMortgage Funding LLC*, 2022 WL 229884, at *4 (E.D. Mich. Jan. 25, 2022) (entering stay in TCPA class action in light of motion to certify for interlocutory appeal, and noting the potential "waste of resources for the parties to engage in extensive, costly, and time-consuming class action discovery" in the interim, if the plaintiff had not plausibly alleged a theory of TCPA liability, which is true in this case); *Pavelka v. Paul Moss Ins. Agency, LLC*, 2023 WL 3728199, at *2 (N.D. Ohio May 30, 2023) (holding that "bifurcation of discovery to first address the individual [TCPA] liability claims, and then to entertain possible summary judgment motion practice on Plaintiffs' individual claims, prior to class action discovery, is appropriate"); *Kemen v. Cincinnati Bell Tel. Co. LLC*, 2024 WL 3633333, at *2-3 (S.D. Ohio Aug. 2, 2024) (ruling similarly, and bifurcating discovery in TCPA case for efficiency).

1

Rather than meaningfully disputing that the threshold legal issues presented in Defendants' § 1292(b) motion could materially alter the course of this litigation (discovery especially), Plaintiff attempts to recast this case as involving only a routine application of settled law to pleaded facts. That mischaracterization ignores the central issue presented by Defendants' Motion for Interlocutory Appeal: whether Plaintiff's allegations in his FAC are legally sufficient to establish direct or vicarious TCPA liability under applicable pleading standards—an issue on which there is little binding Sixth Circuit authority to guide courts when ruling on dispositive motions at the pleadings stage and on which courts have reached vastly different conclusions in similar cases.

Plaintiff likewise unsurprisingly overstates the purported overlap between merits and class discovery while minimizing the substantial burden, expense, and inefficiency associated with immediately proceeding with full class-wide discovery in a putative nationwide TCPA action before those potentially dispositive legal issues are resolved. Contrary to Plaintiff's assertions, courts routinely stay or bifurcate discovery in precisely these circumstances to promote efficiency, avoid unnecessary class-wide discovery, and conserve both judicial and party resources pending resolution of threshold issues that may substantially narrow—or entirely eliminate—the case. Plaintiff's speculation regarding potential prejudice or hypothetical loss of evidence does not outweigh those considerations, particularly where Defendants remain subject to preservation obligations.

For these reasons, Defendants' Motion to Stay or Bifurcate (Dkt. 53) should be granted.

## ARGUMENT

### I. The Motion for Interlocutory Appeal Clearly Has Merit and Warrants a Stay.

Plaintiffs' Response posits that a stay is not appropriate because Defendants' Motion for Interlocutory Appeal "does not present a controlling question of law, does not implicate any substantial ground for difference of opinion, and would not materially advance the litigation." Dkt. 56 at 2. Plaintiff is wrong on all fronts. As explained in Defendants' Motion for Interlocutory Appeal

(as well as in their supporting reply being filed herewith), the issues presented concern the legal sufficiency of Plaintiff's theories of direct and vicarious TCPA liability and the pleading standards applicable to those claims—key issues that have generated differing outcomes among courts and that are plainly capable of materially affecting the scope, expense, and viability of this (or any) TCPA litigation. Whether Plaintiff has plausibly alleged that either Defendant actually initiated the challenged calls or may be held vicariously liable for them are threshold legal questions that, if resolved in Defendants' favor, would substantially narrow or eliminate the need for costly class-wide discovery altogether. That is precisely the type of circumstance in which a stay is appropriate.

Nor is Plaintiff correct that a stay is unwarranted merely because § 1292(b) does not impose an automatic stay. Courts retain broad discretion to stay proceedings pending interlocutory review where doing so would promote judicial economy and avoid potentially unnecessary litigation costs. Indeed, courts in this Circuit have done so in TCPA cases raising similar legal questions. *See* Dkt. 53 at 3 (citing, *inter alia, Delgado*). Plaintiff presents no valid reason for this Court to rule differently.

Plaintiff tellingly does not address the numerous authorities cited in the Motion supporting a stay under these circumstances. Instead, Plaintiff relies on a single generalized proposition, unsupported by any relevant decisional authority, that courts have "repeatedly rejected attempts to halt discovery based solely on the expense of class litigation" because doing so could permit delay in other cases. Dkt. 56 at 3. But that conclusory assertion (which is unsupported by even a single case reaching that conclusion) neither addresses the specific circumstances presented here nor undermines the substantial body of authority recognizing that a stay is appropriate where, as here, threshold legal issues may materially narrow or dispose of the litigation altogether. Accordingly, Plaintiff's unsupported characterization carries no persuasive weight and should be rejected.

