EXHIBIT A

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF KENTUCKY**
**LOUISVILLE DIVISION**

| | | |
|---|---|---|
| MARSHALL MCCLAIN, *on behalf of himself and others similarly situated,* | ) ) ) ) | Civil Action No.: |
| Plaintiff, | ) ) | 3:25-cv-00150 |
| v. | ) ) ) | |
| FIRSTSOURCE SOLUTIONS USA, LLC and MANATEE MEMORIAL HOSPITAL, LIMITED PARTNERSHIP | ) ) ) ) | |
| Defendants. | ) ) ) | |

**PLAINTIFF'S INITIAL WRITTEN DISCOVERY**
**REQUESTS TO FIRSTSOURCE SOLUTIONS USA, LLC**

Pursuant to Fed. R. Civ. P. 33, 34 and 36, Marshall McClain ("Plaintiff") requests that Firstsource Solutions USA, LLC ("Defendant") answer and respond to the following interrogatories, requests for production, and requests for admission, under oath, and within thirty days.

**Definitions**

A.    The term "account records" means all documents, electronically stored information, and data, which Defendant maintains in the regular course of business for an account.

B.    The term "communication" includes the transmission or receipt of information, opinions, or thoughts, from one person to another person, whether made or accomplished orally, by document, or by electronically stored information, whether face-to-face, by telephone, by mail, by email, by facsimile, by personal delivery, or otherwise, including words transmitted by telephone or voice recording.

C.    The phrase "discovery request" includes interrogatories, requests for production of documents and electronically stored information, and requests for admission.

D.    The term "document" means that as defined by the Federal Rules of Civil Procedure.

1

E.    "Electronically stored information" means that as defined by the Federal Rules of Civil procedure.

F.    The term "express consent" has the meaning the FCC gave to it through the following declaratory rulings and orders: *In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, FCC 07-232 (Jan. 4, 2008); *In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, FCC 12-21 (February 15, 2012).

G.    Should a specific term be undefined, and should Defendant feel the term is ambiguous, please contact Plaintiff's counsel for clarification, or refer to the definition of the term as listed in the Merriam-Webster dictionary.

## Relevant Time Period

The relevant time period for Plaintiff's discovery requests, unless otherwise indicated, begins on March 15, 2021 and continues through the present.

## Interrogatories

1.    Identify each communication, or attempted communication, between Defendant and Plaintiff, or between Defendant and (443) 409-4263.

2.    Identify the hardware and software Defendant used in connection with its communications, or attempted communications, with Plaintiff, or with (443) 409-4263.

3.    Identify each call Defendant made, or caused to be made, to Plaintiff, or to (443) 409-4263, in connection with which it used an artificial or prerecorded voice.

4.    Identify the system or software Defendant used to document or otherwise memorialize details of communications, or attempted communications, between Defendant and Plaintiff, or between Defendant and (443) 409-4263—including the date, time, substance of, and disposition of, the communications or attempted communications.

5.    Identify the reason(s) Defendant placed, or caused to be placed, calls to Plaintiff, or to (443) 409-4263, and the intended recipient(s) of Defendant's calls.

6. Explain how, when, why, and from where Defendant came into possession of telephone number (443) 409-4263.

7. Identify any business relationship, financial arrangement, or account(s) Defendant has, or had, with Plaintiff.

8. Identify the number of unique telephone numbers to which Defendant made, or caused to be made, a call or calls in connection with which it used, or caused to be used, an artificial or prerecorded voice.

9. For the telephone numbers Defendant identifies through its answer to interrogatory no. 8, identify the number of them for which Defendant's records show that a called party was not the person Defendant intended to reach by placing a call to one of the telephone numbers, or that a person associated with one of the telephone numbers indicated Defendant contacted the wrong person or telephone number, or that a person associated with one of the telephone numbers asked Defendant to stop calling, or that a vendor or third party identified one of the telephone numbers as a wrong or potential wrong number.

10. For the telephone numbers Defendant identifies through its answers to interrogatory nos. 8-9, identify the number of them to which Defendant made, or caused to be made, a call or calls in connection with which it used an artificial or prerecorded voice, after Defendant's records showed that a called party was not the person Defendant intended to reach by placing a call to one of the telephone numbers, or that a person associated with one of the telephone numbers indicated Defendant contacted the wrong person or telephone number, or that a vendor or third party identified one of the telephone numbers as a wrong or potential wrong number, or the called party requested that Defendant stop calling.