3

Indeed, this is a putative nationwide TCPA class action that will likely involve expansive discovery into call records, dialing systems, vendor relationships, consent data, and third-party information, among others, across a four-year putative class period. In fact, Plaintiff has already served extremely overbroad discovery requests on Firstsource seeking documents and information regarding communications allegedly made by third parties on Firstsource's behalf—*i.e.,* calls for which Plaintiff will undoubtedly argue that Firstsource may be vicariously liable under the TCPA, despite that claim having been dismissed by this Court. *See* Exhibit 1, attached (Plaintiff's first set of discovery requests to Firstsource). Plaintiff issued similar discovery requests to MMH seeking information about calls it made, even though the direct liability allegations against MMH were dismissed. *See* Exhibit 2, attached (Plaintiff's first set of discovery requests to MMH). Proceeding with that expansive discovery now—while dispositive threshold legal issues remain pending before the Court and potentially the Sixth Circuit—would risk imposing precisely the type of substantial and potentially unnecessary burden that stays are intended to prevent.

Plaintiff attempts to minimize the burden on Defendants by characterizing it as nothing more than the "ordinary costs of litigation." But the discovery at issue in a TCPA class action is not ordinary. Courts routinely recognize that TCPA class discovery can be exceptionally broad, expensive, and burdensome, particularly where it implicates large datasets, third-party vendors, and class-wide call records. *See* Dkt. 53 at 5 (citing cases). A temporary stay pending resolution of potentially dispositive legal issues therefore promotes efficiency, not delay. Indeed, absent a stay, the parties and the Court may expend substantial resources litigating discovery issues that could ultimately prove unnecessary depending on the outcome of the certification proceedings. More importantly, Plaintiff fails to articulate any cognizable prejudice he or the putative class will suffer from a temporary stay of discovery. Thus, all of the relevant factors weigh in favor of a stay.

4

## II.    <u>Plaintiff Fails to Refute That Bifurcation is Warranted as an Alternative.</u>

As one court aptly noted in a similar case, while perhaps not the norm, putative TCPA class actions like this one "present a unique opportunity that warrants bifurcated discovery due to th[e] cost savings" and the efficiencies to be gained by all concerned. *Cameron v. CHW Grp., Inc.*, 2025 WL 2336513, at \*3 (D. Utah Aug. 13, 2025). Plaintiff's Opposition does not demonstrate otherwise.

### A.  Bifurcated Discovery Will Result in Efficiencies, Not Protracted "Line Drawing" Exercises.

Plaintiff's vague contentions that bifurcation would be "counterproductive" and "guarantee duplicative discovery" (Dkt. 56 at 3-4) are unavailing. Indeed, courts routinely bifurcate or phase discovery in complex class actions where doing so may streamline the litigation, reduce unnecessary burden, and permit resolution of threshold issues before the parties incur the enormous costs associated with full class wide discovery. Dkt. 53 at 7-10 (citing cases). The mere existence of some overlap between merits and class issues does not foreclose bifurcation—particularly where, as here, Plaintiff seeks expansive nationwide discovery before any determination has been made as to whether his claims can survive the threshold legal challenges currently pending before the Court.

Moreover, Plaintiff substantially overstates the degree of overlap between the discovery relevant to his individual claims and the discovery relevant to certification of a nationwide TCPA class. Discovery directed to Plaintiff's individual allegations against the Defendants—including the circumstances surrounding the challenged calls and their purpose, Plaintiff's alleged interactions with Defendants or any third parties, the basis for Plaintiff's consent, and the specific conduct allegedly attributable to each Defendant—is fundamentally different from the broad class-wide discovery Plaintiff seeks relating to nationwide calling practices, putative class member data, call logs, and consent information spanning potentially thousands or millions of communications.