11. For the telephone numbers Defendant identifies through its answers to interrogatory nos. 8-10, identify the number of them that were, or that Defendant's records indicate were, assigned to a cellular telephone service.

12. For the telephone numbers Defendant identifies through its answers to interrogatory nos. 8-11, identify the number of calls Defendant made, or caused to be made, to them, in connection with which Defendant used an artificial or prerecorded voice,

13. For the telephone numbers Defendant identifies through its answers to interrogatory nos. 8-11, identify the number of calls Defendant made, or caused to be made, to them, in connection with which Defendant used an artificial or prerecorded voice, after Defendant's records showed that a called party was not the person Defendant intended to reach by placing a call to one of the telephone numbers, or that a person associated with one of the telephone numbers indicated Defendant contacted the wrong person or telephone number, or that a vendor or third party identified one of the telephone numbers as a wrong or potential wrong number, or the called party requested that Defendant stop calling.

3

14.    Identify any entity or entities Defendant retained, engaged, or employed to place calls or deliver artificial or prerecorded voice messages, including to telephone number (443) 409-4263.

15.    If you contend that a third party made the calls alleged in the complaint, identify that third party and state all facts in support of the same.

16.    Identify all communications you've had with any third party, other than your counsel, regarding this lawsuit.

### Requests for Production

1.    Documents and electronically stored information referred to, or consulted, in the preparation of Defendant's answers and responses to Plaintiff's discovery requests.

2.    Account records for the account(s) Defendant associates with Plaintiff, or with (443) 409-4263.

3.    Documents and electronically stored information sufficient to identify each communication, or attempted communication, between Defendant and Plaintiff, or between Defendant and (443) 409-4263.

4.    Documents and electronically stored information sufficient to identify the hardware and software Defendant used in connection with its communications, or attempted communications, with Plaintiff, or with (443) 409-4263.

5.    Documents and electronically stored information sufficient to identify each call Defendant made, or caused to be made, to Plaintiff, or to (443) 409-4263, in connection with which it used, or caused to be used, an artificial or prerecorded voice.

6.    Documents and electronically stored information sufficient to identify the unique telephone numbers to which Defendant made, or caused to be made, a call or calls in connection with which it used, or caused to be used, an artificial or prerecorded voice.

7.    For the telephone numbers Defendant identifies through its answer to interrogatory no. 8, and through its response to request for production no. 6, documents and electronically stored information sufficient to identify those for which Defendant's records show that a called party was not the person Defendant intended to reach by placing a call to one of the telephone numbers, or that a person associated with one of the telephone numbers indicated Defendant contacted the wrong person or telephone number, or that a person associated with one of the telephone numbers asked Defendant to stop calling, or that a vendor or third party identified one of the telephone numbers as a wrong or potential wrong number.

4

8.     For the telephone numbers Defendant identifies through its answers to interrogatory nos. 8-9, and through its responses to request for production nos. 6-7, documents and electronically stored information sufficient to identify those to which Defendant made, or caused to be made, a call or calls in connection with which it used, or caused to be used, an artificial or prerecorded voice, after Defendant's records showed that a called party was not the person Defendant intended to reach by placing a call to one of the telephone numbers, or that a person associated with one of the telephone numbers indicated Defendant contacted the wrong person or telephone number, or that a vendor or third party identified one of the telephone numbers as a wrong or potential wrong number, or the called party requested that Defendant stop calling.

9.     For the telephone numbers Defendant identifies through its answers to interrogatory nos. 8-10, and through its responses to requests for production nos. 6-8, documents and electronically stored information sufficient to identify those that were, or that Defendant's records indicate were, assigned to a cellular telephone service.

10.     For the telephone numbers Defendant identifies through its answers to interrogatory nos. 8-11, and through its responses to request for production nos. 6-9, documents and electronically stored information sufficient to identify the calls Defendant made, or caused to be made, to them, in connection with which Defendant used, or caused to be used, an artificial or prerecorded voice.