5

Indeed, the discovery necessary to determine these narrow issues will be unique to Plaintiff, should already be in his possession or is easily obtainable from third parties, will not be particularly extensive or time consuming, and will not result in the type of difficult line-drawing exercises between "merits" and "class" discovery Plaintiff raises. *See* Dkt. 56 at 4-8 (citing *Hartley-Culp, EQT Prod. Co., Hastings*, *Comcast Corp., Lakeland, Munoz, In re Riddell Concussion Reduction Litig., Grippo, Blair, Ahmed, Nock, Bond, In re Plastics Additives Antitrust Litig., In re Groupon, Inc. Sec. Litig.*). *See also Chenault v. Beiersdorf, Inc.*, 2020 WL 5016795, at *3 (S.D. Ohio, Aug. 24, 2020) (bifurcating discovery in non-TCPA case, holding "[t]he fact that class and merits-based discovery will … inevitably be intertwined to some extent does not necessitate denying a motion to bifurcate")). Resolving the threshold issues bearing on Plaintiff's own individual claims before opening the door to full nationwide class discovery would materially narrow the issues in dispute and may substantially reduce—or eliminate altogether—the need for burdensome class-wide discovery. *See, e.g., Akselrod v. MarketPro Homebuyers LLC*, 2021 WL 100666, at *2 (D. Md. Jan. 12, 2021) (bifurcating discovery in TCPA case involving some of the same counsel representing Plaintiff, and noting that "[l]imited discovery has the potential to simplify the case and to save both parties the time and expense of class discovery, which can be particularly resource intensive").

Nor is Plaintiff correct that bifurcation would necessarily result in duplicative discovery or "endless" discovery disputes. Dkt. 56 at 4-5. Courts are fully capable of managing phased discovery and routinely do so in complex litigation. *See* Dkt. 53 at 7-10 (citing cases). Indeed, Plaintiff's position would effectively mean that bifurcation is never appropriate in class actions because some factual overlap almost always exists between merits and certification issues. But Rule 23 itself contemplates that courts will actively manage discovery in a manner that is proportional and efficient, and numerous courts have recognized that phased discovery is particularly appropriate

6

where threshold issues may dispose of the case or significantly narrow the scope of discovery. *See id*. at 7-10 (citing cases). Here, bifurcation would allow the parties and the Court to focus first on the issues necessary to determine whether Plaintiff's individual claims can proceed and whether class discovery is warranted at all before requiring Defendants to undertake the substantial burden associated with nationwide discovery. These cost and time efficiencies benefit all concerned, which is precisely why myriad courts have found bifurcated discovery is appropriate in TCPA class actions, including in cases involving the same counsel representing Plaintiff, as the Motion shows. *Id*.

### B. Bifurcation Will Not Prejudice Plaintiff.

Plaintiff's prejudice arguments are likewise wholly speculative and overstated. Plaintiff merely speculates that bifurcated discovery theoretically could be prejudicial because it may result in a hypothetical risk that evidence will be lost or destroyed. *See* Dkt. 56 at 8-9. Yet, as Defendants previously noted, it is well accepted that the ***mere possibility*** of unavailable or destroyed evidence is a "prejudice" inherent in ***any*** stay in ***any*** civil case that does not defeat a motion to stay or bifurcate discovery. *See* Dkt. 53 at 5-6 (citing *Raimo*, *Fazio*, *Ankcorn*, *Mestas*, *Canady*); and 16 (citing *Sapan, Newell* and *Banks*). Plaintiff provides nothing remotely suggesting that Defendants or a third party is not meeting (or will not meet) its obligations to preserve discoverable evidence in this matter (or that they even have such evidence in the first place), let alone that any such evidence is actually in danger of being lost or destroyed. Plaintiff's rank speculation to the contrary should be rejected.

The authorities upon which Plaintiff relies here do not suggest otherwise. *See* Dkt. 56 at 8-10. For example, in *Saleh v. Crunch, LLC*, the court declined to stay the entire case pending a decision from the Ninth Circuit Court of Appeals because the Ninth Circuit's decision would not be binding on the court and would not automatically moot the case. *See* 2018 WL 11264884, at *1 (S.D. Fla. Feb. 28, 2018). This has nothing to do with bifurcated discovery. Likewise, in *Lathrop v. Uber Techs., Inc.*, the defendant filed a motion to stay pending two separate proceedings before entirely

different courts. *See* 2016 WL 97511, at *4 (N.D. Cal. Jan. 8, 2016). The *Lathrop* court found plaintiffs would suffer prejudice if a stay was granted because the case "would extend for an indeterminate length of time, increase the difficulty of reaching class members, and increase the risk that evidence will dissipate," given that one of those court's opinions was unlikely to be the final step in the litigation, and the other court's opinion was unlikely to render the instant case moot. By contrast, here, Defendants seek bifurcated discovery (as an alternative to a stay) for a brief period of time ***in the same proceeding***.

Nor will the period of bifurcated discovery "extend for an indeterminate length of time" as Plaintiff contends. In fact, any delay is likely to be short given the short, bifurcated schedule Defendants propose. Further, Plaintiff has put forth no evidence suggesting that bifurcated discovery will increase the difficulty of reaching class members, assuming this case is even permitted to proceed as a class action—an issue which is very much in doubt. *Cf. Lathrop*, 2016 WL 97511, at *4 (finding stay for indeterminate period would "increase the difficulty of reaching class members").