11.     For the telephone numbers Defendant identifies through its answers to interrogatory nos. 8-11, and through its responses to request for production nos. 6-9, documents and electronically stored information sufficient to identify the calls Defendant made, or caused to be made, to them, in connection with which Defendant used, or caused to be used, an artificial or prerecorded voice, after Defendant's records showed that a called party was not the person Defendant intended to reach by placing a call to one of the telephone numbers, or that a person associated with one of the telephone numbers indicated Defendant contacted the wrong person or telephone number, or that a vendor or third party identified one of the telephone numbers as a wrong or potential wrong number, or the called party requested that Defendant stop calling.

12.     Documents and electronically stored information that reference the manner by which Defendant documents or otherwise memorializes a person's indication that Defendant contacted the wrong person or wrong telephone number, or requested that Defendant stop calling.

17.     Policies, practices, and procedures that Defendant uses or used to avoid violations of the Telephone Consumer Protection Act ("TCPA"), and documents and electronically stored information sufficient to identify any training Defendant provides to its employees regarding calls in connection with which it uses, or causes to be used, an artificial or prerecorded voice.

5

18. Audits, reports, and reviews regarding Defendant's use of an artificial or prerecorded voice, as it pertains to calls to wrong or reassigned, or allegedly wrong or reassigned, cellular telephone numbers.

19. Documents and electronically stored information sufficient to identify any vendors or other third parties who made calls on behalf of Defendant, in connection with which they used an artificial or prerecorded voice, and any contracts or other agreements between Defendant and any such vendors or third parties.

20. Please produce all documents relating to insurance coverage of the acts alleged by Plaintiffs, including, but not limited to, all potentially applicable policies issued by any insurer and all communications with any such insurers, including, but not limited to, reservation-of-rights letters, regardless of whether or not such coverage purports to exclude the acts alleged in this matter and regardless of whether or not such insurers have declined coverage in this matter.

21. Please produce all indemnification agreements under which a third party may be responsible for satisfying all or part of a judgment that may be entered against you in this action, and all communications with those third parties.

22. Please produce all documents containing any of the following information for each pre-recorded call sent by you or your vendors during the putative class period:

    a) the date and time;
    b) any process for using the reassigned number database before contacting that number;
    c) the result of the text; and
    d) any other information stored by the call detail records.

### Requests for Admission

1. Admit Defendant made, or caused to be made, calls to Plaintiff's cellular telephone between January 1, 2024 and the present.

2. Admit Defendant made, or caused to be made, calls to telephone number (443) 409-4263 between January 1, 2024 and the present.

3. Admit Defendant does not have any business relationship with Plaintiff.

4. Admit that Plaintiff has never had an account with Defendant.

5.      Admit Defendant has no records of an account with Plaintiff.

6.      Admit Plaintiff was not the intended recipient of Defendant's calls to telephone number (443) 409-4263.

7.      Admit Defendant did not obtain telephone number (443) 409-4263 from Plaintiff.

8.      Admit Plaintiff did not provide telephone number (443) 409-4263 to Defendant.

9.      Admit Defendant does not have a written or electronic document from Plaintiff by way of which he gave permission for Defendant to make, or cause to be made, calls to telephone number (443) 409-4263, in connection with which Defendant used, or caused to be used, an artificial or prerecorded voice.

10.     Admit Plaintiff did not give permission for Defendant to make, or cause to be made, calls to telephone number (443) 409-4263, in connection with which Defendant used, or caused to be used, an artificial or prerecorded voice.

11.     Admit Plaintiff did not give Defendant express consent to make, or cause to be made, calls to telephone number (443) 409-4263, in connection with which Defendant used, or caused to be used, an artificial or prerecorded voice.

12.     Admit Defendant does not use the Federal Communications Commission's Reassigned Numbers Database.

13.     Admit Defendant did not use the Federal Communications Commission's Reassigned Numbers Database with respect to telephone number (443) 409-4263.


Date: April 10, 2026                          */s/ Anthony I. Paronich*
                                              Anthony I. Paronich
                                              PARONICH LAW, P.C.
                                              350 Lincoln Street, Suite 2400
                                              Hingham, MA 02043
                                              Tel: (617) 485-0018
                                              Fax: (508) 318-8100
                                              anthony@paronichlaw.com

7