Additionally, contrary to Plaintiff's argument, *Levitt v. Fax.com*, 2007 WL 3169078, at *2 (D. Md. May 25, 2007) and *Pasco v. Protus IP Sols., Inc.*, 826 F. Supp. 2d 825, 831 (D. Md. 2011), do not support the proposition that a brief delay of discovery in this case will increase risk to the putative class members. In fact, neither *Levitt* nor *Pasco* involves a motion to bifurcate discovery or concerns destruction of evidence on account of a brief delay. Rather, in *Levitt*, the court granted a motion for decertification where necessary evidence was no longer available following the dissolution of the entity in whose possession that evidence would have been maintained, over ***four years after*** the case was initially filed. In *Pasco*, the plaintiff failed to seek preservation of the requisite evidence needed from a foreign entity in the first instance, ultimately leading to the court's grant of summary judgment for the defendant when the necessary evidence had not been maintained.

Here, in contrast, this case is in its early stages, the anticipated delay (if any) is merely temporary and likely to be quite short—perhaps a matter of weeks or months, not years—and Plaintiff has not specified what evidence, if any, is potentially at risk of being destroyed (and by whom).  And any prejudice to Plaintiff by any slight delay is far outweighed by the prejudice Defendants will suffer by spending time and money on class discovery that would be rendered moot if individual discovery shows that Plaintiff's individual claims lack merit.  *See* Dkt. 53 at 16 (citing *Newell* and *Banks*).

In short, Plaintiff offers no concrete basis to believe that relevant information is at imminent risk of destruction, nor does he explain why narrowly tailored phased discovery would prevent him from obtaining discovery necessary to preserve his claims. His generalized concerns regarding overseas vendors, witness memory, or hypothetical spoliation are insufficient to outweigh the very real burden and expense associated with immediate nationwide class discovery.

### C. Plaintiff Fails to Refute That Defendants Will Suffer Prejudice Absent Bifurcation.

Finally, Plaintiff's suggestion that Defendants have not substantiated the burden of full class discovery ignores the obvious realities of modern TCPA litigation. Plaintiff seeks discovery involving large-scale calling records, dialing technologies, consent data, vendor communications, and third-party information potentially spanning a 4-year nationwide putative class period. *See* Exhibits 1 and 2, attached. Collecting, reviewing, processing, and producing that information would impose substantial costs and burdens on Defendants at the outset of the case—before the viability of Plaintiff's individual claims or the propriety of class treatment has been determined. In contrast, phased discovery would promote proportionality, efficiency, and judicial economy by ensuring that such expansive discovery proceeds only if and when it becomes necessary. Under these circumstances, bifurcation is both appropriate and consistent with Rule 26's mandate that discovery

remain proportional to the needs of the case, as well as consistent with Rules 1 and 23. In short, bifurcation is a win-win proposition for all concerned. Plaintiff does not show otherwise.

Accordingly, should the Court decline to grant a temporary stay, or if discovery in this matter proceeds at any time, Defendants respectfully submit that bifurcation will be a more efficient and cost-effective alternative and focus discovery on a critical prerequisite—whether Plaintiff has stated a viable claim against Defendants and whether this Court has jurisdiction over that claim—before moving to class discovery, which may prove unnecessary.

## **CONCLUSION**

For these reasons, the Court should enter an order (1) temporarily staying all discovery and discovery-related deadlines during the pendency of Defendants' Motion for Interlocutory Appeal; or (2) alternatively, bifurcating discovery between individual and class issues and entering Defendants' proposed bifurcated discovery schedule, along with granting all other just and proper relief.

Dated: May 13, 2026                    Respectfully submitted,

By: /s/ A. Paul Heeringa

A. Paul Heeringa (*pro hac vice*)
MANATT, PHELPS & PHILLIPS, LLP
151 N. Franklin Street, Suite 2600
Chicago, IL 60606
Telephone: (312) 529-6300
Email: pheeringa@manatt.com

Casey L. Hinkle
KAPLAN JOHNSON ABATE & BIRD LLP
710 W. Main St., 4th Fl.
Louisville, KY 40202
Telephone: (502) 416-1630
Email: chinkle@kaplanjohnsonlaw.com

*Counsel for Defendants*

10

**CERTIFICATE OF SERVICE**

I hereby certify that, on May 13, 2026, I filed the foregoing electronically through the Court's

CM/ECF system, which will send notice of the filing to all counsel of record.


By: /s/ *A. Paul Heeringa*